UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**

MAY 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RAUL CASTILLO RAMOS, )
No. 38200-037, )
United States Penitentiary, )
1197 Airport Road, )
P.O. Box 2068, )
Inez, Kentucky 41224, )
)
Plaintiff, )        Case: 1:07-cv-00895
)        Assigned To : Bates, John D.
)        Assign. Date : 05/14/2007
vs )        Description: FOIA/PRIVACY ACT
)
FEDERAL BUREAU OF PRISONS, )
320 First Street, N.W., )
Washington, D.C. 20534, )
        and )
CRIMINAL DIVISION of the UNITED STATES )
DEPARTMENT OF JUSTICE, Suite 1127, )
FOIA/PA Unit, Keeney Building, )
950 Pennsylvania Avenue, N.W., )
Washington, D.C. 20530, )
        and )        CIVIL ACTION COMPLAINT
UNITED STATES CUSTOMS SERVICE, )
Department of Homeland Security, )
Washington, D.C. 20539, )
        and )        FOIA SUIT
UNITED STATES NATIONAL CENTRAL BUREAU, )
Department of Justice, INTERPOL, )
Washington, D.C. 20530, )
        and )
FEDERAL BUREAU OF INVESTIGATION, )
J. Edgar Hoover Building, )
Washington, D. C. 20535, )
        and )
BUREAU OF ALCOHOL, TOBACCO, )
FIREARMS and EXPLOSIVES, )
DEPARTMENT OF JUSTICE, )
Washington, D. C. 20226, )
        and )
INTERNAL REVENUE SERVICE, )
Department of the Treasury, )
Washington, D. C. 20224, )
        and **RECEIVED** )

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DRUG ENFORCEMENT ADMINISTRATION,  )
UNITED STATES DEPARTMENT OF JUSTICE)
Washington, D. C. 20537,                           )
                  and                                        )
EXECUTIVE OFFICE FOR UNITED STATES  )
ATTORNEYS, Department of Justice          )
600 E. Street, NW.,                                     )
Washington, D. C. 20530,                          )
                                                                   )
                              Defendants.  )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES, Plaintiff, RAUL CASTILLO RAMOS, Pro Se, and respectfully as and for his complaint against the above named defendants, hereby states, claims and alleges as follows:

### Jurisdiction

This Court has jurisdiction to entertain this cause of action under the Freedom of Information Act (5 USC Section 552) in conjunction with the Privacy Act (5 USC Section 552a) (FOIA/PA).

### Venue

Venue lies in the District of Columbia and is proper under the Freedom of Information Act and the Privacy Act, in all suits at law.

### Plaintiff

Plaintiff, RAUL CASTILLO RAMOS, is a federal prisoner who is presently housed at the United States Penitentiary at 1197 Airport Drive, Inez, Kentucky 41224.

### Defendants

Defendants, each and every one of them, are federal "agencies" subject to the Freedom of Information Act and the Privacy Act.

### Count I

1.    By letter dated September 19, 2006, to the Federal Bureau of Prisons (Hereinafter "BOP") plaintiff requested all records, documents and information that the BOP has or had in their possession that is any way connected to, related to, or even remotely in reference to his name.

2.    By letter dated November 15, 2006 the BOP responded to the request by releasing certain records and withholding some and excising some by use of exemptions 552(b)(5) and 552(b)(7)(F) of the Freedom of Information Act (Hereinafter

"FOIA").

    3.    Plaintiff appeal the use of the exemptions claimed by the BOP as arbitrary and capricious by appeal letter dated December 20, 2006 to the Office of Information & Privacy (Hereinafter "OIP").

    4.    The OIP never responded to plaintiff's administrative appeal dated December 2006 and over three months time has elapsed.

    5.    The EOUSA is in gross derrogation of the time limits in which to respond to an administrative appeal under the FOIA.

    6.    The use of exemptions (b)(5) and (b)(7)(F) of the FOIA to deny plaintiff access to the requested material was arbitrary and capricious action by the BOP.

    7.    This cause is proper to obtain judicial review of the BOP actions and inactions in connection to plaintiff's request.

## Count II

    1.    On or about September 19, 2006 plaintiff sent an FOIA request letter to the CRIMINAL DIVISION OF THE UNITED STATES DEPARTMENT OF JUSTICE (Hereinafter "CRIMINAL DIVISION") requested all records in any way connected to his name.

    2.    On October 24, 2006 the CRIMINAL DIVISION sent plaintiff a set of forms to fill out and send back to the CRIMINAL DIVISION>

    3.    On December 14, 2006 plaintiff submitted the completed forms to the CRIMINAL DIVISION for the continued processing of his request.

    4.    CRIMINAL DIVISION never responded to the resubmitted request of December 14, 2006.

    5.    By appeal letter dated December 20, 2006 plaintiff complained of the violation of the FOIA time limits within which to process his request to the OIP.

    6.    Neither the OIP nor the CRIMINAL DIVISION have ever responded to the appeal of December 20, 2006.

    7.    The CRIMINAL DIVISION is in gross violation of the FOIA time limits within which to process plaintiff's request.

    8.    This action is proper to obtain judicial review of the CRIMINAL DIVISION action/inaction.

## Count III

    1.    By letter dated September 19, 2006 plaintiff requested all records in any way connected to his name from the UNITED STATES CUSTOMS SERVICE (Hereinafter "CUSTOMS").

    2.    CUSTOMS never answered his request.

    3.    By appeal letter to the U.S. Customs & Border Patrol dated December 20, 2006, plaintiff appealed the failure of CUSTOMS to respond to his request.

    4.    U.S. Customs & Border Patrol never responded to the administrative appeal of December 20, 2006.

    5.    This action is proper to obtain judicial review of the CUSTOMS action/inaction.

## Count IV

1.      By letter dated September 19, 2006 to the UNITED STATES NATIONAL CENTRAL BUREAU (Hereinafter "INTERPOL") plaintiff requested all records in any way connected to his name.

2.      By letter dated October 13, 2006 INTERPOL advised plaintiff they could find no records responsive to his request.

3.      By letter to OIP dated October 19, 2006 plaintiff appealed the no records response of INTERPOL.

4.      The OIP never responded to the appeal of October 19, 2006.

5.      By appeal letter to OIP dated December 20, 2006 plaintiff again appealed the no records response of INTERPOL.

6.      The OIP never responded to the second appeal dated December 20, 2006.

7.      This action is proper to obtain judicial review of the INTERPOL action/inaction.

## Count V

1.      By letter dated September 19, 2006 to IMMIGRATION & NATURALIZATION SERVICE (Hereinafter "INS") plaintiff requested all information in any way connected to his name.

2.      By letter dated October 24, 2006 the INS advised plaintiff his request was forwarded to the National Records Center for consideration.

3.      Neither INS nor the National Records Center have ever responded since the October 24, 2006 letter.

4.      By administrative appeal dated December 20, 2006 plaintiff appealed the violation of the FOIA time limits to the OIP.

5.      The OIP never responded to the appeal of December 20, 2006.

6.      This action is proper to obtain judicial review of the INS action/inaction.

## Count VI

1.      By letter dated September 19, 2006 to the FEDERAL BUREAU OF INVESTIGATION (Hereinafter "FBI") plaintiff requested a copy of all records in any way connected to his name.

2.      By letter dated November 1, 2006 the FBI advised plaintiff that no records responsive to his request could be located.

3.      By appeal letter dated December 20, 2006 to the OIP plaintiff appealed the no records response of the FBI.

4.      The OIP has never responded to the appeal of December 20, 2006.

5.      This action is proper to obtain judicial review of the FBI action/inaction.

## Count VII

1.      By letter dated September 19, 2006 to the UNITED STATES MARSHALS SERVICE (Hereinafter "USMS") plaintiff requested all records in any way connected to

his name.

    2.     The USMS responded to plaintiff by letter of October 11, 2006.

    3.     By release dated November 20, 2006 the USMS released certain records to plaintiff.

    4.     Plaintiff appealed the release as insufficient by letter to OIP dated December 20, 2006.

    5.     The OIP never responded to the appeal of December 20, 2006.

    6.     This action is proper to obtain judicial review of the action/inaction of the USMS>

## Count VIII

    1.     By letter dated September 19, 2006 to the BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES (Hereinafter "ATF") plaintiff requested all records in any way connected to his name.

    2.     ATF acknowledged receipt of the request by letter dated October 6, 2006.

    3.     By letter dated October 17, 2006 the ATF requested a written agreement to pay $25.00 from ATF.

    4.     By letter to ATF dated January 5, 2007 plaintiff advised ATF that he had already agreed to pay fees in his initial request.

    5.     By letter to OIP dated January 5, 2007 plaintiff appealed the blanket denial of records by ATF under the guise and subterfuge of the need of a written agreement to pay fees.

    6.     By release dated January 29, 2007 ATF sent plaintiff certain records and deleted certain information pursuant to exemptions (b)(2); (b)(7)(C); (b)(7)(D); (b)(7)(E).

    7.     Plaintiff appealed the use of these exemptions by ATF to OIP in an administrative appeal dated March 19, 2007.

    8.     This action is proper to obtain judicial review of the action/inactions of the ATF.

## Count IX

    1.     By letter dated September 19, 2006 to the INTERNAL REVENUE SERVICE (Hereinafter "IRS") plaintiff requested all information in any way connected to his name.

    2.     By letter dated November 6, 2006 the IRS denied plaintiff's request.

    3.     By letter to IRS dated December 20, 2006 plaintiff administratively appealed the denial of his request by IRS.

    4.     IRS denied plaintiff's appeal by letter dated February 27, 2007.

    5.     This action is proper to obtain judicial review of the IRS action/inaction.

## Count X

    1.     By letter dated September 19, 2006 to the DRUG ENFORCEMENT ADMINISTRATION (Hereinafter "DEA") plaintiff requested all records in any way connected to his name.

    2.     DEA assigned plaintiff a request number by letter dated December 6,

2006.

    3.    By letter to OIP dated December 20, 2006 plaintiff appealed the DEA violation of the FOIA time limits within which to process his request.

    4.    DEA asked for extra time by letter dated February 8, 2007.

    5.    DEA retracted their response to plaintiff by letter of February 21, 2007.

    6.    DEA assigned another request number to some refered records request to ATF by letter dated February 22, 2007.

    7.    DEA retracted their referal letter by letter dated March 16, 2007.

    8.    The OIP never answered plaintiff's administrative appeal.

    9.    This action is proper to obtain judicial review of the DEA action/inaction.

## Count XI

    1.    By letter dated September 19, 2006 to the EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, (Hereinafter "EOUSA") plaintiff requested a copy of all records in any way connected to his name.

    2.    The EOUSA never responded to plaintiff's letter to them of September 19, 2006.

    3.    By letter to the OIP dated December 20, 2006 plaintiff administratively appealed the EOUSA's failure to respond to his request of September 19, 2006.

    4.    The OIP never responded to plaintiff's administrative appeal dated December 20, 2006.

    5.    EOUSA is in gross derrogation of the FOIA.

    6.    This action is proper to obtain judicial review of the action/inaction of the EOUSA.

WHEREFORE, Plaintiff prays for the following relief:

1

That these proceedings be expedited according to longstanding FOIA/PA law;

2

That each and every one of the above-named federal agencies be found to have violated the Freedom of Information Act and that it be declared as such as to each agency defendant named herein;

3

That this Court impose sanctions upon those individuals and/or employees of any such agency that has been found to have deliberately violated the Freedom of Information Act and/or otherwise has intentionally withheld information from the plaintiff in any one or more of the above counts;

4

That plaintiff be ordered access to the requested information in each and every count and as to each and every defendant herein they be ordered to provide plaintiff access forthwith;

5

That plaintiff be awarded his reasonable clerical/researchers/attorneys fees incurred in the prosecution of this cause of action as to each and every count and as to each and every agency/defendant herein named;

6

That plaintiff be declared to have substantially prevailed in this suit as to each and every defendant herein and each and every named agency as to each and every count;

7

That the search and/or copy fees be waived as to each and every count and each and every agency and each and every defendant and as to each and every request that is stated within this complaint to have been the focus of any violation of the Freedom of Information Act and/or the Privacy Act;

8

That plaintiff be allowed to proceed in this complaint in forma pauperis and as an indigent;

9

That competent counsel be appointed to represent this plaintiff in any further proceedings in this cause of action;

10

That this Court grant plaintiff any further relief that this Court deems just and proper in this action.

Respectfully Submitted this _16th_ day of April, 2007.

By _____
RAUL CASTILLO RAMOS, Pro Se
No. 38200-037
United States Penitentiary
1197 Airport Road
Inez, Kentucky 41224

I
07-0895
JDB

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS

Raul Castillo Ramos

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 38200-037

### DEFENDANTS

BOP, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:07-cv-00895
Assigned To : Bates, John D.
Assign. Date : 05/14/2007
Description: FOIA/PRIVACY ACT

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| | | | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

11

| ☐ G.  *Habeas Corpus/ 2255* | ☐ H.  *Employment Discrimination* | ☐ I.  *FOIA/PRIVACY ACT* | ☐ J.  *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ K.  *Labor/ERISA (non-employment)* | ☐ L.  *Other Civil Rights (non-employment)* | ☐ M.  *Contract* | ☐ N.  *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

☒ 1 Original
Proceeding    ☐ 2 Removed
from State
Court    ☐ 3 Remanded from
Appellate Court    ☐ 4 Reinstated
or Reopened    ☐ 5 Transferred from
another district
(specify)    ☐ Multi district
Litigation    ☐ 7 Appeal to
District Judge
from Mag.
Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 (FOIA)

**VII. REQUESTED IN
COMPLAINT**    CHECK IF THIS IS A CLASS
☐    ACTION UNDER F.R.C.P. 23    **DEMAND $**
0    Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES    ☒ NO

**VIII. RELATED CASE(S)
IF ANY**    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

ATE    SIGNATURE OF ATTORNEY OF RECORD

WCD

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.