```
               UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA

                                  )
RAUL CASTILLO RAMOS,              )
                                  )
          Plaintiff,              )
                                  )
     v.                           )   Civil No. 07-895 (JDB)
                                  )
FEDERAL BUREAU OF PRISONS,        )
  et al.,                         )
                                  )
          Defendants.             )
_____)
```

ANSWER IN PART TO THE COMPLAINT

Defendants Federal Bureau of Prisons [BOP], Criminal Division of the United States Department of Justice [Criminal Division], United States Customs Service [Customs Service], United States National Central Bureau of the United States Department of Justice [INTERPOL], Federal Bureau of Investigation [FBI], Bureau of Alcohol, Tobacco, Firearms and Explosives [ATF], Internal Revenue Service [IRS], Drug Enforcement Administration [DEA], and the Executive Office for United States Attorneys [EOUSA], by their undersigned attorneys, hereby answer the Complaint as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff has failed to name a proper party defendant.

THIRD DEFENSE

With respect to certain of his claims, this Court lacks jurisdiction over the claim and plaintiff has failed to exhaust his administrative remedies with respect to certain claims.

FOURTH DEFENSE

In response to the unnumbered paragraphs of the Complaint, defendants admit, deny, or otherwise state as follows:

First paragraph: This paragraph contains plaintiff's characterization of the case, to which no answer is required, but if an answer is deemed necessary, deny.

Jurisdiction

This paragraph is denied as a conclusion of law.

Venue

This paragraph is denied as a conclusion of law.

Plaintiff

Defendants BOP and DEA admit. The remaining defendants lack knowledge sufficient to form a belief as to the truth of the allegations.

Defendants

Deny.

Count I [Federal Bureau of Prisons ("BOP")]

1. Defendant BOP admits that by letter dated September 19, 2006, sent to BOP, plaintiff made a request for access to

records, and the Court is respectfully referred to a copy of that letter for a full and accurate statement of its contents.

2.   Defendant BOP admits that, by letter dated November 15, 2006, BOP responded to plaintiff's request, and the Court is respectfully referred to a copy of that letter for a full and accurate statement of its contents.

3.   Defendant BOP admits that by letter dated December 20, 2006, plaintiff appealed BOP's November 15, 2006 response to the Department of Justice's Office of Information and Privacy [OIP], a non-party to this case.

4.   Defendant BOP lacks knowledge as to whether non-party OIP responded to plaintiff's appeal.

5.   Defendant BOP lacks knowledge as to actions taken by EOUSA.  Defendant EOUSA denies the allegation.

6.   Deny.

7.   Deny.

Count II [Criminal Division]

Defendant Criminal Division is responding to the Complaint with a motion to dismiss, to be filed separately.

Count III [Customs Service]

1.- 2.   Defendant Customs Service denies receiving a FOIA request from plaintiff.

3. Admit that by form dated December 20, 2006, plaintiff contacted the U.S. Customs and Border Protection, and the Court

is respectfully referred to a copy of that letter for a full and accurate statement of its contents.

    4. Admit.

    5. Deny.

### Count IV [INTERPOL]

Defendant INTERPOL is responding to the Complaint with a motion to dismiss, to be filed separately.

### Count V [INS]

    1. Deny.

    2. Deny.

    3. Deny.

    4. Deny.

    5. Deny.

    6. Deny, as a conclusion of law.

### Count VI [FBI]

Defendant FBI is responding to the Complaint with a motion to dismiss, to be filed separately.

### Count VII [Marshals Service]

Defendant Marshals Service is responding to the Complaint with a motion to dismiss, to be filed separately.

### Count VIII [ATF]

    1. Admit that by letter dated September 19, 2006, plaintiff made a request for access to records, and the Court is respectfully referred to a copy of that letter for a full and

accurate statement of its contents.

2. Defendant ATF admits that, by letter dated October 6, 2006, ATF responded to plaintiff's request, and the Court is respectfully referred to a copy of that letter for a full and accurate statement of its contents.

3. Defendant ATF admits that by letter dated October 17, 2006, ATF contacted plaintiff about fees, and the Court is respectfully referred to a copy of that letter for a full and accurate statement of its contents.

4. Defendant ATF admits that, by letter dated January 5, 2007, plaintiff responded to ATF's October 17, 2006 letter, and the Court is respectfully referred to a copy of that letter for a full and accurate statement of its contents.

5. Defendant ATF admits that OIP received an administrative appeal dated January 5, 2007, and the Court is respectfully referred to a copy of that letter for a full and accurate statement of its contents.

6. Defendant ATF admits that by letter dated January 29, 2007, ATF sent plaintiff certain information and withheld other information pursuant to exemptions under the FOIA, and the Court is respectfully referred to a copy of that letter for a full and accurate statement of its contents.

7. Defendant ATF admits that OIP received an administrative appeal dated March 19, 2007, and the Court is respectfully

referred to a copy of that letter for a full and accurate statement of its contents.

    8. Defendant ATF denies, as a conclusion of law.

### Count IX [IRS]

Defendant IRS is responding to the Complaint with a motion to dismiss, to be filed separately.

### Count X [DEA]

    1. Defendant DEA admits that by letter dated September 19, 2006, plaintiff requested access to certain records, and the Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

    2. Defendant DEA admits that by letter dated December 6, 2006, DEA contacted plaintiff, and the Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

    3. Defendant DEA denies, and avers that OIP has no record of receipt of an appeal from the plaintiff regarding DEA FOIA Request Number 07-0222-P.

    4. Defendant DEA denies, and avers that by letter dated February 8, 2007, DEA contacted plaintiff about a referral DEA received from ATF, and the Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

    5. Defendant DEA denies, and avers that by letter dated

February 21, 2007, DEA contacted plaintiff about DEA FOIA Request Number 07-0222-P, and the Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

6. Defendant DEA admits that by letter dated February 22, 2007, DEA informed plaintiff about a referral from ATF, and the Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents

7. Defendant DEA denies, and avers that by letter dated March 16, 2007, DEA contacted plaintiff regarding DEA FOIA Request 07-0559-P, and the Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

8. Defendant DEA denies that plaintiff filed an administrative appeal with OIP and avers that OIP has no record of receipt of an appeal from the plaintiff regarding his DEA FOIA Request 07-0559-P.

9. Defendant DEA denies, as a conclusion of law.

<u>                      Count XI</u> [EOUSA]

1. Defendant EOUSA admits that by letter dated September 19, 2006, plaintiff made a request for information, and the Court is respectfully referred to a copy of that letter for a complete and accurate statement of its contents.

2. Deny.

3.  Defendant EOUSA lacks knowledge as to whether non-party OIP responded to plaintiff's appeal.

4.  Defendant BOP lacks knowledge as to actions taken by OIP.

5.  Deny, as a conclusion of law.

Defendant denies that plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the Complaint.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

CERTIFICATE OF SERVICE

I certify that the accompanying Answer in Part to Complaint, was served upon plaintiff by first class, U.S. mail, addressed to:

>Mr. Raul Castillo Ramos
>No. 382000-037
>United States Penitentiary
>1197 Airport Road
>P.O. Box 2068
>Inez, Kentucky 41224

on this 24th day of September, 2007.

```
                        /s/
_____    MARINA UTGOFF BRASWELL, D.C. BAR #416587
                       Assistant United States Attorney
                       Judiciary Center Building
                       555 4th Street, N.W.
                       Washington, D.C.  20530
                       (202) 514-7226
```