UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                              )
RAUL CASTILLO RAMOS,          )
                              )
        Plaintiff,            )
                              )
        v.                    )   Civil No. 07-895 (JDB)
                              )
FEDERAL BUREAU OF PRISONS,    )
  et al.,                     )
                              )
        Defendants.           )
                              )
```

DEFENDANT'S MOTION TO DISMISS IN PART
AND FOR SUMMARY JUDGMENT IN PART

Defendants Criminal Division of the United States Department of Justice [Criminal Division], Interpol-United States National Central Bureau of the United States Department of Justice [INTERPOL], Federal Bureau of Investigation [FBI], and the Internal Revenue Service [IRS], and non-party United States Marshals Service of the Department of Justice,[1] respectfully move this Court to dismiss plaintiff pro se's Complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Marshals Service's release of documents in full to plaintiff renders plaintiff's claims against the Marshals Service moot, thereby depriving this Court of jurisdiction. The remaining defendants either searched for

---

[1] The Marshals Service is not a named defendant but the Complaint raises claims against this component of the United States Department of Justice.

records and found none and/or plaintiff failed to exhaust his administrative remedies.  For these reasons, plaintiff cannot prove any set of facts that would entitle him to relief.

Alternatively, these defendants move for summary judgment because there are no material issues of fact and these defendants are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The grounds for this motion are set forth in the accompanying memorandum of law.  A statement of material facts and an order setting forth the relief requested are also attached.

Plaintiff <u>pro se</u> should take notice that any factual assertions contained in the affidavits and other attachments in support of defendants' motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the attachments.  <u>See</u> <u>Neal</u> v. <u>Kelly</u>, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7(h), and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or

denials of the adverse party's pleading, but the
adverse party's response, by affidavits or as otherwise
provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial.  If
the adverse party does not so respond, summary
judgment, if appropriate, shall be entered against the
adverse party.

Fed. R. Civ. P. 56(e).

                           Respectfully submitted,

                           _____
                           JEFFREY A. TAYLOR, D.C. BAR # 498610
                           United States Attorney

                           _____
                           RUDOLPH CONTRERAS, D.C. BAR # 434122
                           Assistant United States Attorney

                           _____
                           MARINA UTGOFF BRASWELL, D.C. BAR #416587
                           Assistant United States Attorney
                           U.S. Attorney's Office
                           555 4th Street, N.W. - Civil Division
                           Washington, D.C. 20530
                           (202) 514-7226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                              )
RAUL CASTILLO RAMOS,          )
                              )
         Plaintiff,           )
                              )
         v.                   )    Civil No. 07-895 (JDB)
                              )
FEDERAL BUREAU OF PRISONS,    )
   et al.,                    )
                              )
         Defendants.          )
_____)
```

STATEMENT OF MATERIAL FACTS AS
<u>TO WHICH THERE IS NO GENUINE ISSUE</u>

Pursuant to Local Rule 7(h), defendants Criminal Division of the United States Department of Justice [Criminal Division], United States National Central Bureau of the United States Department of Justice [INTERPOL], Federal Bureau of Investigation [FBI], and Internal Revenue Service [IRS], and non-party United States Marshals Service[1], submit this statement of material facts as to which there is no genuine issue:

<u>Criminal Division</u>

1.  By letter dated September 19, 2006, plaintiff sent a request pursuant to the Freedom of Information Act [FOIA], 5 U.S.C. § 552, to the Criminal Division, seeking access to all information relating to him.  Declaration of Marsha B. Liss [Liss Dec.], attached, ¶ 4 & Exh. 1.

---

[1] The Marshals Service is not a named defendant but the Complaint raises claims against this component of the United States Department of Justice.

2.   By letter dated October 24, 2006, the Criminal Division informed plaintiff that before a search could be performed additional information was needed, and plaintiff was provided with two forms to use to supply the needed information.  Liss Dec., ¶ 5. & Exh. 2.

3.   Plaintiff never returned the forms or provided the Criminal Division with the information requested.  Liss Dec., ¶ 7.

4.   Plaintiff never appealed the Criminal Division's letter of October 24, 2006, to the Department of Justice's Office of Information and Privacy [OIP].  Liss Dec., ¶ 8.

5.   Notwithstanding plaintiff's failure to provide the information requested, the Criminal Division conducted a search of its central index of records, the system most likely to have responsive records.  Liss Dec., ¶ 9.

6.   By letter dated May 30, 2007, the Criminal Division informed plaintiff that no responsive records had been located. Liss Dec., ¶ 9 & Exh. 3.

<u>INTERPOL</u>

7.   By letter dated September 19, 2006, plaintiff sent a FOIA request to INTERPOL, seeking access to information related to him.  Declaration of Dorothy Beaty [Beaty Dec.], attached, ¶7.

8.   INTERPOL performed a search for responsive records, searching its system of records [electronic and hard copy] of

2

criminal and noncriminal case files, as well as its

administrative files.  Beaty Dec., ¶¶ 2-3, 9.

9.  No responsive records were located.  Beaty Dec., ¶ 9.

10.  Plaintiff appealed this response to OIP, which affirmed

INTERPOL's response.  Beaty Dec., ¶¶ 12-13.

<u>FBI</u>

11.  By letter dated September 19, 2006, plaintiff sent a

FOIA request to the FBI, seeking access to information related to

him.  Declaration of David Hardy [Hardy Dec.], attached, ¶ 5.

12.  FBI performed a search for responsive records and

informed plaintiff prior to the filing of this action that no

responsive records were located.  Hardy Dec., ¶ 6.

13.  Plaintiff was informed of his right to file an

administrative appeal with OIP, but he failed to appeal this

response to OIP.  Hardy Dec., ¶¶ 6, 8.

<u>IRS</u>

14.  By letter dated September 19, 2006, plaintiff sent a

FOIA request to the IRS, seeking access to information related to

him.  Declaration of Jesus Murillo [Murillo Dec.], attached, ¶ 3.

15.  The IRS performed a search for responsive records using

its Integrated Data Retrieval System, which accesses information

stored in the Individual Master File, a computer database

containing information on taxpayers, which is the system

reasonably likely to contain information responsive to

plaintiff's request.  Murillo Dec., ¶¶ 2, 6.

16.  No responsive records were located.  Id. at ¶ 6.

<u>Marshals Service</u>

17.  By letter dated September 19, 2006, plaintiff sent a
FOIA request to the Marshals Service, seeking access to
information related to him from the District of Maryland.
Declaration of William E. Bordley [Bordley Dec.], attached, ¶ 2 &
Exh. A.

18.  The Marshals Service searched for responsive records
in its Prisoner Processing and Population Management/Prisoner
Tracking System [PPM/PTS] and the Warrent Information Network
[WIN].  Bordley Dec., ¶¶ 6-8.

19.  Two pages responsive to plaintiff's request were
located and released to plaintiff in full.  Bordley Dec., ¶ 9.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                              )
RAUL CASTILLO RAMOS,          )
                              )
          Plaintiff,          )
                              )
          v.                  )    Civil No. 07-895 (JDB)
                              )
FEDERAL BUREAU OF PRISONS,    )
   et al.,                    )
                              )
          Defendants.         )
_____    )
```

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS IN PART AND FOR SUMMARY JUDGMENT IN PART[1]

In this action, commenced pursuant to the Freedom of
Information Act [FOIA], 5 U.S.C. § 552, and the Privacy Act, 5
U.S.C. § 552a, plaintiff seeks access to certain records
pertaining to himself.  The accompanying declarations of Marsha
B. Liss [Liss Dec.] of the Criminal Division of the United States
Department of Justice [Criminal Division], Dorothy Beaty [Beaty
Dec.] of the United States National Central Bureau of the United
States Department of Justice [INTERPOL], David Hardy [Hardy
Dec.], of the United States Department of Justice's Federal

---

[1] Defendants note that plaintiff has failed to name a proper
party defendant because he has only named components of agencies
and not agencies themselves.  5 U.S.C. 552(a)(4)(B).  See, e.g.,
Stone v. Defense Investigative Serv., 816 F. Supp. 782, 785
(D.D.C. 1983); but see Peralta v. United States Attorney's
Office, 136 F.3d 169, 172 (D.C. Cir. 1998) (dictum) (suggesting
FBI may be a party defendant); Prison Legal News v. Lappin,436 F.
Supp.2d 17, 22 (D.D.C. 2006) (Bureau of Prisons a proper party
defendant even though it is a component of the United States
Department of Justice).

Bureau of Investigation [FBI], Jesus Murillo [Murillo Dec.] of the United States Department of Treasury's Internal Revenue Service [IRS], and William E. Bordley [Bordley Dec.] of the United States Department of Justice's United States Marshals Service [Marshals Service][2], filed on this date, recount the chronology of the administrative processing of plaintiff's access requests to the Criminal Division, INTERPOL, FBI, IRS and the Marshals Service and demonstrate that either searches for responsive records were performed and no responsive documents were located, a search was performed and responsive information located was released to plaintiff in full, or plaintiff failed to exhaust his administrative remedies.

Accordingly, based upon the foregoing declarations, the entire record, and for the reasons set forth below, defendants respectfully submit that plaintiff's claims must be dismissed.

<u>ARGUMENT</u>

I.    Plaintiff has Failed to Exhaust his
      <u>Administrative Remedies with Respect to the FBI</u>

Under the FOIA, a plaintiff must exhaust administrative remedies before seeking judicial review of any alleged improper withholding.  <u>See</u>, <u>e.g.</u>, <u>Wilbur</u> v. <u>CIA</u>, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam); <u>Hidalgo</u> v. <u>FBI</u>, 344 F.3d 1256, 1259

_____

[2] The Marshals Service is not a named defendant but the Complaint raises claims against this component of the United States Department of Justice.

2

(D.C. Cir. 2003); <u>Summers</u> v. <u>Department of Justice</u>, 140 F.3d 1077, 1080 (D.C. Cir. 1998); <u>Pollack</u> v. <u>Department of Justice</u>, 49 F.3d 115, 119-20 (4th Cir. 1995); <u>Oglesby</u> v. <u>United States Department of the Army</u>, 920 F.2d 57, 61 (D.C. Cir. 1990).  The exhaustion requirement requires a requester to file an administrative appeal of an agency determination on a requester's access request if the agency responds to that request prior to the requester filing suit.  <u>Oglesby</u>, 920 F.2d at 63; <u>Smith</u> v. <u>FBI</u>, 448 F. Supp.2d 216, 220 (D.D.C. 2006); <u>Judicial Watch, Inc.</u> v. <u>Rossotti</u>, 285 F. Supp.2d 17, 26 (D.D.C. 2003).

With respect to plaintiff's claims against the FBI, the Hardy Declaration demonstrates that prior to the filing of the Complaint in this case, the FBI informed plaintiff that it had performed a search for records responsive to plaintiff's access request and no responsive records had been located.  Hardy Dec., ¶ 6 & Exh. B.  Plaintiff also was informed of his right to file an administrative appeal.  <u>Id</u>.  Plaintiff failed to do so.  <u>Id</u>. at ¶ 8.

Consequently, plaintiff's claims against the FBI should be dismissed for failure to exhaust his administrative remedies.

II.  Plaintiff's Claim Against the
     <u>Marshals Service is Moot.</u>

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to hear and decide actual "cases" or "controversies."  <u>Allen</u> v. <u>Wright</u>, 468 U.S. 737, 750 (1984);

3

see <u>National Black Police Ass'n</u> v. <u>District of Columbia</u>, 108 F.3d 346, 349 (D.C. Cir. 1997).  This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome.  <u>See</u> <u>Richardson</u> v. <u>Ramirez</u>, 418 U.S. 24, 36 (1974).  In fact, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies."  <u>Simon</u> v. <u>Eastern Kentucky Welfare Rights Org.</u>, 426 U.S. 26, 37 (1976) (citing <u>Flast v. Cohen</u>, 392 U.S. 83, 95 (1968)).

In FOIA cases, the mootness doctrine comes into play when all documents have been released to the requester.  The release of documents eliminates any live controversy between the parties because it gives the requester the relief sought in the FOIA complaint.  <u>See</u> <u>Crooker</u> v. <u>United States State Department</u>, 628 F.2d 9, 10 (D.C. Cir. 1980) ("Once the records are produced [in a FOIA case] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.").  Such cases are properly dismissed on mootness grounds because there is no further judicial function for the Court to perform.  <u>See</u> <u>Tijerina</u> v. <u>Walters</u>, 821 F.2d 789, 799 (D.C. Cir. 1987); <u>Perry</u> v. <u>Block</u>, 684 F.2d 121, 125 (D.C. Cir. 1982); <u>Trueblood</u> v. <u>Dep't of Treasury</u>, 943 F. Supp. 64, 67

4

(D.D.C. 1996).

In this case, as the Bordley Declaration explains, the Court lacks subject matter jurisdiction over plaintiff's claims against the Marshals Service, because there is no live controversy between the parties.  Records responsive to plaintiff's access request to the Marshals Service were released in full.  Bordley Dec., ¶ 9.   Therefore, plaintiff's Complaint as it pertains to the Marshals Service should be dismissed as moot.[3]   See Tijerina, 821 F.2d at 799; see also Fed. R. Civ. P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action").[4]

### III. The Criminal Division, INTERPOL, the IRS and the Marshals Service Each Conducted an Adequate Search For Responsive Records.

To prevail in a FOIA case, an agency's burden is, among other things, to establish that it has conducted a search reasonably calculated to uncover all responsive records.  Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990). Under the FOIA, an agency has a duty to conduct a "reasonable"

---

[3] The Marshals Service's release of all responsive documents also requires dismissal pursuant to Rule 12(b)(6).  To state a claim under the FOIA, plaintiff must show that the agency has improperly withheld agency records.  See 5 U.S.C. § 552(a)(4)(B). Here, no documents were withheld.  See Bordley Dec., ¶ 9.

[4] To the extent that plaintiff challenges the adequacy of the Marshals Service's search for responsive documents, that claim is addressed infra at 5-7.

5

search for responsive records.  See, e.g., Iturralde v.
Comptroller of Currency, 315 F.3d 311, 313 (D.C. Cir. 2003);
Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 325-
26 (D.C. Cir. 1999); Campbell v. Department of Justice, 164 F.2d
20, 27 (D.C. Cir. 1998); Oglesby v. Department of the Army, 920
F.2d at 68.  Although the adequacy of the search is "dependent
upon the circumstances of each case," Truitt v. Department of
State, 897 F.2d 540, 542 (D.C. Cir. 1990), the agency "must show
that it made a good faith effort to conduct a search for the
requested records, using methods which can be reasonably expected
to produce the information requested." Oglesby, 920 F.2d at 68;
SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  In
this connection, it is axiomatic that the fundamental question is
not "'whether there might exist any other documents possibly
responsive to the request, but rather whether the search for
those documents was adequate.'"  Steinberg v. Department of
Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v.
Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984));
accord Nation Magazine v. Customs Service, 71 F.3d 885, 892 n.7
(D.C. Cir. 1995); Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C.
Cir. 1986).

In order to prove that its search was reasonable, the agency
is entitled to rely upon affidavits, provided that they are
"relatively detailed, nonconclusory, and submitted in good

6

faith."  Pollack v. Bureau of Prisons, 879 F.2d 406, 409 (8th
Cir. 1989); Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982)
("affidavits that explain in reasonable detail the scope and
method of the search conducted by the agency will suffice to
demonstrate compliance with the obligations imposed by the
FOIA").  The affidavits must show "that the search method was
reasonably calculated to uncover all relevant documents," and
should "explain how the search was conducted." Oglesby, 920 F.2d
at 68.

Here the sworn declarations for the Criminal Division,
INTERPOL, the IRS and the Marshals Service demonstrate that each
entity performed an adequate search of their respective records
systems where records responsive to plaintiff's access requests
would reasonably be located.  The Criminal Division, INTERPOL and
the IRS located no responsive records.  Liss Dec., ¶ 9 & Exh. 3;
Beaty Dec., ¶ 9; Murillo Dec., ¶ 6.  The Marshals Service located
two pages of documents and released them in full.  Bordley Dec.,
¶ 9.

The Criminal Division conducted a search of its centralized
records index [Central Criminal Division Index File and
Associated records], the system most likely to have responsive
records.  Liss Dec., ¶¶ 9, 11.  When a search of this central
index reflects any kind of responsive information, a search for
the records identified is sent to the section having custody of

7

the records.  Liss Dec., ¶ 11.  In this case, however, the search
failed to identify any records associated with plaintiff.  Id. at
¶ 13.  Without additional information from plaintiff, this was
the system most reasonable for the Criminal Division to search.
Id. at ¶¶ 14-15.

INTERPOL system of records consists of electronic and hard
copy records pertaining to criminal and non-criminal case files.
In addition to this system, INTERPOL maintains administrative
files consisting of non-investigative topical files.  Beaty Dec.,
¶¶ 2-3.  Both systems were searched for records responsive to
plaintiff's request.  Beaty Dec., ¶ 9.

The IRS performed a search for responsive records using its
Integrated Data Retrieval System, which accesses information
stored in the Individual Master File, a computer database
containing information on taxpayers.  This is the system
reasonably likely to contain information responsive to
plaintiff's request.  Murillo Dec., ¶¶ 2, 6.

Finally, the Marshals Service searched for responsive
records in its Prisoner Processing and Population
Management/Prisoner Tracking System [PPM/PTS] and the Warrent
Information Network [WIN].  Bordley Dec., ¶¶ 6-8.  These two
systems contain information on prisoners like plaintiff.  See id.

The declarations discussed above clearly demonstrate that
the Criminal Division, INTERPOL, the IRS and the Marshals Service

8

searched the records systems most likely to have records responsive to plaintiff's FOIA requests.  These declarations "enjoy a presumption of good faith."  <u>Ground Saucer Watch, Inc.</u> v. <u>CIA</u>, 692 F.3d 770, 771 (D.C. Cir. 1981).

Accordingly, summary judgment on the searches performed by the Criminal Division, INTERPOL, the IRS and the Marshals Service should be granted.

<u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss this action, or alternatively, enter summary judgment in favor of the Criminal Division,

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

9

<u>CERTIFICATE OF SERVICE</u>

I certify that the accompanying Defendant's Motion for

to Dismiss in Part and For Summary Judgment in Part, with

proposed Order, was served upon plaintiff by first class, U.S.

mail, addressed to:

                Mr. Raul Castillo Ramos
                No. 382000-037
                United States Penitentiary
                1197 Airport Road
                P.O. Box 2068
                Inez, Kentucky 41224

on this 25th  day of September, 2007.


_____ MARINA UTGOFF BRASWELL, D.C. BAR #416587
                Assistant United States Attorney
                Judiciary Center Building
                555 4th Street, N.W.
                Washington, D.C.  20530
                (202) 514-7226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                  )
RAUL CASTILLO RAMOS,              )
                                  )
          Plaintiff,              )
                                  )
          v.                      )    Civil No. 07-895 (JDB)
                                  )
FEDERAL BUREAU OF PRISONS,        )
   et al.,                        )
                                  )
          Defendants.             )
_____     )
```

<u>ORDER</u>

Upon consideration of defendants' motion to dismiss in part, and for summary judgment in part, of all the papers filed in support of and in opposition to that motion, and of the entire record, and it appearing to the Court that the granting of defendants' motion would be just and proper, it is by the Court this _____ day of _____, 2007,

ORDERED that defendants' motion to dismiss in part, and for summary judgment in part be, and it hereby is, granted; and it is further

ORDERED that this case be, and it is, dismissed with prejudice as it pertains to the Criminal Division, INTERPOL, the FBI, the IRS and the Marshals Service.

_____
UNITED STATES DISTRICT COURT

Marina Utgoff Braswell
Assistant U.S. Attorney
Judiciary Center
555 - 4th Street, N.W.
Washington, D.C. 20530


Raul Castillo Ramos
No. 382000-037
United States Penitentiary
1197 Airport Road
P.O. Box 2068
Inez, Kentucky 41224

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RAUL CASTILLO RAMOS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-895 |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF MARSHA B. LISS

I, Marsha B. Liss, declare the following to be true and correct:

1. I am an attorney in the Criminal Division of the United States Department of
Justice assigned to the Office of Enforcement Operations. My specific assignment at the
present time is that of Litigation Attorney for the Division's Freedom of Information
Act/Privacy Act Unit (FOIA/PA Unit).

2. In such capacity, my duties are, *inter alia*, to review complaints in lawsuits filed
under both the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, and the Privacy
Act (PA), 5 U.S.C. § 552a *et seq.*, and to provide litigation support and assistance to
Assistant United States Attorneys and to Department trial attorneys litigating these cases in
District Court. In conjunction with these duties, I review processing files that have been
compiled by the paralegal processors and reviewed by supervisory paralegals and/or by the
FOIA/PA Unit Chief in responding to FOIA/PA requests received by the Unit. I also
consult with the Unit Chief, who supervises the Unit's processing of FOIA and PA

1

requests, and with the supervisory paralegals to confirm that determinations to withhold or to release records of the Criminal Division have been made in accordance with the provisions of both the FOIA and the PA, and with Department of Justice regulations - 28 C.F.R. § 16.1 *et seq.*

3. I make this declaration on the basis of information acquired through the performance of my official duties.

## SUMMARY OF CORRESPONDENCE

4. By letter dated September 19, 2006, plaintiff made a FOIA request to the Department of Justice's Criminal Division for the copies of all documents pertaining to him. In his letter, he requested that the Criminal Division send him the appropriate forms so that he could indicate which Privacy Act systems he would like searched. *See* Exhibit 1.

5. By letter addressed to the plaintiff dated October 24, 2006, the Criminal Division acknowledged receipt of plaintiff's FOIA/PA request and assigned it case number CRM-200601044P. Plaintiff was notified that in order for the FOIA/PA Unit to thoroughly search for records in his name, additional information would be necessary. Enclosed with the letter were two forms that plaintiff could utilize in providing the additional information; specifically, the first form was the "Privacy Act Identification and Request Form" and the second was the form that plaintiff had requested which was the "Criminal Division Privacy Act System of Records" form. Plaintiff was advised that when the above-referenced forms were completed and returned, the Criminal Division would conduct a search of the appropriate indices to determine what records may exist which are responsive to his request. Plaintiff was advised that CRM-200601044P would be closed and a new case

2

number would be assigned when the above-mentioned forms were returned. The Criminal Division also notified plaintiff of his appeal rights should he consider this letter a denial of his Privacy Act request. *See* Exhibit 2.

6. On May 24, 2007, the Criminal Division's FOIA/PA Unit received a copy of a Complaint in a civil action filed by the plaintiff from the Civil Division of the United States Attorney's Office for the District of Columbia.

7. The plaintiff alleged in Count II of the Complaint that (1) by a letter dated September 19, 2006, he made a request to the Criminal Division for records in his name; (2) by letter dated October 24, 2006, the Criminal Division supplied plaintiff with forms to fill out and send back; (3) on December 14, 2006, he completed the forms and mailed them to the Criminal Division; (4) he did not receive a response from the Criminal Division; (5) by letter dated December 20, 2006, he sought an administrative appeal with the Office of Information and Privacy (OIP) for the failure of the Criminal Division to respond to his request; and (6) neither OIP nor the Criminal Division ever responded to his appeal.

8. According to the FOIA/PA's database, there is no record that plaintiff returned the required forms. Had plaintiff returned the forms, the FOIA/PA Unit would have recorded the correspondence in its database and created a new file to process his perfected request. Further, I also checked with the Office of Information and Privacy (OIP) and they informed me that they have no record of any administrative appeal from plaintiff.

9. In light of plaintiff's litigation, the Criminal Division's FOIA/PA Unit sent plaintiff a letter on May 30, 2007, attaching another set of forms required for the processing of his request. Despite not having received the required forms, the Criminal Division's

3

FOIA/PA Unit conducted a search of the central index of records, the system most likely to contain records concerning him. In its letter of May 30, 2007, the FOIA/PA Unit advised plaintiff that the search revealed no records concerning him. *See* Exhibit 3.

10. As of the date of this declaration, the Criminal Division's FOIA/PA Unit has received no further response from plaintiff in regard to the Criminal Division's letter of May 30, 2007.

## SEARCHES FOR RESPONSIVE RECORDS

11. In processing requests from individuals seeking information on themselves, the Criminal Division begins by searching its centralized records index, JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records). When a search of this central index reflects responsive, or potentially responsive records, a search for such records is sent to the section identified as having custody of the records.

12. In the present matter, a search for plaintiff's records in the JUSTICE/CRM-001 Privacy Act system of records was undertaken on May 29, 2007, and revealed no responsive records identifiable with plaintiff's name. In conducting such a search, the FOIA/PA Unit relies on its many years of experience in searching for records responsive to FOIA/PA requests. Designated personnel employed by the FOIA/PA Unit undertook a search for responsive materials, which is to be undertaken in the same manner as if the Criminal Division were seeking the information for its own, official purposes. [1]

---

[1]Unlike the Federal Bureau of Investigation or the Federal Bureau of Prisons, the Criminal Division assigns no special identification numbers to individuals. Nor does it maintain files based on social security numbers. Nor does it maintain any field offices outside the Washington, D.C. area. Finally, unlike certain other law enforcement components, the Criminal Division maintains no separate "see reference" or "cross-reference" files requiring separate

13. I have personally reviewed the original, signed search response in this case, and have verified that no record responsive to plaintiff's request was located in the JUSTICE/CRM-001 system.

14. Although the initial JUSTICE/CRM-001 search failed to identify records pertaining to plaintiff, as noted, the Criminal Division also routinely affords Privacy Act requesters the opportunity to designate specific Privacy Act systems of records to be searched by means of a "Privacy Act Systems of Records" form. This form lists the Division's systems of records and provides a short description of the nature of records maintained in each system. Requesters are given the opportunity to designate specific systems to be searched merely by placing a check mark adjacent to the system description.

15. Since the Criminal Division has never received the completed forms from plaintiff including the "Privacy Act Systems of Records" form, the Criminal Division has no further details regarding plaintiff's case in order to conduct a more comprehensive search for responsive records.

16. It would not be surprising for the Criminal Division to have no records responsive to plaintiff's request. The great majority of Federal crimes are prosecuted by the

---

searches.

local United States Attorney's Office, independently, of the Criminal Division, and copies

of such records are ordinarily not maintained in the Criminal Division.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _September 6, 2007_

_____

MARSHA B. LISS

6

*2006010944P*

# FOIA REQUEST

**To:** Thomas McIntyre, Chief FOIA/PA Unit **Date:** _____
CRIMINAL DIVISION - Rm 1127
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D. C.  20530

Dear Sir:

This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and informatic
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

All records.  Search all components or send me the forms so I can

pick the ones I want searched.


I will pay reasonable search and reproduction fees.
My Biographical data is as follows:

FULL NAME:  RAUL CASTILLO RAMOS

DATE OF BIRTH ▮▮▮▮▮▮▮▮▮▮▮

PLACE OF BIRTH Dominican Republic

SOCIAL SECURITY NUMBER ▮▮▮▮▮▮▮

I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 19th day of September , 2006.

By X _Raul Castillo Ramos_
Affiant/Declarant Herein

(28 USC Section 1746)

Name:  RAUL RAMOS

Reg. No.   38200-037


United States Penitentiary
Box 2068
INEZ, Kentucky  41224



cc : file

Exhibit 2



**U. S. Department of Justice**

Criminal Division

*Washington, D.C. 20530*

CRM-200601044P

OCT 2 4 2006

Raul Ramos
Reg. No. 38200-037
United States Penitentiary
Box 2068
Inez, KY 41224

Dear Mr. Ramos:

This will acknowledge receipt of your letter of September 19, 2006, requesting records relating to you.

We were unable to search for the records you requested because you have not furnished the following item(s) in compliance with 28 C.F.R. 16.41.

[ ] Certification of Identification Form.  Notarized signature or Declaration pursuant to 28 U.S.C. Section 1746.

[X] Privacy Act Identification and Request Form.  This form is requested because our experience indicates that many persons throughout the country have the same or similar names.

[X] **CURRENT** Descriptive List of Systems of Records Maintained by the Criminal Division.  Please review this list and indicate which systems you wished searched.

A copy of each requested form is enclosed.

Please be advised that this Office processes only records maintained by the Criminal Division of the United States Department of Justice.  Your request also seeks information maintained by one or more other components of the Justice Department, or other Federal agencies.  The enclosed list contains the addresses of other offices to which you may wish to send requests, if you have not done so already.  We have highlighted any office you have mentioned specifically.

KH 10/17/06

MB
10/12/06

**FILE COPY**

We are closing out this request. Upon receipt of the completed form(s), we will assign a new number to your request and process it. Please return the requested form(s) to:

Thomas J. McIntyre, Chief
FOIA/PA Unit, Criminal Division
DOJ, Keeney Building, Suite 1127
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530.

If you treat this response as a denial, you have a right to an administrative appeal. The appeal should be in writing and addressed to: Assistant Attorney General, Office of Legal Policy (Attention: Office of Information and Privacy) United States Department of Justice, Washington, D.C. 20530. The envelope and letter should be clearly marked, "FOIA/PA Appeal". If you exercise this right and your appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principal place of business, (3) in which the records denied are located, or (4) for the District of Columbia.

Sincerely,


Thomas J. McIntyre, Chief
Freedom of Information Act/Privacy Act Unit
Office of Enforcement Operations
Criminal Division



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

TJM:KS:ldb
Typed 5/30/07                              MAY 3 0 2007

CRM-200601044P


Mr. Raul Ramos
Reg. No. 38200-037
United States Penitentiary
Box 2068
Inez, KY 41224

Dear Mr. Ramos:

       In response to your litigation filed in the United States District Court for the District of
Columbia, we are enclosing another set of forms required for the processing of your request. Our
records indicate that we never received the first set that you returned. The completed forms
should be returned to Thomas J. McIntyre, Chief, FOIA/PA Unit, Criminal Division, Keeney
Building, suite 1127, Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C.
20530. Upon receipt of the completed forms, we will assign a new number to your request and
process it.

       We initiated a search of Justice/CRM-001, our central index of records and the system
most likely to contain records concerning you. You are advised that a search of that system did
not locate any records concerning you.

                              Sincerely,



                              Thomas J. McIntyre, Chief
                              Freedom of Information Act/Privacy Act Unit


**FILE COPY**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAUL CASTILLO RAMOS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: 07-0895 |
| | ) | |
| INTERPOL-USNCB, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF DOROTHY S. BEATY

I, DOROTHY S. BEATY, hereby declare:

1. I have been employed by the U.S. Department of Justice, Interpol-U.S. National Central Bureau (USNCB), as a Freedom of Information and Privacy Acts Specialist since April 2000. In this capacity, I respond to requests for records of the USNCB made under the Freedom of Information Act (FOIA), Title 5, United States Code § 552(1994), as amended by the Electronic Freedom of Information Act Amendments of 1996, Title 5 United States Code § 552 and the Privacy Act (PA), Title 5, United States Code § 552a. As part of my official duties, I am familiar with the USNCB's procedures for responding to requests under the FOIA and PA.

### USNCB SYSTEM OF RECORDS AND FOIA PROCESSING PROCEDURE

2. The USNCB system of records consists of electronic and hard copy records of criminal and non-criminal case files which support the law enforcement and humanitarian functions performed by the USNCB. The files contain records of facsimiles, fingerprints, photographs, criminal investigative reports, applicant checks related to law enforcement and non-law enforcement employment, security, and regulatory matters, licenses, grants, contracts, or benefits, and related data, radio messages (international), log sheets, notices, bulletins or posters, lookouts (temporary and permanent notices including identification information on an individual or item of interest to law enforcement authorities), investigative notes, computer printouts, letters, memoranda, witness statements and records related to deceased persons. Information about individuals includes names, aliases, places and dates of birth, addresses, physical descriptions, various identification numbers, reason for the records or lookouts, and details and circumstances surrounding the actual or suspected violations, humanitarian requests or administrative/operational matters.

3. In addition to the USNCB system of records, the USNCB maintains administrative files consisting of non-investigative topical files of hard copies of records and correspondence; for example, files of FOIA requests and responses, records of litigation documents, and documents related to various policy issues. These two sources, namely, the USNCB system of records and administrative files were the sources of information searched for information which could be responsive to the Plaintiff's request.

4. When FOIA/PA requests are received, our system of records is queried using the name of the subject as the basis for the search, and if appropriate, any other identifying information, such as date of birth, place of birth and social security number of the subject, if provided by the requester or

otherwise known.   Using the information described above, the USNCB system of records is searched

by means of computerized queries using two separate search engines: 1) "Database Query"; and, 2)

"USNCB Search Query". 1) The Database Query is executed against data that has been manually

entered into database tables by the USNCB analytical staff. USNCB Analysts review all documents

and extract all names of individuals referenced in the documents who may be subjects, witnesses,

victims or otherwise related to the investigation and enter these names into the USNCB database for

indexing and querying purposes. This search queries all text fields within the database, i.e., case

summary information, subject data, names businesses, etc. 2) The USNCB Search query is executed

against a "Read Only" directory of investigative-related documents. It searches the text of all

documents contained in USNCB case files for the name or number queried.   The combination of these

queries provides a comprehensive search of the USNCB system of records. An exhaustive query is

obtained by using these methods, which include literal (actual text as it is received from the requester), a

wildcard query (by using the % or * sign), quotation marks around a word/name, or by using the

conjunction "and" between words in order to query against possible matches.   If the information

queried is referenced or included in a USNCB case file, a list of any USNCB case files containing the

information will be produced.   These USNCB case files will then be examined for information and

documents responsive to the FOIA request.

5. In addition to querying the USNCB system of records, a search is performed of the USNCB administrative files. A physical search of the USNCB administrative files is conducted by reviewing the index of all the files maintained and stored in five (5), five-drawer legal file cabinets. As indicated in paragraph 3 above, these files are non-investigative topical files of hard copies of records and correspondence.

6. If no records are located pertaining to the subject of the FOIA request, a "no record" letter is sent to the FOIA/PA requester. If, however, records are located on the subject, the FOIA/PA requester is then notified that such a file(s) exists. Because there may be a pending backlog of FOIA requests, the FOIA/PA requester may be informed also at this time that the processing of the request may be delayed. The request may then be placed in the backlog. The foregoing procedures have been formally established by the USNCB and are followed in processing FOIA/PA requests.

## PROCESSING OF PLAINTIFF'S REQUEST

7. By letter dated September 19, 2006 to the Department of Justice (DOJ), Interpol-U.S. National Central Bureau, the Plaintiff asked to receive a copy of any and all documents, records and information that any part of our agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to his name. This request was received on October 11, 2006.

8. Upon receipt of Plaintiff's request, a FOIA number 2007-0004 was assigned to it. A new FOIA/PA request received at the USNCB is assigned a two part numerical identifier. The first part is the year in which the request is received. The second part is comprised of four digits which represents the order in which the request was received during the fiscal year. Plaintiff's FOIA request was assigned FOIA #2007-0004, indicating that his request was the fourth request received in fiscal year 2007.

9. A search of the USNCB's system of records was conducted on October 11, 2006 by using the search methods indicated in #3 and #4 above and by a physical search of the USNCB administrative files. No responsive documents or records were located in the administrative files, however, there were four files located in our system of records search which were identifiable with the Plaintiff's first and last name. None of those records were responsive to the Plaintiff's request nor did they pertain to him. (See Exhibit A) By reviewing various factual information from these files, I was able to come to the conclusion that these files nor their contents pertained to the Plaintiff. Therefore, using the process of elimination, I concluded that the USNCB had "no records" about the Plaintiff and a "no records" letter was sent to the Plaintiff on October 13, 2006.

10. On February 26, 2007, I received an email message from an attorney-advisor from the Office of Information and Privacy (OIP) requesting me to fax over information related to the Plaintiff's FOIA request and all background information (request letter, the response letter, the search slips) and anything else pertaining to the Plaintiff's request.

11. All background information, including request letter, the response letter, and the search slips were faxed to OIP on February 28, 2007.

12. On February 28, 2007, I received a copy of OIP's letter dated February 23, 2007 to the Plaintiff acknowledging his administrative appeal from the action of the USNCB. Attached to OIP's letter was an appeal letter dated October 19, 2006 from the Plaintiff to the Office of Information and Privacy appealing the USNCB's "no record" response.

13. By letter dated March 5, 2007 to Plaintiff, OIP affirms the USNCB's action on Plaintiff's request informing him that the USNCB was unable to locate any responsive records.

14.  Pursuant to the provisions of Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on September 11, 2007

Dorothy S. Beaty
Freedom of Information & Privacy Act Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAUL CASTILLO RAMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-CV-895 (JDB) |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to

joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of

the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act

("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30,

2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA

matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 216

1

employees who staff a total of ten (10) FBIHQ units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 12958, as amended,[1] and the preparation of affidavits/declarations in support of Exemption 1 claims asserted under the FOIA.[2] I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 12958, as amended, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specially, I am aware of the treatment which has been afforded the FOIA/Privacy Act request of Raul Castillo Ramos which seeks access to records on himself.

(4)     The purpose of this declaration is to provide the Court and plaintiff with an explanation

---

[1] 60 Fed. Reg. 19825 (1995) and 69 Fed. Reg. 15315 (2003).

[2] 5 U.S.C. § 552 (b)(1).

2

of the administrative history of the handling of plaintiff's FOIA/Privacy Act request. This declaration is submitted in support of defendant's motion to dismiss or in the alternative for summary judgment based on plaintiff's failure to exhaust administrative remedies.

## CHRONOLOGY OF PLAINTIFF'S FOIPA REQUEST

(5)    By letter dated September 19, 2006 addressed to FBIHQ, Raul Castillo Ramos submitted a FOIA/Privacy Act request for all records on himself. Plaintiff requested a search of the I-files, see reference files and the field office in the district of Maryland.[3] **(See Exhibit A.)**

(6)    By letter dated November 1, 2006, FBIHQ acknowledged receipt of plaintiff's FOIPA request, assigned FOIPA Request No. 1061350-000, and notified plaintiff that no records responsive to plaintiff's FOIA/Privacy Act request were located. Plaintiff was advised of his right to appeal to the Department of Justice ("DOJ"), Office of Information and Privacy ("OIP"). **(See Exhibit B.)**

(7)    On May 14, 2007, plaintiff filed a Complaint in the U.S. District Court for the District of Columbia, requesting a release of all records in any way connected to his name. Plaintiff stated that OIP never responded to his appeal letter dated December 20, 2006.[4]

## CONCLUSION

(8)    In preparation for this declaration, the FBI contacted OIP, the office authorized to

---

[3] If plaintiff believes that there may be files in FBI field offices, it is incumbent upon him to file requests with each individual office that he believes maintains the records he seeks, per 28 C.F.R. Section 16.3(a) and 16.41(a) (2004).

[4] Contact with Department of Justice, Office of Information and Privacy, indicates no record of an appeal letter related to the FBI's November 1, 2006 letter.

review FOIA appeals of FBI release determinations. OIP advised on June 6, 2007, that it has no

record of plaintiff filing an administrative appeal stemming from FBIHQ's November 1, 2006 letter to

plaintiff. Therefore, plaintiff has failed to exhaust the administrative remedies available to him prior to

filing this complaint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct, and that **Exhibits A and B** attached hereto are true and correct copies.

Executed this _____ day of September, 2007.

DAVID HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAUL CASTILLO RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-CV-895 (JDB) |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# EXHIBIT A

**FOIA REQUEST**

To: Director                           Date: September 19, 2006

Federal Bureau of Investigation

J. Edgar Hoover Building

Washington, D. C. 20535

Dear Sir:

This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

All Records. Search the I-Files and the See Reference Files. Also
search the field office in the district of Maryland.

I will pay reasonable search and reproduction fees.
My Biographical data is as follows:

FULL NAME: RAUL CASTILLO RAMOS

DATE OF BIRTH September 27, 1978

PLACE OF BIRTH Dominican Republic

SOCIAL SECURITY NUMBER 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

I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 19th day of September, 2006.

By X _Raul Castillo Ramos_
                    Affiant/Declarant Herein

(28 USC Section 1746)

Name: RAUL RAMOS

Reg. No. 38200-037

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

cc : file

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAUL CASTILLO RAMOS,                     )
                                         )
                                         )
        Plaintiff,                       )
                                         )      Civil Action No. 07-CV-895 (JDB)
            v.                           )
                                         )
FEDERAL BUREAU OF PRISONS,               )
et al.                                   )
                                         )
        Defendants.                      )
                                         )
                                         )

# EXHIBIT B



U.S. Department of Justice

---

Federal Bureau of Investigation

*Washington, D.C. 20535*

November 1, 2006

MR. RAUL CASTILLO RAMOS
**38200-037
UNITED STATES PENITENTIARY
POST OFFICE BOX 2068
INEZ, KY 41224

Request No.: 1061350- 000
Subject: RAMOS, RAUL CASTILLO

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

# FBI FILE FACT SHEET

- The primary function of the FBI is law enforcement.
  **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920's.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, foreign counter-intelligence, organized crime/drugs, violent crime, white-collar crime, applicants, and civil rights.

- **The FBI does not issue clearances or nonclearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should write directly to that entity.

- **An FBI identification record or "rap sheet" is NOT the same as an FBI "file"** - it is simply a listing of information taken from fingerprint cards submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, CJIS Division, Attn: SCU, Mod. D-2, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Each request must have proof of identity which shall consist of **name, date and place of birth and a set of rolled-ink fingerprint impressions** placed upon fingerprint cards or forms commonly utilized for applicant or law enforcement purposes by law enforcement agencies, plus **payment of $18.00** in the form of a certified check or money order, payable to the Treasury of the United States.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index to identify **any** information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency. For the NNCP, a name is searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine whether it is applicable to the individual in question.

- **The Record/Information Dissemination Section/Freedom of Information-Privacy Acts (FOIPA)** search for records provides copies of FBI files relevant to a FOIPA request for information. FOIPA provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject name, event, activity, business, or event is searched to determine whether there is an investigative file associated with the subject. This is called a "main file search" and differs from The NNCP search.

**FOR GENERAL INFORMATION ABOUT THE FBI,**
**CHECK OUT OUR WEBSITE AT**
**http://www.fbi.gov**

3-23-04

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAUL CASTILLO RAMOS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. CA-07-895 JDB |
| | ) | |
| vs. | ) | |
| | ) | Declaration of Jesus Murillo |
| | ) | |
| BUREAU OF | ) | |
| PRISONS, ET AL. | ) | |
| | ) | |
| Defendant | ) | |

I, Jesus Murillo, pursuant to the provisions of 28 U.S.C. § 1746(2), declare as follows:

1. I am a Disclosure Specialist with the Internal Revenue Service, working in the Houston, Texas office of the Small Business and Self Employed division, Communications, Liaison & Disclosure department. My duties include processing Freedom of Information Act (FOIA) requests for documents under the jurisdiction of the IRS. My work requires knowledge of the types of documents created and maintained by the various divisions and functions of the IRS, how to search for indications of the existence of such documents, knowledge of procedures and requirements for making FOIA requests, and an understanding of the provisions of the FOIA which exempt certain types of information from disclosure in response to a request.

2. The Integrated Data Retrieval System ("IDRS") is a tool for accessing case related information on taxpayer accounts and tax returns. It accesses information stored in the Individual Master File ("IMF"), a computer database that contains information about taxpayers who file individual income tax returns and related documents. The information is stored as a transcript for each taxpayer containing codes recording various transactions.

3.       I was the disclosure specialist assigned to initiate processing of plaintiff's FOIA

request dated September 19, 2006. The request was received in the Atlanta Disclosure office on

October 12, 2006. It was processed as part of a pilot test of the Automated Freedom of

Information Act program (AFOIA). The AFOIA project is an imaging application designed to

meet the statutory requirements for disclosure of agency records to the public under the Freedom

of Information Act. (FOIA). A copy of the September 19, 2006 request is attached hereto as

Exhibit "A".

4.       Plaintiff's request was a form request. The preprinted text requested a copy of all

documents in the possession of the agency in any way connected to, related to, or even remotely

in reference in plaintiff's name, or other subject matter stated below. In the blank provided,

plaintiff had asked for personal tax records from "1990 to date inclusive of every year," and

specifically all investigatory criminal records in the district of Maryland.

5.       After reviewing plaintiff's request, I concluded it did not meet the requirements of

IRS regulations relating to FOIA requests, and prepared a letter inviting plaintiff to submit the

information necessary to perfect his request, including more specifically describing the records

being sought, and providing proof of identity and right to access the requested records. After a

review by a Disclosure Manager, the letter was mailed to plaintiff dated November 6, 2006. Said

letter is attached hereto as Exhibit "B".

6.       On July 18, 2007, at the request of counsel, I performed a search of the IDRS

system using plaintiff's Social Security number to ascertain whether the IMF associated with it

contains any information responsive to plaintiff's FOIA request of September 19, 2006. This

search followed the procedures outlined in the Internal Revenue Manual at section 11.3.13.6

pertaining to FOIA searches. The search parameters used would have returned codes indicating

2

if any return processing, examination or criminal investigation activity had occurred related to

plaintiff. No responsive records were located by the search. There is no other records system

used by the IRS that is reasonably likely to contain information responsive to plaintiff's request.

     I declare under penalty of perjury that the foregoing is true and correct.

Executed: _9-14-2007_



Jesus Murillo
Disclosure Specialist
Communications, Liaison & Disclosure
Small Business/Self Employed Division
Internal Revenue Service
1919 Smith Street
Houston, TX 77002

## FOIA REQUEST

To: __Director__    Date: September 10, 2006

__INTERNAL REVENUE SERVICE__

__Department of the Treasury__

__Washington, D. C. 20224__

# RECEIVED

OCT 2 5 2006

INTERNAL REVENUE SERVICE
DISCLOSURE OFFICE SIX
ATLANTA, GA 30308

Dear Sir:

This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records, or information
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

I am an OTHER requester for my personal use.  I request personal tax
records from the years 1990 to date inclusive of every year.  I request
all __investigatory criminal records__ and ask that you search the district
of Maryland where they may be.

        I will pay reasonable search and reproduction fees.

        My Biographical data is as follows:

FULL NAME: __RAUL CASTILLO RAMOS__

DATE OF BIRTH __September 27, 1978__

PLACE OF BIRTH __Dominican Republic__

SOCIAL SECURITY NUMBER __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__

        I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 19th day of __September__, 2006.

                        By X _Raul Castillo Ramos_
                                Affiant/Declarant Herein

(28 USC Section 1746)

Name: __RAUL RAMOS__

Pen. No. __38200-037__

United States Penitentiary
Box 2068
INEZ, Kentucky  41224



PHOTOCOPY

OCT 1 2 2006

CLERK

cc : file





Director
Internal Revenue Service
Department of the Treasury
Washington, D.C.
20224

INMATE NAME: Paul Rivas
REGISTER NUMBER: 38200-037

U.S.P. BIG SANDY
P.O. BOX 2068
INEZ, KY 41224

PHOTOCOPY UNIT
OCT 1 2 7 6
CLF

09/14/2007 14:06 FAX                                                    007

Raul Castillo Ramos
Register No. 38200-037
United States Penitentiary
P. O. Box 2068
Inez, KY 41224

Dear Mr. Ramos:

We received your Freedom of Information Act (FOIA) request dated September 19, 2006 in our office on October 12, 2006. To constitute a valid request under the Act, certain requirements must be met.

Please send us, within 30 days, the information needed to meet the requirements of the Act as indicated in the boxes checked on this letter, and we will try to honor your request. The 20-day period that we are allowed by law to determine whether we can comply with your request will not begin until we receive this information. On receipt of the information necessary to perfect your request, we will provide the disclosable responsive records as quickly as possible.

[ X ] Describe the records in reasonably sufficient detail to enable us to find them.

[ X ] Provide proof of your right to access the requested records.

[ X ] Establish your identity. Giving out these records is limited by statute or regulations.
     Therefore, you must:

    a. Send your signature, address, and one other identifier (such as a copy of a
       driver's license) bearing your signature if you make the request by mail; or

    b. Mail a notarized statement swearing to or affirming your identity.

    c. Provide your social security number.

[ X ] State your agreement to pay for search and copying fees. If you are unable to
     pay, you may request that such fees be reduced or waived and give your reasons
     in writing. These fees can also be reduced or waived if you can show that the
     information will primarily benefit the general public. This request must not place an
     undue burden upon the Internal Revenue Service.

2

Should you have any questions concerning this correspondence, you may contact Disclosure Specialist Jesus G. Murillo, ID # 76-02290 by calling 512-460-4433 or by writing to: IRS-Disclosure Office 401 W. Peachtree Street, Room 1905, MS 602-D, Atlanta, GA 30308.  Please refer to case number F06298-0007.

Sincerely,

Mel Winburn
Disclosure Manager, ID # 58-07671

Enclosure(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAUL CASTILLO RAMOS,  )
                 )
        Plaintiff,  )
                 )
                 )
         v.  )      Civil Case No: 07-0895
                 )
UNITED STATES MARSHALS SERVICE  )
                 )
        Defendant.  )
                 )
                 )

## DECLARATION

I, WILLIAM E. BORDLEY, being duly sworn upon my oath, hereby depose and say that:

1. I am an Associate General Counsel and the Freedom of Information/Privacy Act (FOI/PA) Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel, in Arlington, Virginia. I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The USMS Headquarters Office of General Counsel is responsible for processing all FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS policy.

2. By letter dated September 19, 2006, received in the Office of General Counsel (OGC) on November 6, 2006, plaintiff submitted a request for records pertaining to him. (See Exhibit A.)

3. The OGC acknowledged receipt of plaintiff's request by letter dated October 11, 2006, and advised him that a search for responsive documents had commenced, and he would be contacted when the processing of his request was completed. (See Exhibit B.)

4. As a result of this search, two pages of records responsive to the plaintiff's request were located in the District of Maryland.

5. By letter dated November 20, 2006, the USMS disclosed records to the plaintiff pursuant to his request. The two documents located were disclosed to plaintiff in their entirety. (See Exhibit C.)

6. The USMS systems of records routinely encompassed by a search for prisoner records are the Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE/USM-005, and the Warrant Information Network (WIN), JUSTICE/USM-007. Records maintained in these systems of records are compiled for law enforcement purposes in connection with the USMS's execution of Federal arrest warrants, investigation of fugitive matters, and receipt, processing, transportation, and custody of federal prisoners from the time of their arrest by a U.S. Marshal or their remand to a U.S. Marshal by the court until the prisoner is committed by the court to the Attorney General for service of sentence, otherwise released from custody or returned to custody of the U.S. Parole Commission or Bureau of Prisons. See Rule 4, Federal Rules of Criminal Procedure, 18 U.S.C. § 4086, 28 U.S.C. § 566(e)(1)(B), and 28 C.F.R. § 0.111(a), (j), (k), (q).

7. Records maintained by the USMS in the WIN and PPM/PTS systems of records consist of personal data, including criminal history records on the individual subjects of investigatory interest and their associates, witness interviews, and other records documenting efforts by the USMS to locate and apprehend individual fugitives and other wanted persons, and records of criminal custody by the USMS. These systems

of records are exempt from the access provision of the Privacy Act pursuant to

5 U.S.C. § 552a(j)(2).  See 28 C.F.R § 16.101(a), (g), (q).   Therefore, to ensure

maximum access, records in these systems of records are processed for disclosure

pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, which provides

access to federal agency records, unless such records (or portions thereof) are exempt

from disclosure under one or more exemptions of the FOIA.  See 5 U.S.C. § 552(b).

8. In this case, the WIN and PPM/PTS systems of records were searched by the

plaintiff's name and/or personal identifier, e.g., registration number or social security

number.  Documents pertaining to plaintiff were located in these systems of records.

9. In summary, the two pages of documents located by the USMS pertaining to

plaintiff were released to plaintiff, as described above, in their entirety.  The USMS

search for records pertaining to plaintiff was conducted in the systems of records where

plaintiff's records reasonably would be located since plaintiff was detained by the USMS

after his arrest by the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing

is true and correct to the best of my information and belief.


WILLIAM E. BORDLEY

Dated:  June 15, 2007

3

**FOIA REQUESTED**

To: Director                Date: September 19, 2006
United States Marshals Service    06 OCT 19 PM 4: 42
Department of Justice
Washington, D. C.    20530     U.S. MARSHALS SER ICE

Dear Sir:

      This is a request under the Freedom of Information Act.
      I request a copy of any and all documents, records and informatio
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:
All records in the district of Maryland

      I will pay reasonable search and reproduction fees.
          My Biographical data is as follows:
FULL NAME:   RAUL CASTILLO RAMOS
DATE OF BIRTH   September 27, 1978
PLACE OF BIRTH   Dominican Republic
SOCIAL SECURITY NUMBER   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

      I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 19th day of    September     , 2006.

               By X _Raul Castillo Ramos_
                   Affiant/Declarant Herein
(28 USC Section 1746)

Name:   RAUL RAMOS

Reg. No.   38200-037

United States Penitentiary
Box 2068
INEZ, Kentucky   41224

cc : file

*Exhibit A*

INMATE NAME:
REGISTER NUMBER: 38200-037

PAUL RAMOS

U.S.P. BIG SANDY
P.O. BOX 2068
INEZ, KY 41224

DIRECTOR
DEPARTMENT OF JUSTICE
UNITED STATES MARSHALS SERVICE
DEPARTMENT OF JUSTICE
WASHINGTON, D.C.
20530

U.S. Department of Justice

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-1000*

October 11, 2006

Raul Castillo Ramos
38200-037
U. S. Penitentiary
Box 2068
Inez, KY  41224

RE:     Freedom of Information/Privacy Act Request No. 2007USMS9955
        Subject:  Self

Dear Requester:

The United States Marshals Service is in receipt of your Freedom of Information/Privacy Act request for records maintained by this Bureau. We have commenced a search for documents responsive to your request and will contact you when our processing is complete.

Although we are unable to determine at this time the amount of fees to be charged to you, if any, the filing of your request constitutes your agreement to pay all applicable fees that may be charged under 28 C.F.R. § 16.11 or § 16.49, up to $25.00. You will be notified as soon as practicable if the estimated or actual fee for satisfying your request exceeds $25.00.

If you should have any questions, please contact us at (202) 307-9054.

Sincerely,

William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

Exhibit B



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-1000*

November 20, 2006

Raul Castillo Ramos
38200-037
U. S. Penitentiary
Box 2068
Inez, KY 41224

   **Re: Freedom of Information/Privacy Act Request No. 2007USMS9955**
   **Subject of Request: Self**

Dear Requester:

   The United States Marshals Service is responding to your request for records in this agency's files pertaining to the above subject.

   Pursuant to your request, **[X]** the Marshals Service conducted a search of its files and located documents which are responsive, or **[]** the Marshals Service received documents referred from another agency for disclosure determination and direct response to you. The paragraphs checked below apply:

**[X]** All documents located or **[]** all documents referred from another agency are being released to you without deletions.

**[]** Documents are being released to you; however, certain documents or portions of documents are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a. Please refer to the list on page 2 of this letter for a description of information being withheld and the basis for withholding.

**[]** Our search located document(s) which originated with or contain(s) information which originated with (an)other component (s) of the Department of Justice or with (an)other government agency(ies).

   **[]** Information contained in Marshals Service records which originated with (an)other agency(ies) and a copy of your request have been referred to the originator(s) for consultation in accordance with 28 C.F.R. § 16.4 and/or § 16.42. The Marshals Service will correspond with you again upon completion of this consultation.

   **[]** Records which originated with (an)other agency(ies) and a copy of your request have been referred to the originator(s) for disclosure determination and direct response to you in accordance with 28 C.F.R. § 16.4 and/or § 16.42.

Exhibit C

[] Your request is being denied pursuant to the Freedom of Information Act and/or Privacy Act exemption(s) identified by mark(s) on the following list.

[] If you are dissatisfied with my action on this request, you may appeal from this (partial) denial by writing to the Director, Office of Information and Privacy, United States Department of Justice, Room 570, Flag Building, Washington, D.C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

[] The enclosed material is provided for your further information.

Sincerely,

William E. Bordley
Associate General
Counsel/FOIPA Officer
Office of General Counsel

Enclosures

Number of Documents Located or referred from another agency:    2
Number of Documents Released:    2
Number of Documents Referred to another agency:    ___
Number of Documents Withheld:    ___

| Freedom of Information Act | Privacy Act |
|---|---|
| 5 U.S.C. § 552 | 5 U.S.C. § 552a |

Exemptions cited

[] (b)(1)  [] (b)(2)  [] (b)(3)  [] (d)(5)  [] (j)(2)
[] (b)(4)  [] (b)(5)  [] (b)(6)  [] (k)(1)  [] (k)(2)
[] (b)(7)(A)  [] (b)(7)(B)        [] (k)(5)  [] (k)(6)
[] (b)(7)(C)  [] (b)(7)(D)
[] (b)(7)(E)  [] (b)(7)(F)

Description of Information Withheld:

[] Administrative marking(s)
[] Names of and/or information on
   government employees
[] Names of and/or information
   pertaining to third-party
   individual(s)
[] Names of and/or information
   pertaining to other prisoners
[] Confidential source information
[] Other: