## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAUL C. RAMOS                     ) | |
|           Plaintiff,         ) | |
|     v.                             ) | Civil Action No. 07-0895 (JDB) |
| FEDERAL BUREAU OF PRISONS, et. al  ) | |
|          Defendant.         ) | |

**DEFENDANTS' DRUG ENFORCEMENT ADMINISTRATION,**
**THE EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS AND**
**THE FEDERAL BUREAU OF PRISONS  MOTION FOR SUMMARY JUDGMENT**

Defendants the Drug Enforcement Administration (DEA), the Executive Office for United States Attorneys (EOUSA) and the Federal Bureau of Prisons (BOP), through undersigned counsel, respectfully move this Court for summary judgment on the ground that there is no genuine issue of material fact regarding the documents already processed and that the defendants are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

In support of this motion, Defendants respectfully submit the attached memorandum of points and authorities, statement of material facts not in genuine dispute, declarations from officials of the various agencies involved in processing Plaintiff's requests under the Freedom of Information Act with exhibits attached thereto and a proposed order.  Plaintiff should take notice that any factual assertions contained in the accompanying declarations and other attachments in support of Defendants' motion may be accepted by the Court as true unless Plaintiff controverts them with his

own affidavit or other documentary evidence.  *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992);

LCvR 7.1; and Fed. R. Civ. P. 56(e).

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RAUL C. RAMOS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-0895 (JDB)** |
| ) | |
| **FEDERAL BUREAU OF PRISONS, et. al** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**STATEMENTS OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to LcvR 7.1(h), Statements of Material Facts Not In Genuine Dispute are being submitted for Defendants the Enforcement Administration (DEA), the Executive Office for United States Attorneys, and the Federal Bureau of Prisons (BOP).  Declarations from Leila I. Wassom, Paralegal Specialist (referred to as "Wassom Decl."), DEA; John W. Kornmeier, Attorney-Advisor,  (referred to as "Kornmeier Decl"), EOUSA; and  Sharon Massey, Legal Instruments Examiner,  (referred to as "Massey Decl"), BOP; are attached in support of the Statements of Material Facts Not in Genuine Dispute.

**DEA**

1.    By letter dated September 19, 2006, Plaintiff made a Freedom of Information Act (FOIA) request to DEA requesting copies of  "any and all documents, records and information that your agency has or had in its possession that is any way connected to. . . my name." Plaintiff agreed to pay reasonable search and reproduction fees.  (DEA Exhibit A).

2.    By letter dated December 6, 2006, DEA acknowledged Plaintiff's request and informed him that it would be handled in approximate order of receipt.  DEA assigned the

request DEA FOIA Request Number 07-0222-P.  (DEA Exhibit B).

3.      By letter dated February 21, 2007, DEA informed Plaintiff that based on his

request, a query of the DEA Narcotics and Dangerous Drug Information System (NADDIS) no

records responsive to his request were identified as being maintained in the DEA Investigative

Reporting and Filing System.   DEA advised Plaintiff that he could assist it in a further search for

responsive records by providing any additional search criteria, such as a specific DEA

investigative file number and/or a specific event that DEA participated in with him. (DEA

Exhibit C).

4.      As of this date, DEA has received no further communication from Plaintiff

regarding FOIA (Wassom Decl. ¶ 9).

5.      As of November 2,  2007, the Department of Justice, Office of Information and

Privacy (OIP), has no record of an appeal from Plaintiff related to the DEA determination.

(Wassom Decl. ¶ 10).

6.      By letter dated January 29, 2007, the Bureau of Alcohol, Tobacco, Firearms, and

Explosives (ATF) forwarded 10 pages to DEA for review and a direct response to Plaintiff.

(DEA Exhibit D).

7.      By letter dated February 8, 2007, DEA informed Plaintiff that it had received the

referral  from ATF and assigned it DEA FOIA Request No. 07-0559-P.  (DEA Exhibit E).

8.      By letter dated February 22, 2007, DEA informed Plaintiff that it had been asked

to review materials referred from ATF in response to his request to that agency, and assigned

DEA FOIA Request Number 07-0559-P to the request.  (DEA Exhibit F).

9.      By letter dated March 16, 2007, DEA informed Plaintiff that it was returning the

2

documents to ATF.  Since the case file number listed on the documents was not a DEA investigative file number, the material was more appropriately reviewed as a consultation, not a referral.  (DEA Exhibit G).

10.     By letter dated April 17, 2007, DEA returned the referred documents to ATF, stating that, since the actual content of the information was derived from ATF efforts, they were returned for a disclosure determination and direct response to the requester.  DEA withheld the names, signatures and titles of DEA laboratory personnel pursuant to FOIA exemptions (b)(7)(C) and (b)(7)(F).  (DEA Exhibit H).

11.     By letter dated April 30, 2007, ATF released portions of 10 pages to Plaintiff. (DEA Exhibit I).

12      Pursuant to a litigation review, it was determined that the titles of DEA laboratory personnel could be released to the plaintiff.  ATF was contacted and informed that DEA no longer was withholding the titles of laboratory personnel. (Wassom Decl. ¶ 17).

13.     By letter dated November 1, 2007, DEA released portions of seven (7) pages to Plaintiff.  The seven (7) pages consisted of the pages upon which the titles of laboratory personnel were previously withheld.  Information was withheld pursuant to FOIA exemptions (b)(2), (b)(7)(C), and (b)(7)(F), and PA exemption (j)(2).  (DEA Exhibit J).

14.     By letter dated March 30, 2007, the Executive Office for United States Attorneys (EOUSA) forwarded 12 pages to DEA for processing and direct response to Plaintiff.  Attached to the referral were copies of Plaintiff's request to EOUSA dated September 19, 2006, and the EOUSA response to Plaintiff.  (DEA Exhibit K).

3

15.    By letter dated May 14, 2007, DEA informed Plaintiff that it had received a referral from EOUSA, and that its response to him would be delayed due to an office backlog. (DEA Exhibit L).

16.    By letter dated June 20, 2007, DEA informed Plaintiff that the EOUSA referral had been assigned DEA FOIA Request Number 07-0773-P, and would be handled in chronological order based on the date of the letter.  (DEA Exhibit M).

17.    Pursuant to a litigation review, DEA determined that the referred pages originated with ATF.  By letter dated September 17, 2007, DEA referred the 12  pages to ATF for consultation and return to DEA. The letter referred to DEA FOIA Request Number 07-0559-P in error.  (DEA Exhibit N).

18.    By letter dated October 23, 2007, ATF returned the copies of the referred pages to DEA.  ATF indicated that it was withholding information on pages 11, 13, 15, 17, and 19.  On page 11, ATF withheld the last four digits of a telephone number.  Pursuant to a consultation with DEA, ATF is now withholding the digits of the telephone number pursuant to FOIA exemption (b)(2).  (DEA Exhibit O).

19.    By letter dated November 1, 2007, DEA released portions of 12  pages to the plaintiff.  Information was withheld pursuant to FOIA exemptions (b)(2), (b)(7)(C), and (b)(7)(F).  (DEA Exhibit P).

20.    DEA construed Plaintiff's September 19, 2006 letter, to DEA as a request for criminal investigative records relating to Plaintiff.  Any criminal investigative information about Plaintiff was reasonably likely to be found in the DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008.  IRFS is a Privacy Act System of Records that contains <u>all</u>

4

administrative, general and investigative files compiled by DEA for law enforcement purposes. No other record system maintained by DEA was reasonably likely to contain information responsive to Plaintiff's request.  NADDIS is the index to and the practical means by which DEA retrieves investigative reports and information from IRFS.  Individuals are indexed and identified in NADDIS by their name, Social Security Number, and/or date of birth.  As an index, NADDIS points to investigative files and particular DEA Reports of Investigation (ROI), DEA Form-6, or other documents by date, that contain information regarding a particular individual or subject of an investigation.  On December 28, 2006, February 7, 2007, and April 30, 2007, NADDIS queries were conducted in response to Plaintiff's request.  The queries were conducted by a Freedom of Information specialist who used Plaintiff's name, Social Security Number, and the date of birth Plaintiff provided in his request.  The results of the NADDIS queries were that no investigative records that pertained to Plaintiff were identified. (Wassom Decl. ¶¶ 25-28).

21.     The referred material consists of: 1) four (4) DEA Reports of Drug Property Collected, Purchased or Seized; 2) four (4) DEA Certified Reports of Controlled Substance Analysis; 3) five (5) DEA Forensic Chemist Worksheets; and 4) five (5)  DEA Forensic Chemist Worksheets (reverse side). (Wassom Decl. ¶ 29)

22.     The DEA Form 7,  Report of Drug Property Collected, Purchased or Seized, is a form utilized by DEA when drug evidence is seized.  The form is also used when a substance is forwarded by DEA or any other entity to a DEA laboratory.  The form consists of 39 blocks of which Block 3 contains the G-DEP identifier; Block 5, the file title; Block 16, the "Remarks," contains descriptive information that may include names of law enforcement officers and third parties, and other information regarding the seizure; Blocks 17, 18, 20, 21, 23, 24, 34 and 37

5

contain the names and/or signatures of special agents, other law enforcement personnel or DEA employees. (Wassom Decl.¶ 30)

23.     The Certified Report of Controlled Substance Analysis form is utilized by the DEA Mid-Atlantic Laboratory.  The form includes a summary of the analysis of a seized drug exhibit and a Certification of Compliance of the DEA Forensic Chemist.(Decl. ¶ 31).

24.     The Forensic Chemist Worksheet, DEA Form 86, is used to record the description of the evidence item and its packaging, including numerical identification, and recording the information as the items are initially removed from the evidence container.  Additionally, this document is used to record actions taken during the analysis of the evidence item.  These worksheets are used to record all r[a]w data, observations and calculations and should be written to permit adequate reconstruction of the analysis of examination performed. (Wassom Decl. ¶32).

25.     The DEA information referred by ATF and EOUSA is found in DEA's Functional File System File No. 901, Laboratory Case Files.  Laboratory case files include documents related to the analysis of drug and non-drug evidence, including evidence accountability and disposition records, chemist worksheets, ballistics reports, and related analytical documents. (Wassom Decl.¶ 33).

26.     In response to referrals from ATF and EOUSA, portions of 22 pages of material were released to the plaintiff.  Information was withheld by DEA pursuant to FOIA exemptions (b)(7)(C), (b)(7)(F).  A Vaughn index detailing DEA's withholdings pursuant to the asserted FOIA exemptions has been prepared. (DEA Exhibit Q) (Wassom Decl. ¶ 34).

27.     DEA asserted exemptions (7)( C) and (7) (F) to withhold the identities of DEA laboratory personnel because the records were complied for law enforcement purposes the

disclosure of which could reasonably be expected to constitute an unwarranted invasion of

privacy. (Wassom Decl.  ¶¶ 36-38.   DEA also asserted exemption (7)(F) because the disclosure

of DEA personnel could reasonably be expected to endanger the life of physical safety of

individuals. (Wassom Decl. ¶¶ 39-41).

**EOUSA**

28.     By letter dated September 19, 2006, Plaintiff submitted a FOIA request for

records on himself for all records in the District of Maryland. (EOUSA Exhibit A).

29.     The USAO for the District of Maryland conducted a search using the Legal

Information Office Network System ("LIONS") and located Plaintiff's records.  The USAO

forwarded the records to EOUSA for processing and review. (Kornmeier Decl. ¶ 5).

30.     By letter dated March 30, 2007, EOUSA released 21 pages in full, 7 pages in part,

withheld 92 pages, and referred 12 pages to the Drug Enforcement Administration, and 174

pages to the Bureau of Alcohol, Tobacco, and Firearms. (EOUSA Exhibit B).

31.     EOUSA determined that Plaintiff's records were part of the criminal case files of

the U.S. Attorney's Office for the District of Maryland and were compiled for law enforcement

purposes.  Th responsive records were withheld and not disclosed under the Privacy Act.

(Kornmeier Decl. ¶ 7).

32.     EOUSA asserted Exemption (b)(5) which protects information pursuant to the

attorney work product and deliberative process privileges because certain records reflect such

matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions

pertinent to Plaintiff's criminal case, along with the deliberative process of the U.S. Attorney's

office and other federal  agencies in considering possible criminal actions against Plaintiff and

others. (Decl. ¶¶ 8-11).

33.    EOUSA also asserted  Exemption (b)(7)(C) which exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy because all information at issue in this case was compiled for law enforcement purposes in order to prosecute Plaintiff and others  for violations of illegal drug distribution and other laws. (Decl. ¶¶ 12-16).

**BOP**

34.    Raul Castillo Ramos, Federal Register No. 38200-037, is incarcerated at the United States Penitentiary ("USP") in Big Sandy, Kentucky. Plaintiff was sentenced in the United States District Court for the District of Maryland to a 180-month sentence for violation of 18 U.S.C. § 841(a)(1) "Distribution and Possession with Intent to distribute Cocaine base; 18 U.S.C. § 924 (c)(a) "Carrying a Firearm During and in Relation to a Drug Trafficking Crime". Mr. Ramos has a good conduct time release date of June 25, 2043.  (BOP Attachment A)

35.    On June October 2, 2006, the Freedom of Information Division of the Federal Bureau of Prisons, Central Office, Washington, D.C., received and forwarded to CLC Lexington, a Freedom of Information ("FOIA")letter from the Plaintiff. (BOP Attachment B)

36.    The Central Office FOIA/PA Section forwarded the request to CLC Lexington and it was received on or about October 17, 2006, and forwarded to USP Big Sandy. (BOP Attachment C)

37.    The Plaintiff's Freedom of Information ("FOIA") letter  requested, "All records

including USP Big Sandy and all ISM[1], SIS[2], SIA[3], and FOIA Exempt records. (BOP Attachment B)

38.    CLC Lexington assigned this request FOIA number 2007-00300. (Massey Decl. ¶ 5).

39.    On November 15, 2006, CLC Lexington responded to Plaintiff's FOIA request no. 2007-00300.  Plaintiff was notified that CLC Lexington had located 39 pages responsive to his request.  Of the 39 pages, 11 pages were released in their entirety; 5 pages were partially released with redactions, and 23 pages were withheld in their entirety. (BOP Attachment D)

40.    CLC Lexington received no information related to any appeal filed by Plaintiff with the Department of Justice Office of Information and Privacy ("OIP"). (Decl. ¶ 7).

41.    CLC Lexington released 11 pages in their entirety. (BOP Attachment E)

42.    CLC Lexington partially released 5 pages to the Plaintiff. Pursuant to Title 5, United States Code, Section 552(b)(7)(F), which provides for the withholding of records or information compiled for law enforcement purposes which could endanger the lives or physical

---

[1]ISM stands for the Inmate Systems Department. ISM handles inmate sentence computations and possesses an inmate's Judgement & Commitment Order(s) as well as any state or federal detainers.

[2]SIS stands for the Special Investigative Services.  This department handles all security investigations related to inmate activities. These investigations include gang issues, murders, assaults, gambling, drugs, contraband, sexual assaults, extortion, escape plots and continued criminal activities.  The department also works as a liaison with state and federal law enforcement agencies.

[3]The SIA stands for Special Investigative Agent.  He or she is the head of the SIS Department and handles SIS duties as well as issues related to employee misconduct or criminal activity. The SIA works with the BOP's Office of Internal Affairs, Office of Inspector General, and the Federal Bureau of Investigation.

safety of an individual, BOP redacted portions of the following pages: one (1) page entitled

"Sentence Monitoring Computation Data" dated June 25, 2006 relating to the Plaintiff's

"Offense Code" and "Offense Charges;"one (1) page entitled "Sentence Monitoring Computation

Data" dated June 25, 2006, relating to the Plaintiff's "Offense Charges;" one (1) page entitled

"Judgment in a Criminal Case" or Plaintiff's Judgment & Commitment Order dated February 2,

2005, relating to Plaintiff's criminal offense; one (1) page entitled "CCM RMKS." and one  (1)

page entitled "Security/Designation Data," relating to information that would endanger the lives

or  physical safety of an individual. ¶¶ 11-31) (BOP Attachment F).

43.    Pursuant to 5 U.S.C. 552(b)(7) ( C), which exempts from disclosure records or

information complied for law enforcement purposes which would constitute an unwarranted

invasion of personal privacy surrounding other individuals the BOP redacted portions of the

name of the agent who placed an INS Detainer on Plaintiff on the page entitled "Individual

Custody & Detention Report USM (129)."(BOP Attachment F).

44.    Pursuant to Title 5, United States Code, Section 552(b)(5), which allows

exemption of information intended for staff use only, the disclosure of which would tend to

inhibit frank communication between prison officials, or correspondence that is speculative or

deliberative in nature, BOP redacted portions of a page entitled "CCM RMK," (Massey Decl. ¶¶

28-33)(BOP Attachment F).

45.    Regarding pages withheld in full: one (1) page consisted of database (AIMS

system) printout entitled "Nicknames" used to track inmate nicknames while housed in the BOP

was withheld pursuant to Title 5, United States Code, Section 552(b)(7)(F), which provides for

the withholding of records or information compiled for law enforcement purposes which could

10

endanger the lives or physical safety of an individual.  The same page was withheld pursuant to

Title 5, United States Code, Section 552(b)(5), which allows exemption of information intended

for staff use only, the disclosure of which would tend to inhibit frank communication between

prison officials, or correspondence that is speculative or deliberative in nature. (Massey Decl. ¶¶

37-38)

      46.     One (1) page consisted of the Plaintiff's Judgement and Commitment Order,

which was entitled "Statement of Reasons" and stated, "not for public disclosure."  The page was

withheld pursuant to Title 5, United States Code, Section 552(b)(7)(F), which provides for the

withholding of records or information compiled for law enforcement purposes which could

endanger the lives or physical safety of an individual. (Massey Decl. ¶¶ 41-42, ¶¶ 46-47) (BOP

Attachment G)

      47.     Pursuant to Title 5, United States Code, Section 552(b)(7)(F), which provides for

the withholding of records or information compiled for law enforcement purposes which could

endanger the lives or physical safety of an individual, twenty (20) pages of the Plaintiff's

"PreSentence Report" were withheld (Massey Decl. ¶¶ 51-55) (BOP Attachment G).

                          Respectfully submitted,

                          /s/_____
                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                          United States Attorney
                          /s/_____
                           RUDOLPH CONTRERAS, D.C. BAR # 434122
                          Assistant United States Attorney
                          /s/_____
                          BLANCHE L. BRUCE, D.C. BAR # 960245
                          Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RAUL C. RAMOS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 07-0895 (JDB)** |
| | ) |
| **FEDERAL BUREAU OF PRISONS, et. al** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR  SUMMARY JUDGMENT**

Defendants the Drug Enforcement Administration (DEA), the Executive Office for United States Attorneys (EOUSA), and the Federal Bureau of Prisons (BOP) move this Court to dismiss this civil action, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56 (c).

**I.      Background**

Defendants adopt their respective Statements of Material Facts Not in Genuine Dispute.

**II.     Standard of Review**

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue

exists for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). "[T]he Court must view all facts in the light most favorable to the non-moving party." <u>People For the American Way Foundation v. National Park Service</u>, 503 F.Supp. 2d 284, 291 ( D.D.C. 2007).

FOIA cases are typically decided on motions for summary judgment. <u>See</u> <u>Cappabianca v. Commissioner, U.S. Customs Serv.</u>, 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (<u>citing</u> <u>Miscavige v. IRS</u>, 2 F.3d 366, 368 (11th Cir. 1993)). To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure. <u>Students Against Genocide v. Dept. of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001). Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'" <u>Public Citizen, Inc. v. Dept. of State</u>, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (<u>quoting</u> <u>McGhee v. Central Intelligence Agency</u>, 697 F.2d 1095, 1102 (D.C. Cir. 1983). "Summary judgment is available to the defendant in a FOIA case, when the agency proves that it has fully discharged its obligations under FOIA." <u>Miller v. U.S. Dept. of State</u>, 779 F.2d 1378, 1382 (8th Cir. 1985).

## III.    Discussion

### A.    <u>Adequacy of Search</u>

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records. <u>See</u> <u>Oglesby v. U.S. Dept. of Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990); <u>Judicial Watch, Inc. v. U.S. Dept. of Commerce</u>, 337 F. Supp.2d 146, 158 (D.D.C. 2004). "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the

effort in light of the specific request." Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986). An agency is not required to search every record system, but rather only those systems in which it believes responsive records are likely to be located. See Oglesby, 920 F.2d at 68.

The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68. "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1987), cert. denied, 445 U.S. 927 (1980). Once the agency has proffered such evidence, i.e., a legally-sufficient affidavit, the burden then shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. Miller, 779 F.2d at 1383. Furthermore, even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine, 71 F.3d at 892 n.7. The mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. See Maynard 982 F.2d at 564.

Defendants DEA, EOUSA and BOP have met their search obligation "to conduct a search for the requested records, using methods which [were] reasonably expected to produce the information requested." Oglesby, 920 F. 2d at 68.

3

**DEA**

Plaintiff requested  copies of "any and all documents, records, and information that your agency has or had in its possession that is any way connected to . . . my name."  DEA construed Plaintiff's request as one for criminal investigative records.  DEA criminal investigative information about Plaintiff would be located in DEA's Investigative Reporting and Filing System (IRFS), JUSTCE/DEA-008.  IRFS contains all administrative, general and investigative files compiled by DEA for law enforcement purposes.  DEA searched its IRFS system using Plaintiff's name, social security number and date of birth and found no investigative records pertaining to Plaintiff.  (Wasson Decl ¶¶ 25-28).

Though DEA did not locate any of Plaintiff's records in its system, on January 29, 2007, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) forwarded 10 pages for DEA to review. (Wasson Decl. ¶ 11).  DEA returned the pages to ATF since the "file number listed on the documents was not a DEA investigative file number." (Wasson ¶ 14).  However, when DEA returned the documents, DEA "withheld "the names, signatures, and titles of DEA laboratory personnel pursuant to FOIA exemptions (b)(7)( C) and b(7)(F).

**EOUSA**

The USAO for the District of Maryland located Plaintiff's responsive records using the Legal Information Office Network System ("LIONS"). (Kornheimser's Decl. ¶ 5).

**BOP**

BOP's official files and records are maintained for  inmates presently or previously confined in an institution within CLC Lexington's jurisdiction, including the electronic database known as SENTRY, along with Freedom of Information request files maintained in the Consolidated Legal

Center, Lexington, Kentucky.  CLC Lexington had located 39 pages responsive to Ramos's requests (Decl. ¶¶ 5-6)

## Agency's Responsibility under FOIA

An agency has an obligation to produce requested information unless it falls under one of the FOIA's nine exemptions.  Pub. Citizen Health Research Group v. Nat'l Insts. of Health, 209 F.Supp.2d 37, 42 (D.D.C. 2002)(citing Dept. of Justice v. Tax Analysts, 492 U.S. 136, 150-51(1989).  In hearing claims brought under FOIA, courts have jurisdiction to "order the production of any records improperly withheld from the complainant." 5 U.S.C. Sec. 552(a)(4)(B).  The agency bears the burden of demonstrating that the documents withheld fall within one of the enumerated exemptions.  5 U.S.C. Sec. 552(a)(4)(B).   If an agency fails to meet its burden through the submission of affidavits or a Vaughn index, the Court may order an in camera review of the withheld materials to determine whether the agency complied with its obligations under FOIA.  See Taylor v. Dep't of Justice, 257 F.Supp.2d 101,114 (D.D.C. 2003).  In the present case, each Defendant agency has properly claimed the exemptions for the records which have been withheld from Plaintiff.

## Claimed Exemptions

## Exemptions (5)

### Deliberative Process

To withhold a responsive document under the deliberative process privilege, the agency must demonstrate that the document is "both predecisional an deliberative." Mapother v. Dep't of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993).  A communication is predecisional if "it was generated before the adoption of an agency policy" and it is deliberative if "it reflects the give-and-take of the consultative process." Coastal States Gas Corp. V. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir.

1980).  The deliberative process privilege reflects Congress' judgment that public disclosure of

predecisional, deliberative documents would inhibit "the full and frank exchange of ideas on legal

policy matters" within an agency.  Mead Data, 566 F.2d at 256.  As the Supreme Court has stated,

"[h]uman experience teaches that those who expect public dissemination of their remarks may well

temper candor with a concern for appearances and for their own interests to the detriment of the

decisionmaking process." United States v. Nixon, 418 U.S. 683, 705 (1974).  A court reviewing a

deliberative process privilege must therefore ask "whether the document is so candid or personal in

nature that public disclosure is likely in the future to stifle honest and frank communications within

the agency." Coastal States, 617 F.2d at 866.

**EOUSA**

EOUSA properly asserted the deliberative process for records of the "U.S. Attorney's office

and other federal agencies in considering possible criminal actions against Mr. Ramos and others."

(Kornmeier Decl. ¶ 11).  The documents withheld are clearly pre-decisional communications which

would affect litigation issues and strategies in a criminal prosecution.  See Porter County Chapter

of the Izaak Walton League of Am. V. Atomic Energy Comm'n, 380 F. Supp. 630, 637 (N.D. Ind.

1974):

> The basis of Exemption (5), as of the privilege which antedated it, is the free and
> uninhibited exchange and communication of opinions, ideas, and points of view- a
> process as essential to the wise functioning of a big government as it is to any
> organized human effort. In the Federal Establishment, as in General Motors or any
> other hierarchical giant, there are enough incentives as it is for playing it safe and
> listing with the wind; Congress clearly did not propose to add to them the threat of
> cross-examination in a public tribunal.' Ackerly v. Ley, 137 U.S.App.D.C. 133, 420
> F.2d 1336, 1341 (1969).

**BOP**

BOP also asserted the deliberative process privilege for redacted portions made on a page entitled "CCM RMKS" because the remarks made by the Community Corrections Manager (CCM) were reflective of the initial information the CCM receives from the sentencing court, U.S. Probation Office, and U.S. Attorney's Office as it relates to the prisoner's initial security classification for assignment into an appropriate federal facility. The section includes information about convictions, [a summary of the offenses], detainers, prior arrests, as well as scoring for violence. This internal comment section assists BOP in the designation of an inmate. It is speculative or deliberative in nature, and thus properly withheld (Decl. ¶¶ 32-33). Id.

**Attorney Work-Product**

The attorney-work product privilege "provides a working attorney with a 'zone of privacy' within which to think, plan, weigh facts and evidence, candidly evaluate a client's case, and prepare legal theories" Coastal States, 617 F.2d at 864. The purpose of the privilege is

> [T]o encourage effective legal representation within the framework of the adversary system by removing counsel's fear that his thoughts and information will be invaded by his adversary. In other words, the privilege focuses on the integrity of the adversary trial process itself . . . This focus on the integrity of the trial process is reflected in the specific limitation of the privilege to materials 'prepared in anticipation of litigation or for trial.'" Id. at 864

EOUSA asserted the attorney-work product for several withheld documents. The withheld documents were "handwritten notes and type written notes prepared by or under the supervision of an Assistant United States Attorney in anticipation of litigation consisting of analysis of and thoughts on statutes, cases, facts, witnesses, and strategy; the notes also contain names of agents and potential witnesses."(EOUSA Attachment C). All of these documents are clearly in the "zone of privacy" for the attorneys in the prosecution of the criminal case. Id.

### Exemption 7(C)

#### Personal Information in Law Enforcement Records

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); see also National Archives and Records Administration v. Favish, 541 U.S. 157, 165 (2004); Nation Magazine, 71 F.3d at 893; SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991).

Applying Exemption 7(C) involves a multi-step analysis. The first step is determining whether the information has been compiled for a "law enforcement purpose."[1] The term "law enforcement purpose" includes enforcement of civil and criminal statutes, as well as those statutes authorizing administrative (i.e., regulatory) proceedings. See Center for Nat'l Policy Review v. Weinberger, 502 F.2d 370, 373 (D.C. Cir. 1974). Here, the information at issue was compiled as part of a criminal prosecution; thus, this criterion is readily satisfied. See Quinon v. FBI, 86 F.3d 1222, 1228 (D.C. Cir.1996) (holding that "less exacting proof" of a legitimate law enforcement purpose is required of law enforcement agencies such as the FBI); Pratt v. Webster, 673 F.2d 408, 420-21 (D.C. Cir.1982).

The next step is to determine if there is a privacy interest. A privacy interest sufficient to justify application of Exemption 7(C) has been found to exist in a wide variety of circumstances.

---

[1] There should be no doubt that all the records compiled were for a "law enforcement purpose" 1) DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970 (Wasson Decl. ¶ 35); 2) EOUSA determined that Plaintiff's records were part of the criminal case file of the United States Attorney's Office for the District of Maryland (Kornmeier Decl. ¶ 7); and 3) Plaintiff is currently incarcerated at a BOP penitentiary. (BOP Attachment A).

See Favish, 541 U.S. at 170-71 (family members have a privacy interest in photographs of deceased relative); United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 763 (1989) (subjects of "rap sheets" have privacy interest); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996)(suspects and witnesses who are identified in agency records in connection with law enforcement investigations); Nation Magazine 71 F.3d at 894 (same); Davis v. U.S. Dept. of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992) (privacy interest in confidential informant's testimony); Lesar v. U.S. Dept. of Justice, 636 F.2d 472, 487-88 (D.C. Cir. 1980) (law enforcement officers who work on criminal investigations have valid privacy claim).

Finally, since exemption 7(C) proscribes releases that would constitute an unwarranted invasion of personal privacy, see 5 U.S.C. § 552(b)(7)(c), the privacy interest must be balanced against the public interest, if any, that would be served by disclosure. Reporters Committee, 489 U.S. at 776; Schrecker v. Department of Justice, 254 F.3d 162, 166 (D.C. Cir. 2001); Mays v. Drug Enforcement Administration, 234 F.3d 1324, 1327 (D.C. Cir. 2000). As with the privacy interest encompassed by FOIA Exemption 6, the public interest in disclosure is limited to the FOIA's core purpose of "shed[ing] light on an agency's performance of its statutory duties." Reporters Committee, 489 U.S. at 773; see also id. (the public interest is "not fostered by disclosure of information about private citizens that is accumulated in various government files but that reveals little or nothing about an agency's own conduct.").

When a request seeks personal information but no official information about a government agency, the invasion of privacy is per se unwarranted. See Favish 541 U.S. at 171-72; Reporter's Committee, 489 U.S. at 780. Information that does not directly reveal the operations or activities

9

of the government falls outside the ambit of the public interest that FOIA was enacted to serve.  See Reporter's Committee, 489 U.S. at 775.  Therefore, where a privacy interest is at stake, requested records may be withheld if the information sought does not reveal anything about the government's operations.  See Favish, 541 U.S. at 174.  Rarely does a public interest outweigh an individual's privacy interest when law enforcement information pertaining to individuals is sought.  See Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990); Senate of Puerto Rico v. United States Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

**DEA**

DEA  asserted Exemption 7(C) to withhold all information concerning the identities of DEA laboratory personnel.  As the Wasson declaration articulates, "Releasing [the names of DEA laboratory personnel] . . . would  place the laboratory personnel in a position that they may suffer undue invasions of privacy, harassment and humiliation from disclosure of their identities in the context of a criminal law enforcement investigatory file. [The DEA personnel] were, and possibly still are, in positions of access to information regarding official law enforcement investigations.  If their identities are released, they could become targets of harassing inquiries for unauthorized access to information pertaining to ongoing and closed investigations." (Wasson Decl. ¶ 38).  Thus, the release of their identities would constitute an unwarranted invasion of their personal privacy and there is no public interest to be served by releasing the identities of government employees.

Plaintiff has provided no facts to show any public interest for which any potential public interest would outweigh the privacy interests of the DEA personnel. That such third party information may be properly withheld under these circumstances is well-settled. See also Reporters Committee, 489 U.S. at 773-75; Nation Magazine, 71 F.3d at 894; Davis, 968 F.2d at 1281

10

(acknowledging that co-defendants have cognizable privacy interests) (quoting <u>King v. United States Department of Justice</u>, 830 F.2d 210, 233 (D.C. Cir 1987)); <u>Blanton v. United States Dep't of Justice</u>, 63 F. Supp.2d 35, 45 (D.D.C. 1999) (persons of investigative interest to the FBI have valid privacy interests).

Neither Plaintiff's FOIA request nor his complaint identify any public interest to be served by the release of the names of DEA personnel.  The public interest in disclosure "does not include helping an individual obtain information for his personal use." <u>Oguaju v. United States</u>, 288 F.3d 448, 450 (D.C. Cir. 2002) (quoting <u>Mays v. DEA</u>, 234 F.3d 1324, 1327 (D.C. Cir. 2000)), <u>vacated by</u> <u>Oguaju v. United States Marshals Service</u>, 541 U.S. 970 (2004), <u>judgment reinstated by</u> <u>Oguaju v. United States</u>, 378 F.3d 1115 (D.C. Cir. 2004).  In this regard, courts have consistently refused to recognize any public interest in the disclosure of information solely to assist a prisoner in challenging his conviction.  <u>See, e.g.</u>, <u>Neely v. Federal Bureau of Investigation</u>, 208 F.3d 461, 464 (4th Cir. 2000); <u>Hale v. United States Dep't of Justice</u>, 973 F.2d 894, 901 (10th Cir.1992), <u>vacated on other grounds</u>, 509 U.S. 918 (1993); <u>Landano v. Department of Justice</u>, 956 F.2d 422, 430 (3d Cir. 1991), <u>rev'd on other grounds</u>, 508 U.S. 165 (1993).

**EOUSA**

Similarly, EOUSA withheld the names of the identities of individuals such as special federal agents, government employees, and local law enforcement personnel who participated in the investigation and prosecution of Plaintiff's case. (Kornmeier Decl.¶14).  EOUSA noted, Plaintiff's records were compiled "for law enforcement purposes in order to prosecute Mr. Ramos and others for violations of illegal drug distribution and other laws" (Kornmeier Decl. ¶ 12).

Just like in his DEA request,  Plaintiff has provided no facts to show any public interest for

11

which any potential public interest would outweigh the privacy interests of the special federal agents, government employees, and local law enforcement personnel who participated in the investigation and prosecution of Plaintiff's case.[2]  Individual duties and assignments are not public and such publicity as would likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting such individuals to harassment or harm.  These persons have protected privacy interests in the conduct of law enforcement investigations.  Furthermore, EOUSA determined that there was no public interest in the release of this information because dissemination of the information would not help explain the activities and operations of the EOUSA. (Kornmeier Decl.¶¶ 12-16)  Finally, no public interest would counterbalance the individual's privacy right in the information withheld under this exemption. Plaintiff has not provided EOUSA with authorizations or consents to release otherwise personal privacy protected materials from any third party individual.

**BOP**

BOP asserted exemption 7( C) to protect the name of the Immigration & Naturalization Service (INS) agent who placed an INS Detainer on the Plaintiff. (Massey Decl. ¶¶ 24-26).  Once again, Plaintiff has provided no facts to show any public interest for which any potential public interest would outweigh the privacy interests of the INS agent who placed an INS Detainer against him.

**Exemption 7(F)**

---

[2]     EOUSA's Vaughn Index (Exhibit C), describes with particularity that there are no facts to show any public interest for which any potential public interest would outweigh the privacy interests of law enforcement personnel and the names of other third parties compiled for law enforcement purposes.

Exemption 7(F) allows agencies to withhold certain information that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). "Unlike Exemption 7(C), which involves a balancing of societal and individual privacy interests, 7(F) is an absolute ban against certain information and, arguably, an even broader protection than 7( C)." Raulerson v. Ashcroft, 271 F.Supp. 17, 29 (D.D.C. 2002); Cf. Jimenez v. FBI, 938 F.Supp. 21, 30 (D.D.C.1996) (recognizing that Exemption 7(F) affords broad protection to the identities of individuals mentioned in law enforcement files). Thus, the focus of exemption 7(F) is the protection of physical safety.

**DEA**

DEA also asserted exemption 7(F) to withhold the names of DEA personnel. DEA determined that law enforcement personnel would become targets of physical attacks, threats, harassment and attempted murder if law enforcement names were released. Moreover, it is common knowledge that drug activity is associated with violent behavior. Furthermore, as the Wassom declaration states, "if the names of DEA law enforcement personnel were released pursuant to the Freedom of Information Act, DEA would be releasing this data to the public realm. Public disclosure of the identities of law enforcement personnel would have a detrimental effect on the successful operation of DEA, as well as risk harassment and danger to its law enforcement personnel." (Wasson declaration ¶ 41).

**BOP**

BOP either partially withheld portions of pages or full pages pursuant to Title 5, United States Code, Section 552(b)(7)(F) because the release of the document would endanger the lives or physical safety of an individual. BOP noted that such information as the Plaintiff's "Offense Code,"

13

"Offense Charges," Judgment & Commitment Order and information on the page "Security/Designation Data," can be used to identify pedophiles, members of a gang or rival gangs, and determine if an inmate cooperated with law enforcement. This process places all inmates at risk. Therefore, the BOP does not release this information to an inmate for their protection and safety. (Massey Decl. ¶¶ 11-31) (BOP Attachment F)   A page entitled "Nicknames" was withheld because it can be used to track inmate nicknames while housed in the BOP.  Nicknames of inmates assist the BOP and law enforcement in identifying specific inmates during the monitoring of inmate mail, telephone calls, visitation or statements made in the general compound.   Inmates often use nicknames to hide their true identities from BOP staff or law enforcement.  Nicknames have alos been used to become involved in illegal or gang related activities within and outside the prison without detection. The disclosure of this "nicknames" jeopardizes the BOP's ability to monitor inmate activities, and further frustrate BOP's ability to monitor inmates and insure the safety of the public, the inmate and the prison population. (Massey Decl. ¶¶ 35-36 & 38-40).

Finally, Plaintiff's "Presentence Report" was withheld because of the restriction which states in part, "It is the policy of the federal judiciary and the Department of Justice that further re-disclosure of the presentence investigation report is prohibited without the consent of the sentencing judge."  In addition, Program Statement 1351.05, dated September 19, 2002, and entitled *Release of Information,* prohibits inmates from obtaining and possessing photocopies of their Pre-sentence Reports (PSR) and the Statement of Reasons (SOR) from their Judgment(s) in a Criminal Case and this prohibition  protects inmates from being coerced by other inmates to produce their PSRs and SORs for illicit purposes (BOP  Attachment G).  Plaintiff is entitled to "review" his presentence report (Massey ¶ 55) but BOP will not provide the presentence report to "protect" inmates, which

14

is the very basis for exemption 7(F), to protect the life or safety of another person. See Martinez v. Bureau of Prisons, 444 F.3d 620,625 (D.C. Cir. 2006)(BOP Program Statement sets forth reasons, based on concerns about inmate safety, for prohibiting inmates from keeping copies of their presentence reports, in their cells and reflects a judgment regarding prison administration that a court would be loath to second-guess).

**E.    Segregability**

The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA requires that, if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements." Mead Data, 566 F.2d at 261. The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed. Id. All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content."

15

*Mead Data*, 566 F.2d at 261, n.55.

In this matter, all responsive information has been provided to Plaintiff and reasonably segregable information was disclosed after deletion of the exempt information.

### E.  CONCLUSION

Defendants DEA, EOUSA and BOP have demonstrated that they responded properly to Plaintiff's FOIA request, releasing to him all records and portions thereof not exempted from disclosure.  Accordingly, Defendants respectfully would request that their motion for summary judgment be granted.

### CONCLUSION

For the above stated reasons, Defendants request that the motion to dismiss, or in the alternative, for summary judgment, be granted.


Respectfully submitted,


/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February 2008, I caused the foregoing to be served by first class mail, postage prepaid, to plaintiff *pro se*:

RAUL C. RAMOS
r38200-037
Big Sandy
U.S. Peniteniary
Inmate Mail/Parcels
P.O. Box 2068
Inez, Ky 41224


/s/_____
BLANCHE L. BRUCE
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RAUL C. RAMOS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-0895 (JDB)** |
| ) | |
| **FEDERAL BUREAU OF PRISONS, et. al** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

UPON CONSIDERATION of Defendants Drug Enforcement Administration, Executive Office for United States Attorneys, and Federal Bureau of Prisons, Motion to Dismiss or in the alternative, Motion for Summary Judgment, memorandum, and accompanying documents, any opposition by Plaintiff, and the entire record herein, it is on this ____ day of _____, 2008,

ORDERED that Defendants' Motion to Dismiss and Motion for Summary Judgment is Granted.

Date _____         _____
                                  UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RAUL CASTILLO RAMOS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-00895 (JDB)** |
| | ) | |
| **BUREAU OF PRISONS** | ) | |
| **ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

DECLARATION OF JOHN W. KORNMEIER

I, John W. Kornmeier declare the following to be a true and correct statement of facts:

1) I am an attorney advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"); the review of FOIA/PA requests for access to records located in this office and 94 United States Attorney's offices ("USAO's") and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; the location of responsive records; and preparation of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et. seq. and §16.40 et. seq.).

2) As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to release and/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under these Acts. The statements I make hereinafter are made on the basis of my review of the official files and records of the EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3)  Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to the EOUSA by the above-captioned Plaintiff, Raul Ramos (hereinafter referred to as "Mr. Ramos "). I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

4)  By letter dated September 19, 2006, Mr. Ramos submitted a FOIA request for records on himself from the District of Maryland; see Exhibit A for a copy of the September 19, 2006 letter.

5) The USAO for the District of Maryland conducted a search using the Legal Information Office Network System ("LIONS") and located  the records of Mr. Ramos. The USAO forwarded these records to the EOUSA for processing and review.

6) By letter dated March 30, 2007, the EOUSA released 21 pages in full, 7 pages in part, withheld 92 pages, and referred 12 pages to the Drug Enforcement Administration, and 174 pages to the Bureau of Alcohol, Tobacco, and Firearms; see Exhibit B for a copy of the March 30, 2007 letter.

## PRIVACY ACT EXEMPTION

7) The EOUSA processes all requests by individuals for records pertaining to themselves under both the Freedom of Information and the Privacy Acts in order to provide the requester the maximum disclosure authorized by law.  The Criminal Case Files maintained by various U.S. Attorney Offices are within the regulations pertaining to the Department of Justice Privacy Act Systems of Records at 28 C.F.R. §16.81 (a)(4).  Pursuant to 28 C.F.R. §16.81, the Attorney General has exempted Criminal Case Files from the Privacy Act's access provisions because they are records of an agency which performs as its principal function activity pertaining to the enforcement of criminal laws.  The Privacy Act, 5 U.S.C. § 552a(j)(2), exempts from mandatory disclosure records maintained by an agency or component thereof, which performs as its principal function any activity pertaining to the enforcement of criminal laws. Here, because the Mr. Ramos' records were part of the criminal case files of the U.S. Attorney's Office

- 2 -

for the District of Maryland, and were, therefore, compiled for law enforcement purposes, it was determined that the records withheld, which were responsive to Mr. Ramos' request, were not disclosable under the Privacy Act.

## FREEDOM OF INFORMATION ACT EXEMPTIONS

EOUSA asserts the following exemptions in its Vaughn Index attached and made a part hereof as Exhibit C:

## EXEMPTION 5 U.S.C. Section 552(b)(5)

8)  Exemption (b)(5) of the FOIA exempts from disclosure privileged documents, which are not ordinarily available to a party in litigation.  The three primary privileges most frequently invoked in applying this exemption are: attorney work-product, deliberative process, and attorney-client privilege.

9) The EOUSA asserts Exemption (b)(5) to protect information pursuant to the attorney work product and deliberative process privileges.

10)  The records to which the attorney work-product privilege is applied reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Mr. Ramos' criminal case.  The records were prepared by an attorney or at an attorney's request or direction, in anticipation of or during litigation.  The substance of the records are such as to be exempt from disclosure pursuant to this privilege.

11)  In addition, these same records, in certain instances, contain deliberative process of the U.S. Attorney's office and other federal  agencies in considering possible criminal actions against Mr. Ramos and others.  To disclose this information would reveal pre-decisional communications among government personnel (i.e., discussions of various litigation issues, alternatives, and strategies), which would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making.  The attorney work product and deliberative process are  interwoven in some of the material as to make it all, in essence, attorney work product.

<u>EXEMPTION 5 U.S.C. Section 552(b)(7)(C)</u>

12)  Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information

compiled for law enforcement purposes if such release could reasonably be expected to constitute an

unwarranted invasion of personal privacy.  All information at issue in this case was compiled for law

enforcement purposes in order to prosecute Mr. Ramos and others  for violations of illegal drug

distribution and other laws.

13) Exemption (b)(7)(C) was applied to withhold the identities of and personal information about

third party individuals, the release of which could subject such persons to an unwarranted invasion of

their personal privacy.  Release of the identifying information could result in unwanted and even

unlawful efforts to gain further access to such persons or to personal information about them, or cause

them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from

their connection to the case, all to their detriment.

14) This exemption also applies to withhold identities of individuals such as special federal

agents, government employees, and local law enforcement personnel who participated in the

investigation and prosecution of this case.  Individual duties and assignments are not public and such

publicity as would likely arise from disclosure would seriously impede, if not totally jeopardize, law

enforcement effectiveness in subsequent cases, even subjecting such individuals to harassment or harm.

These persons have protected privacy interests in the conduct of law enforcement investigations.

15)  The EOUSA determined that there was no public interest in the release of this information

because dissemination of the information would not help explain the activities and operations of the

EOUSA.  No public interest would counterbalance the individual's(s') privacy right in the information

withheld under this exemption.  Indeed, Mr. Ramos provided this office with no authorizations or

consents to release otherwise personal privacy protected materials from any third party individual. No

additional segregable portions were determined releaseable from materials in the Vaughn Index, other

than what is therein identified as released in part.

16) The EOUSA asserts exemption (b)(7)(C) to withhold the names of persons and personal information, falling within these categories, in documents more fully detailed in the Vaughn Index.

CONCLUSION

17)    Each step in the handling of Mr. Ramos' request has been entirely consistent with the EOUSA and the United States Attorney's office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

18) The Vaughn Index attached to this declaration as Exhibit C describes with particularity each document and all meaningful information contained therein. Each document, and the pages contained in each document, were evaluated for segregability initially, and again during the preparation of the Index. Where a document was withheld in its entirety, the EOUSA determined that there were no meaningful non-exempt portions that could reasonably be released.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 14, 2008.

_____
John W. Kornmeier

To: **Director**          **FOIA REQUEST**          Date: September 19, 2006

RECEIVED

Executive Office for United States Attorneys

2006 OCT -6  PM 2: 33

Department of Justice

600 E Street, NW

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Washington, D.C.   20530

Dear Sir:

This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and informati
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

All records in the district of Maryland

_____

_____

_____

I will pay reasonable search and reproduction fees.
My Biographical data is as follows:

FULL NAME:   RAUL CASTILLO RAMOS

DATE OF BIRTH   September 27, 1978

PLACE OF BIRTH   Dominican Republic

SOCIAL SECURITY NUMBER   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

I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 19th day of September          , 2006.

By X  *Raul Castillo Ramos*
          Affiant/Declarant Herein

(28 USC Section 1746)

Name:   RAUL RAMOS   _____

Reg. No.   38200-037   _____

United States Penitentiary
Box 2068
INEZ, Kentucky   41224

cc : file



GOVERNMENT
EXHIBIT
A

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

Requester:  Raul Ramos                                      Request Number:  06-3374

Subject of Request:  Self

Dear Requester:

MAR 3 0 2007

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X] partial [    ] full denial.

Enclosed please find:

_____21_____ page(s) are being released in full (RIF);
_____7_____ page(s) are being released in part (RIP);
_____92_____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

<u>Section 552</u>                                          <u>Section 552a</u>

[    ] (b)(1)        [    ] (b)(4)        [    ] (b)(7)(B)           [ X ] (j)(2)
[    ] (b)(2)        [ X ] (b)(5)        [ X ] (b)(7)(C)          [    ] (k)(2)
[    ] (b)(3)        [    ] (b)(6)        [    ] (b)(7)(D)          [    ] (k)(5)
_____  [    ] (b)(7)(A)      [    ] (b)(7)(E)          [    ] _____
_____                         [    ] (b)(7)(F)

          [    ] In addition, this office is withholding grand jury material which is retained in the District.

(Page 1 of 2)
Form No. 021- no fee - 3/07


GOVERNMENT EXHIBIT 13

[　]　A review of the material revealed:

　　[ X ] _____ page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:  Drug Enforcement Administration (12 pgs) and Bureau of Alcohol, Tobacco and Firearms (174 pgs)

　　[　]　There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

　　[　]　Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

_____

　　[　]　See additional information attached.

　　This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.  20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. § 16.9.

　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　William G. Stewart II
　　　　　　　　　　　　Assistant Director

Enclosure(s)



**RAUL CASTILLO RAMOS v. BUREAU OF PRISONS, et al.**
**C.A. No. 07-00895-JDB**

# VAUGHN INDEX

**Request No. 06-3374 for Full Disclosure and Release of all Records on Raul C. Ramos(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT. | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 63 | Attorney work-product: hand-written and type written notes prepared by or under the supervision of an Assistant United States Attorney ("AUSA") in anticipation of litigation consisting of analysis of and thoughts on statutes, cases, facts, witnesses, and strategy; the notes also contain names of agents and potential witnesses | WIF<br><br>b5<br><br>b7C | Exemption b(5) protects the AUSA's legal opinions, analyses, and thoughts prepared in anticipation of litigation under the attorney work product privilege.<br><br>The names of the third party witnesses and agents contained in the notes are withheld under exemption (b)(7)(C) of the Freedom of Information Act ("FOIA") which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The information on the third party individuals is withheld because to disclose information associating them with a criminal investigation is a clear invasion of their personal privacy. Names of law enforcement officers are routinely withheld as well to protect their privacy and from harassment and possible retaliation. There are no public interests to weigh.<br>Since the entire document consists of attorney work-product, there is no segregable non-exempt information. |

**RAUL CASTILLO RAMOS v. BUREAU OF PRISONS, et al.**
**C.A. No. 07-00895-JDB**

## VAUGHN INDEX

**Request No. 06-3374 for Full Disclosure and Release of all Records on Raul C. Ramos(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 2 | 27 | This document is the criminal history of the informant in the underlying criminal case involving Mr. Ramos. | WIF<br><br>b7C | This information on this third party informant is withheld under exemption  (b)(7)(C) of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The information on this informant is withheld because to disclose information associating him/her with a criminal investigation is an invasion of his/her personal privacy and could subject her/him to danger or harassment. In addition, the details of his/her criminal record standing alone, are sufficient to invoke the protection of this exemption.<br><br>There are no public interests to weigh.<br><br> The document has been examined for segregable information. Since the entire document is the criminal record of one individual, there is no meaningful information that could be segregated that would not be an invasion of the individual's  privacy. |

2

## RAUL CASTILLO RAMOS v. BUREAU OF PRISONS, et al.
### C.A. No. 07-00895-JDB

## VAUGHN INDEX

**Request No. 06-3374 for Full Disclosure and Release of all Records on Raul C. Ramos(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 3 | 2 | Deliberative process: this document is an exchange of e-mails among individuals in the U.S. Attorney's Office prosecuting Mr. Ramos' criminal case and agents involved in the investigation,  discussing the possible charges, possible plea bargain options, possible cooperation, investigation developments, and legal issues; the discussions are prior to reaching decisions on issues; the document also contains the AUSA's thoughts on these matters and as such constitute attorney work-product. | WIF

b5 | Exemption b(5) is asserted to prevent the release of pre-decisional information under the deliberative process privilege. The disclosure of pre-decisional information would discourage candid communication among government personnel and disrupt the federal decision-making process.

Exemption (b)(5) is also asserted to  protect the AUSA's legal opinions and thoughts under the attorney work product privilege.  This document, which was prepared in anticipation of litigation, contains the AUSA's thoughts on the case issues.

To the extent this document is attorney work product, which contains no non-exempt material, there is nothing to segregate. The deliberative process information was examined for segregable non-exempt material, but the facts and opinions are so inextricably intertwined that there is no meaningful information that can be segregated. |

3

**RAUL CASTILLO RAMOS v. BUREAU OF PRISONS, et al.**
**C.A. No. 07-00895-JDB**

# VAUGHN INDEX

**Request No. 06-3374 for Full Disclosure and Release of all Records on Raul C. Ramos(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 4 | 5 | Material prepared by the AUSA or under his supervision in the Ramos case in anticipation of litigation; the material contains printed cases pulled up in legal research; each page is annotated with hand-written government attorneys' notes; only the notes are redacted; the remainder has been released. | RIP<br><br>b5 | This document is withheld under exemption (b)(5) of the FOIA as attorney work product prepared in anticipation of litigation.  Exemption b(5) protects the AUSA's legal opinions, theories, drafts, and thoughts.<br><br>Since only the hand-written attorney work product notes are redacted there is no non-exempt information to segregate. |
| --- | --- | --- | --- | --- |
|  |  |  |  |  |

4

**RAUL CASTILLO RAMOS v. BUREAU OF PRISONS, et al.**
**C.A. No. 07-00895-JDB**

# VAUGHN INDEX

**Request No. 06-3374 for Full Disclosure and Release of all Records on Raul C. Ramos(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| | | | | |
|---|---|---|---|---|
| 5 | 2 | This document consists of two one page letters written from the AUSA in Mr. Ramos's criminal case to his attorney; only the name of a third party, a forensic chemist, is redacted; the balance of the letter is released. | RIP<br><br>b7C | The identity of this individual is withheld under exemption  (b)(7)(C ) of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The information on this chemist is withheld because to disclose information associating him/her with a criminal investigation is an invasion of his/her personal privacy and could subject her/him to danger or harassment<br><br>There are no public interests to weigh.<br><br>Since only the name is withheld, there is no issue of segregability. |




UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


RAUL CASTILLO RAMOS,

        PLAINTIFF,

     v.              CIVIL ACTION NO.: 1:07-cv-00895-JDB
                      )
FEDERAL BUREAU OF PRISONS,)
  ET AL.,           )
          DEFENDANTS.

## DECLARATION OF SHARON MASSEY

    1.   I, Sharon Massey, do hereby declare that I am a Legal Instruments Examiner ("LIE") assigned to the Consolidated Legal Center, "CLC" Lexington, Kentucky of the Bureau of Prisons (BOP). I have held this position since May 10, 1998

    2.   As a Legal Instruments Examiner I have access to official files and records maintained regarding inmates presently or previously confined in an institution within CLC Lexington's jurisdication, including the electronic database known as SENTRY In addition, I have access to the Freedom of Information request files maintained in the Consolidated Legal Center, Lexington Kentucky.

3.    Raul Castillo Ramos, Federal Register No. 38200-037, is incarcerated at the United States Penitentiary("USP")in Big Sandy, Kentucky. Plaintiff was sentenced in the United States District Court for the District of Maryland to a 180-month sentence for violation of 18 U.S.C. § 841(a (1  "Distribution and Possession with Intent to distribute Cocaine base; 18 U.S.C. § 924 (c)(a  "Carrying a Firearm During and in Relation to a Drug Trafficking Crime". Mr. Ramos has a good conduct time release date of June 25, 2043.  See Attachment A for a true and accurate copy of inmate Public Information Inmate SENTRY printout.  I have reviewed a copy of the Complaint filed in this case

### FOIA REQUEST 2007-00300

4    On June October 2, 2006, the Freedom of Information Division of the Federal Bureau of Prisons, Central Office, Washington, D.C., received and forwarded to CLC Lexington, a Freedom of Information ("FOIA")letter from the Plaintiff. See Attachment B for a true and accurate copy of Mr. Ramos's request.

5.    The Central Office FOIA/PA Section forwarded the request to CLC Lexington and it was received on or about October 17, 2006, and forwarded to USP Big Sandy. See Attachment C for a true and accurate copy of the October 17, 2006, letter to USP Big Sandy.

6    The Plaintiff's Freedom of Information ("FOIA") letter requested, "All records including USP Big Sandy and all ISM SIS[2], SIA[3], and FOIA Exempt records. **See Attachment B for a true and accurate copy of Mr. Ramos's request.**

CLC Lexington assigned this request FOIA number 2007-00300

6    On November 15, 2006, CLC Lexington responded to Mr Ramos's FOI request no. 2007-00300. Mr. Ramos was notified that CLC Lexington had located 39 pages responsive to his request   Of the 39 pages, 11 pages were released in their entirety; 5 pages were partially released with redactions, and 23 pages were withheld in their entirety. **See Attachment D for a true and accurate copy of the November 15, 2006, letter.**

---

[1]ISM stands for the Inmate Systems Department. ISM handles inmate sentence computations and possesses an inmate's Judgement & Commitment Order(s) as well as any state or federal detainers.

[2]SIS stands for the Special Investigative Services.  This department handles all security investigations related to inmate activities. These investigations include gang issues, murders, assaults, gambling, drugs, contraband, sexual assaults, extortion, escape plots and continued criminal activities.   The department also works as a liaison with state and federal law enforcement agencies.

[3]The SIA stands for Special Investigative Agent.  He or she is the head of the SIS Department and handles SIS duties as well as issues related to employee misconduct or criminal activity. The SIA works with the BOP's Office of Internal Affairs, Office of Inspector General, and the Federal Bureau of Investigation.

7    CLC Lexington recieved no information related to any appeal filed by Plaintiff with the Department of Justice Office of Information and Privacy "OIP").

### RELEASED DOCUMENTS

8.    CLC Lexington released 11 pages in their entirety. <u>See</u> **Attachment E; Full Released Documents.**

### PARTIAL RELEASED DOCUMENTS

9.    CLC Lexington partially released 5 pages to the Plaintiff.

10.    The 5 pages released **See Attachment F**, with excisions which consist of the following:

11.    One  1  page entitled "Sentence Monitoring Computation Data" dated June 25, 2006

12.    The redacted sections contained information related to the Plaintiff's "Offense Code" and "Offense Charges".

13.    The redactions were made pursuant to Title 5, United States Code, Section 552(b) 7) (F), which provides for the withholding of records or information compiled for law enforcement purposes which could endanger the lives or physical safety of an individual

14    Within a prison, the inmate population will often
require an inmate to provide a copy of his Judgment & Commitment
Order or other documents reflecting his criminal conduct.  This
is done to identify pedophiles, members of a gang or rival gangs
and determine if an inmate cooperated with law enforcement.  This
process places all inmates at risk.  Therefore, the BOP does not
release this information to an inmate for their protection and
safety.

15.   One  1  page entitled "Sentence Monitoring Computation
Data" dated June 25, 2006

16    The redacted sections contained information related to
the Plaintiff's "Offense Charges"

17.   The redactions were made pursuant to Title 5, United
States Code, Section 552(b)(7  (F  which provides for the
withholding of records or information compiled for law
enforcement purposes which could endanger the lives or physical
safety of an individual.

18.   See Paragraph #14 for the rationale in the redaction.

19.   One  1  page entitled "Judgment in a Criminal Case" or
Plaintiff's Judgment & Commitment Order dated February 2, 2005.

20.   The redacted sections contained information related to
the Plaintiff's Criminal Offenses

21.    The redactions were made pursuant to Title 5, United States Code, Section 552(b) 7)(F), which provides for the withholding of records or information compiled for law enforcement purposes which could endanger the lives or physical safety of an individual.

22.    See Paragraph #14 for the rationale in the redaction

23.    One  1  page entitled "Individual Custody & Detention Report USM 129)" dated February 2, 2003

24.    The redacted sections contained information related to the name of the Immigration & Naturalization agent who placed an INS Detainer on the Plaintiff.

25.    The redaction was made pursuant to 5 U.S.C. 552(b) 7 ( C), which exempts from disclosure records or information complied for law enforcement purposes which would constitute a clearly unwarranted invasion of personal privacy surrounding other individuals

26.    The BOP redacted the name of the INS agent to protect his personal privacy and identity.

27.    One  1  page entitled "Security/Designation Data"

28.    The redactions were made pursuant to Title 5, United States Code, Section 552(b) 7)(F), which provides for the withholding of records or information compiled for law enforcement purposes which could endanger the lives or physical safety of an individual

29.   See Paragraph #14 for the rationale in the redaction

There was also a redaction made to this same page entitled "CCM RMKS"

31.   The redactions were made pursuant to Title 5, United States Code, Section 552(b) 7 (F), which provides for the withholding of records or information compiled for law enforcement purposes which could endanger the lives or physical safety of an individual.

The redactions were also made pursuant to Title 5, United States Code, Section 552(b)(5), which allows exemption of information intended for staff use only, the disclosure of which would tend to inhibit frank communication between prison officials, or correspondence that is speculative or deliberative in nature.  This exemption protects information which would not be available by law to a party other than an agency in litigation with that agency.

In addition to the rationale outlined in paragraph #14, the remarks made by the "CCM" or the Community Corrections Manager are reflective of the initial information the "CCM" receives from the Sentencing Court, U.S. Probation Office, and U.S. Attorney's Office as it relates to the prisoner's initial security classification for assignment into an appropriate federal facility.  The information includes the conviction and a summary, any detainers, prior arrests, as well as scoring for

violence.   This is an internal comment section to assist in the
designation of an inmate and is speculative or deliberative in
nature.

### PAGES WITHHELD

34.   The page withheld in full consist of the following:

35.   One  1  page consisted of database  AIMS  system)
printout entitled "Nicknames" used to track inmate nicknames
while housed in the BOP

36.   The page was withheld pursuant to Title 5, United
States Code, Section 552(b) 7  F)|, which provides for the
withholding of records or information compiled for law
enforcement purposes which could endanger the lives or physical
safety of an individual.

37.   The page was also withheld pursuant to Title 5, United
States Code, Section 552(b)(5), which allows exemption of
information intended for staff use only, the disclosure of which
would tend to inhibit frank communication between prison
officials, or correspondence that is speculative or deliberative
in nature.   This exemption protects information which would not
be available by law to a party other than an agency in litigation
with that agency.

38.   This form/data system permits SIS staff to match an inmate's real name with his prison or "street" nickname(s)  This assists the BOP and law enforcement in identifying specific inmates during the monitoring of inmate mail, telephone calls visitation or statements made in the general compound.  Inmates often use nicknames within prison as a means of identification between other inmates and the community, while hiding their true identities from BOP staff or law enforcement.  Under the cover of nicknames, inmates attempt to become involved in illegal or gang related activities within and outside the prison without detection.

39.   The disclosure of this information to the Plaintiff or any inmate jeopardizes the BOP's ability to monitor inmate activities, since the disclosure will inform the inmate the BOP has the nickname(s) the inmate use.  Disclosure would frustrate the ability to monitor inmates and insure the safety of the public and the prison

40. The page was reviewed to see if certain information was excised whether the remaining portion of any pages could be released.   The review determined the page cannot reasonably and meaningfully be segregated.

41.   One  1  page consisted of the Plaintiff's Judgement and Commitment Order, which was entitled "Statement of Reasons" and stated, "not for public disclosure"

42.  The page was withheld pursuant to Title 5, United States Code, Section 552(b) 7) F), which provides for the withholding of records or information compiled for law enforcement purposes which could endanger the lives or physical safety of an individual

43.  In addition to paragraph #14, Program Statement 1351.05, dated September 19, 2002, and entitled *Release of Information,* prohibits inmates from obtaining and possessing photocopies of their Pre-sentence Reports (PSR) and the Statement of Reasons (SOR) from their Judgment(s) in a Criminal Case. <u>See</u> Attachment G; Program Statement 1351.05, Summary of Changes & pg. 15.

44.  The purpose of this prohibition is to protect inmates from being coerced by other inmates to produce their PSRs and SORs for illicit purposes.  Inmates will be permitted to review their PSRs and SORs, but cannot obtain or possess photocopies

45.  The page was reviewed to see if certain information was excised whether the remaining portion of any pages could be released.  The review determined the page cannot reasonably and meaningfully be segregated

46.  One (1 page consisted of the Plaintiff's Judgement and Commitment Order, which was entitled "Statement of Reasons" and stated, "not for public disclosure"

The page was withheld pursuant to Title 5, United States Code, Section 552(b) 7 F), which provides for the withholding of records or information compiled for law enforcement purposes which could endanger the lives or physical safety of an individual.

48.    In addition to paragraph #14, Program Statement 1351.05, dated September 19, 2002, and entitled *Release of Information,* prohibits inmates from obtaining and possessing photocopies of their Pre-sentence Reports (PSR) and the Statement of Reasons (SOR) from their Judgment(s) in a Criminal Case. See Attachment G; Program Statement 1351.05, Summary of Changes & pg. 15

49.    The purpose of this prohibition is to protect inmates from being coerced by other inmates to produce their PSRs and SORs for illicit purposes.    Inmates will be permitted to review their PSRs and SORs, but cannot obtain or possess photocopies.

The page was reviewed to see if certain information was excised whether the remaining portion of any pages could be released.    The review determined the page cannot reasonably and meaningfully be segregated.

51.    Twenty (20 pages consisted of the Plaintiff's "PreSentence Report".

52.   The Presentence Report has a specific restriction which state in part, "It is the policy of the federal judiciary and the Department of Justice that further re-disclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

53.   The page was withheld pursuant to Title 5, United States Code, Section 552(b)(7) F), which provides for the withholding of records or information compiled for law enforcement purposes which could endanger the lives or physical safety of an individual

54.   In addition to paragraph #14, Program Statement 1351.05, dated September 19, 2002, and entitled *Release of Information,* prohibits inmates from obtaining and possessing photocopies of their Pre-sentence Reports (PSR) and the Statement of Reasons (SOR) from their Judgment(s) in a Criminal Case. See Attachment G; Program Statement 1351.05, Summary of Changes & pg. 15

55.   The purpose of this prohibition is to protect inmates from being coerced by other inmates to produce their PSRs and SORs for illicit purposes.   Inmates will be permitted to review their PSRs and SORs, but cannot obtain or possess photocopies

The page was reviewed to see if certain information was excised whether the remaining portion of any pages could be released.  The review determined the page cannot reasonably and meaningfully be segregated

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this __3rd__ day of July 2007

Sharon Massey, Legal Instruments Examiner
Consolidated Legal Center
Federal Bureau of Prisons
Lexington, Kentucky 40511

**ATTACHMENT A**

```
   LEXZ2                    PUBLIC INFORMATION              07-02-2007
PAGE 001                      INMATE DATA                   09:18:13
                            AS OF 07-02-2007

REGNO    38200-037 NAME  RAMOS, RAUL CASTILLO

                    RESP OF: BSY / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 606-433-2400      FAX: 606-433-2577
                                               RACE/SEX...: WHITE / MALE
FBI NUMBER.: 254399MB5                         DOB/AGE....: 09-27-1978 / 28
PROJ REL MT: GOOD CONDUCT TIME RELEASE         PAR ELIG DT: N/A
PROJ REL DT: 04-25-2043                        PAR HEAR DT:
--------------------------- ADMIT/RELEASE HISTORY ----------------------------
FCL     ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP  DATE/TIME
BSY     A-DES      DESIGNATED, AT ASSIGNED FACIL 09-29-2005 1459 CURRENT
S38     RELEASE    RELEASED FROM IN-TRANSIT FACL 09-29-2005 1459 09-29-2005 1459
S38     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-29-2005 0618 09-29-2005 1459
ATL     HLD REMOVE HOLDOVER REMOVED               09-29-2005 0618 09-29-2005 0618
ATL     A-HLD      HOLDOVER, TEMPORARILY HOUSED   08-22-2005 1930 09-29-2005 0618
I-T     RELEASE    RELEASED FROM IN-TRANSIT FACL 08-22-2005 1930 08-22-2005 1930
I-T     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-15-2005 0530 08-22-2005 1930
B15     RELEASE    RELEASED FROM IN-TRANSIT FACL 07-15-2005 0530 07-15-2005 0530
B15     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-14-2005 0430 07-15-2005 0530
PEM     HLD REMOVE HOLDOVER REMOVED               07-14-2005 0430 07-14-2005 0430
PEM     A-HLD      HOLDOVER, TEMPORARILY HOUSED   07-12-2005 1542 07-14-2005 0430
B09     RELEASE    RELEASED FROM IN-TRANSIT FACL 07-12-2005 1542 07-12-2005 1542
B09     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-12-2005 0641 07-12-2005 1542
ATL     HLD REMOVE HOLDOVER REMOVED               07-12-2005 0641 07-12-2005 0641
ATL     A-HLD      HOLDOVER, TEMPORARILY HOUSED   07-06-2005 2100 07-12-2005 0641
S37     RELEASE    RELEASED FROM IN-TRANSIT FACL 07-06-2005 2100 07-06-2005 2100
S37     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-06-2005 1145 07-06-2005 2100
BSY     FED WRIT   RELEASE ON FEDERAL WRIT        07-06-2005 1145 09-29-2005 1459
BSY     A-DES      DESIGNATED, AT ASSIGNED FACIL 04-21-2005 1431 07-06-2005 1145
S39     RELEASE    RELEASED FROM IN-TRANSIT FACL 04-21-2005 1431 04-21-2005 1431
S39     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-21-2005 0755 04-21-2005 1431
ATL     HLD REMOVE HOLDOVER REMOVED               04-21-2005 0755 04-21-2005 0755
ATL     A-HLD      HOLDOVER, TEMPORARILY HOUSED   04-15-2005 1810 04-21-2005 0755
0-Q     RELEASE    RELEASED FROM IN-TRANSIT FACL 04-15-2005 1810 04-15-2005 1810
0-Q     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-22-2005 1313 04-15-2005 1810
CBR     ADMIN REL  ADMINISTRATIVE RELEASE         02-22-2005 1313 02-22-2005 1313
CBR     A-ADMIN    ADMINISTRATIVE ADMISSION       02-22-2005 1257 02-22-2005 1313


G0002      MORE PAGES TO FOLLOW
```

```
   LEXZ2                     PUBLIC INFORMATION                 07-02-2007
PAGE 002                       INMATE DATA                      09:18:13
                             AS OF 07-02-2007

REGNO   38200-037 NAME  RAMOS, RAUL CASTILLO

                    RESP OF: BSY / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 606-433-2400   FAX: 606-433-2577
PRE-RELEASE PREPARATION DATE: 10-25-2042

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT
THE INMATE IS PROJECTED FOR RELEASE:  04-25-2043 VIA GCT REL

                    -CURRENT JUDGMENT/WARRANT NO  010

COURT OF JURISDICTION...........: MARYLAND
DOCKET NUMBER...................: AW-04-0293
JUDGE...........................: WILLIAMS, JR
DATE SENTENCED/PROBATION IMPOSED: 02-02-2005
DATE COMMITTED..................: 04-21-2005
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES           COSTS
NON-COMMITTED.   $800.00        $00.00          $00.00          $00.00

RESTITUTION    PROPERTY: NO  SERVICES  NO      AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 ----------------
OFFENSE CODE....:  381
OFF/CHG: 21:841(A)(1) DISTRIBUTION AND PWITD COCAINE BASE; CTS 1,3,4
        5, 7 & 8;

  SENTENCE PROCEDURE............  3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE  180 MONTHS
  TERM OF SUPERVISION...........  5 YEARS
  DATE OF OFFENSE...............  04-07-2003

-------------------------CURRENT OBLIGATION NO: 020 ----------------
OFFENSE CODE....:  130
OFF/CHG: 18:924(C)(1)(A)(I) CARRYING A FIREARM DURING AND IN RELATION
        TO A DRUG TRAFFICKING CRIME; CTS 2 & 6.

  SENTENCE PROCEDURE............  3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.  30 YEARS
  TERM OF SUPERVISION...........  3 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS TO OBLG 010


G0002      MORE PAGES TO FOLLOW
```

```
  LEXZ2        *          PUBLIC INFORMATION                07-02-2007
PAGE 003 OF 003 *            INMATE DATA                    09:18:13
                          AS OF 07-02-2007

REGNO     38200-037 NAME  RAMOS, RAUL CASTILLO

                    RESP OF  BSY / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..  606-433-2400   FAX: 606-433-2577
     DATE OF OFFENSE.........  ....: 04-07-2003

                   --CURRENT COMPUTATION NO: 010

COMPUTATION 010 WAS LAST UPDATED ON 05-20-2005 AT BSY AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 02-02-2005
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:  45 YEARS
TOTAL TERM IN EFFECT CONVERTED..:  45 YEARS
AGGREGATED TERM OF SUPERVISION..:   5 YEARS
EARLIEST DATE OF OFFENSE........: 04-07-2003

JAIL CREDIT                      FROM DATE      THRU DATE
                                 02-11-2004     02-01-2005

TOTAL PRIOR CREDIT TIME.........: 357
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 2117
TOTAL GCT EARNED................: 162
STATUTORY RELEASE DATE PROJECTED: 04-25-2043
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 02-09-2049


PROJECTED SATISFACTION DATE..  : 04-25-2043
PROJECTED SATISFACTION METHOD  : GCT REL


S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```



```
    LEXZ2  531.01 *              INMATE HISTORY                07-02-2007
    PAGE 001 OF 001 *               ADM-REL                    09:19:03

    REG NO..  38200-037 NAME....  RAMOS, RAUL CASTILLO
    CATEGORY  ARS        FUNCTION  PRT       FORMAT:

FCL    ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP  DATE/TIME
BSY    A-DES      DESIGNATED, AT ASSIGNED FACIL 09-29-2005 1459 CURRENT
S38    RELEASE    RELEASED FROM IN-TRANSIT FACL 09-29-2005 1459 09-29-2005 1459
S38    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-29-2005 0618 09-29-2005 1459
ATL    HLD REMOVE HOLDOVER REMOVED              09-29-2005 0618 09-29-2005 0618
ATL    A-HLD      HOLDOVER, TEMPORARILY HOUSED  08-22-2005 1930 09-29-2005 0618
I-T    RELEASE    RELEASED FROM IN-TRANSIT FACL 08-22-2005 1930 08-22-2005 1930
I-T    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-15-2005 0530 08-22-2005 1930
B15    RELEASE    RELEASED FROM IN-TRANSIT FACL 07-15-2005 0530 07-15-2005 0530
B15    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-14-2005 0430 07-15-2005 0530
PEM    HLD REMOVE HOLDOVER REMOVED              07-14-2005 0430 07-14-2005 0430
PEM    A-HLD      HOLDOVER, TEMPORARILY HOUSED  07-12-2005 1542 07-14-2005 0430
B09    RELEASE    RELEASED FROM IN-TRANSIT FACL 07-12-2005 1542 07-12-2005 1542
B09    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-12-2005 0641 07-12-2005 1542
ATL    HLD REMOVE HOLDOVER REMOVED              07-12-2005 0641 07-12-2005 0641
ATL    A-HLD      HOLDOVER, TEMPORARILY HOUSED  07-06-2005 2100 07-12-2005 0641
S37    RELEASE    RELEASED FROM IN-TRANSIT FACL 07-06-2005 2100 07-06-2005 2100
S37    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-06-2005 1145 07-06-2005 2100
BSY    FED WRIT   RELEASE ON FEDERAL WRIT       07-06-2005 1145 09-29-2005 1459
BSY    A-DES      DESIGNATED, AT ASSIGNED FACIL 04-21-2005 1431 07-06-2005 1145
S39    RELEASE    RELEASED FROM IN-TRANSIT FACL 04-21-2005 1431 04-21-2005 1431
S39    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-21-2005 0755 04-21-2005 1431
ATL    HLD REMOVE HOLDOVER REMOVED              04-21-2005 0755 04-21-2005 0755
ATL    A-HLD      HOLDOVER, TEMPORARILY HOUSED  04-15-2005 1810 04-21-2005 0755
O-Q    RELEASE    RELEASED FROM IN-TRANSIT FACL 04-15-2005 1810 04-15-2005 1810
O-Q    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-22-2005 1313 04-15-2005 1810
CBR    ADMIN REL  ADMINISTRATIVE RELEASE        02-22-2005 1313 02-22-2005 1313
CBR    A-ADMIN    ADMINISTRATIVE ADMISSION      02-22-2005 1257 02-22-2005 1313



G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
  LEXZ2          *           INMATE DISCIPLINE DATA              07-02-2007
PAGE 001 OF 001 *     CHRONOLOGICAL DISCIPLINARY RECORD          09:19:27

REGISTER NO  38200-037 NAME..  RAMOS, RAUL CASTILLO
FUNCTION... PRT        FORMAT  CHRONO      LIMIT TO      MOS PRIOR TO 07-02-2007
```

```
G5401        DISCIPLINE DATA DOES NOT EXIST FOR THIS INMATE
```

**ATTACHMENT B**

02-00300

MXRo

**FOIA REQUEST**

To: __Director__

__Federal Bureau of Prisons__    Date: September 19, 2006

__320 First Street, NW__

__Washington, D.C.  20534__

RECEIVED
~ 2006
FOIA SECTION
FEDERAL BUREAU OF PRISON

Dear Sir:

This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and informati
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

All __records including USP Big Sandy and all ISM, SIS, SIA and FOIA__

__Exempt frecords.__

I will pay reasonable search and reproduction fees
My Biographical data is as follows:

FULL NAME:  RAUL CASTILLO RAMOS

DATE OF BIRTH   September 27, 1978

PLACE OF BIRTH  Dominican Republic

SOCIAL SECURITY NUMBER  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

I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this __19th__ day of __September__, 2006.

By X _Raul Castillo Ramos_
Affiant/Declarant Herein

(28 USC Section 1746

Name   RAUL RAMOS

Reg No.    38200-037

United States Penitentiary
Box 2068
INEZ, Kentucky   41224

file

**ATTACHMENT C**

UNITED STATES GOVERNMENT

# MEMORANDUM

*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

October 17, 2006

## MEMORANDUM FOR FERNANDO MESSER, LEGAL LIAISON, USP MCR
## BEVERLY STARK, LEGAL LIAISON, USP BSY

**FROM:**     **Joseph C. Tang, Supervisory Attorney**
**Consolidated Legal Center**

**SUBJECT:**     **Request for Records**

The following records have been requested by letter to this office.  Please duplicate the requested records and forward them to the Consolidated Legal Center at Lexington, Kentucky,  within ten (10) working days.  Please attach a copy of this letter to the requested records before mailing.  **If the total amount of pages exceed 350, please notify us first before copying.**  If you have any questions, please do not hesitate to contact me at 859-255-6812 X 5119.

RAMOS, Raul, Reg. No. 38200-037,  FOIA #2007-00300

J&C file; FOI exempt portion of inmate central file & SIS records

[Inmate  requesting]

**ATTACHMENT D**



**UNITED STATES GOVERNMENT**
Federal Bureau of Prisons
*Federal Medical Center*
*Consolidated Legal Center*
*3301 Leestown Road*
*Lexington, Kentucky 40511-8799*

November 15, 2006

Raul Ramos
Reg. No. 38200-037
United States Penitentiary
Big Sandy
Post Office Box 2068
Inez, Kentucky 41224-2068

Re: FOIA/PA Request No. 2006-00300

Mr. Ramos

This letter is in response to your Request for Federal Bureau of Prisons records. You requested a a copy of the FOI Exempt portion of your inmate central file, your Judgment & Commitment file and SIS/SIA files.

We have located 39 pages responsive to your request. We have determined 11 pages are being released to you in their entirety; 5 pages have had information withheld; and the remaining 23 pages are being withheld entirely. The above withholding of information is pursuant to:

> Title 5, United States Code, Section 552(b)(5), which allows exemption of information intended for staff use only, the disclosure of which would tend to inhibit frank communication between prison officials, or correspondence that is speculative or deliberative in nature. This exemption protects information which would not be available by law to a party other than an agency in litigation with that agency.

> Title 5, United States Code, Section 552(b)(7)(F), which provides for the withholding of records or information compiled for law enforcement purposes which could endanger the lives or physical safety of an individual.

Pursuant to Program Statement 1351.05, Release of Information, dated September 9, 2002, inmates are prohibited from obtaining and possessing photocopies of their Presentence Report (PSR) and/or Statement of Reasons (SOR) or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.) The policy change was made to protect inmates from being coerced by other inmates to produce their PSR and SOR for illicit purposes. Although prohibited from obtaining or possessing photocopies, federal inmates are entitled under the Freedom of Information Act (FOIA) to access their own PSRs and SORs. You can access your PSR by making a request to your unit team for an opportunity to review the record, but you are prohibited from making a photocopy of it. Possessing a copy of your PSR or SOR or like document is considered contraband and is subject to disciplinary action.

FOIA NO. 2007-00300
RAMOS, Raul
Reg. No. 38200-037
Page 2

In the event you need a copy of your PSRs or SORs for filing as an attachment in a court case, you may obtain, complete, and submit to the court an Inmate Request for Certification or Judicial Notice of Presentence Report and/or Statement of Reasons form (BP-S757.013). These forms are available in the law library and housing units.

Pursuant to Title 28, Code of Federal Regulations, Section 16.8, this response may be appealed to the Attorney General by filing a written appeal within sixty days of the date of this letter. The appeal should be addressed to the Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Matthew W. Mellady
Acting Regional Counsel

**ATTACHMENT E**

# FULL RELEASE

11 pgs

```
 BSY2E  540*23 *            SENTENCE MONITORING           06-25-2005
 AGE 00          *           COMPUTATION DATA             11:43:20
                            AS OF 06-25-2005

RECNO    38200-037 NAME: RAMOS, RAUL CASTILLO


TOTAL PRIOR CREDIT TIME.........: 357
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 2117
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 04-25-2043
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 02-09-2049


PROJECTED SATISFACTION DATE.. .: 04-25-2043
PROJECTED SATISFACTION METHOD  .: GCT REL
```

G0002      MORE PAGES TO FOLLOW

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 2 - Judgment in a Criminal Case with Supervised Release                    Judgment Page 2 of 6

DEFENDANT:    Raul Castillo Ramos                    CASE NUMBER: AW-04-0293

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of (60) Sixty months as to counts 1, 3, 5, 7 & 8; a total term of (120) One hundred twenty months as to count 4, all counts to run concurrent; a total term of (5) Five years as to count 2, to run consecutive to all other counts; and, a total term of (25) Twenty-five years as to counts 6, to run consecutive to all other counts. The defendant is entitled to credit for time served commencing February 11, 2004.

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant be designated to the FCI at Ft. Dix for service of his sentence or a facility consistent with his security level that is as close as possible to his Mother in Lawrence, Massachusetts;
That the defendant participate in any vocational and/or educational training programs.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____.
☐ as notified by the United States Marshal.

☐ The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

☐ before 2 p.m. on _____

A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.

## RETURN

I have executed this judgment as follows:

Defendant delivered on 4/21/05 to USP Big Sandy at Inez, Ky
_____, with a certified copy of this judgment.

_Suzanne R. Hastings, (Warden)_
UNITED STATES MARSHAL

By: _Lori Riash, LTS_
DEPUTY U.S. MARSHAL

cc: USM

DEFENDANT:    Raul Castillo Ramos                    CASE NUMBER: AW-04-0293

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __(5) five years__ as to counts 1, 3, 4, 5, 6, 7, 8; and, a term of __(3) three years__ as to count 2, all counts to run concurrent.

The defendant shall comply with all of the following conditions:

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

### A.    STATUTORY CONDITIONS OF SUPERVISED RELEASE

1) The defendant shall not commit any federal, state or local crime.

2) In any felony case, the defendant shall not possess a firearm or ammunition as defined in 18 U.S.C. §921.

3) The defendant shall not illegally use or possess a controlled substance.

4) The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

5) If this judgment imposes any criminal monetary penalty, including special assessment, fine, or restitution, it shall be a condition of supervised release that the defendant pay any such monetary penalty that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

### B.    STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense;
13) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendants's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 3.01 - Judgment in a Criminal Case with Supervised Release

Judgment Page 4 of 6

DEFENDANT:       Raul Castillo Ramos                              CASE NUMBER: AW-04-0293

## C.   SUPERVISED RELEASE
## ADDITIONAL CONDITIONS

That the defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer;

2. That the defendant shall satisfactorily participate in a vocational or educational program as directed by the probation officer;

3. That the defendant shall be surrendered to a duly authorized immigration official for deportation in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. 1101 et. seq. As a further condition, if ordered deported, the defendant shall remain outside the United States unless granted permission to return by the Secretary for Homeland Security;

4. That the defendant shall pay a special assessment fee in the amount of $800.00, as directed by the probation officer.

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 5, Part A - Judgment in a Criminal Case with Supervised Release | Judgment Page 5 of 6

| DEFENDANT: | Raul Castillo Ramos | CASE NUMBER: AW-04-0293 |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $    800.00 | $    -0- | $    -0- |

☐ If applicable, restitution amount ordered pursuant to plea agreement.    $

### FINE

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☒ The court has determined that the defendant does not have the ability to pay a fine; therefore, a fine is waived.

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that

   ☐ The interest requirement is waived.

   ☐ The interest requirement is modified as follows:

### RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Amount of Restitution Ordered | Priority Order or Percentage Payment |
|---|---|---|



DEFENDANT:    Raul Castillo Ramos                    CASE NUMBER: AW-04-0293

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; and (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows

A  ☒ A Special Assessment Fee in the amount of $800.00 in full immediately; or

B  ☐ $_____ immediately, balance due (in accordance with C, D, or E); or

C  ☐ Not later than _____, or

D  ☐ Installments to commence        day(s) after the date of this judgment.

E  ☐ In        ___ (e.g. equal weekly, monthly, quarterly) installments of $_____ over a period
      of        year(s) to commence when the defendant is placed on supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

   ☐ in equal monthly installments during the term of supervision; or

   ☐ on a nominal payment schedule of $        per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

   ☐ Joint and Several with:

   ☐ The defendant shall pay the following costs of prosecution and/or court costs:

   ☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

FEB -02'05(WED) 15:10   US MARSHAL-GREENBELT          TEL:301 344 0415  05          P. 002

*** LIMITED OFFICIAL USE ***

DATE: 02/02/2005 TIME: 15:04  PAGE:

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF MARYLAND
DISTRICT: 37  OFFICE: GRN

INDIVIDUAL CUSTODY AND DETENTION REPORT DSM (129)

NAME:  RAMOS, RAUL CASTILLO
USMS NUMBER: 26200037

TOTAL DAYS BOARDED      356

THIS INFORMATION IS THE PROPERTY OF THE U.S. MARSHALS SERVICE AND SHALL NOT
BE PUBLICLY RELEASED OR DISSEMINATED WITHOUT U.S. MARSHALS SERVICE AUTHORITY.

****** END OF REPORT ****

*** LIMITED OFFICIAL USE ***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs                                  CRIMINAL NO. AW-04-0293

RAUL CASTILLO RAMOS
                    Defendant
                        ..ooOoo

## ORDER FOR DISMISSAL

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and by leave of court endorsed hereon the United States Attorney for the District of Maryland hereby dismisses the **INFORMATION** pending against the defendant in the above captioned case

                        Allen F. Loucks
                        United States Attorney

                By:    _Michel Pauz_
                        Assistant United States Attorney

Leave of Court is granted for the filing of      foregoing dismissal.

<u>February 2, 2005</u>
Date                             ALEXANDER WILLIAMS, JR.
                                 United States District Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Advice to U. S. Marshal:      ____ 1. Defendant is not in custody.
     (check one)              ____ 2. Defendant is in custody and
                                     the USAO believes that:
                              ____a.  there is no reason to
                                      hold defendant further.
                                  b.  the defendant should be
                                      held in Federal custody.
                                      (explain below)
                                  c.  the defendant should be
                                      transferred to State
                                      custody.(explain)

Explanation _____

```
   BSY2G  542*22 *              SENTENCE MONITORING          *      05-20-2005
   PAGE 001         *              GOOD TIME DATA            *      10:34:15
                                   AS OF  05-20-2005

   REGNO...: 38200-037    NAME: RAMOS, RAUL CASTILLO
   ARS 1...: BSY A-DES                                        PLRA
   COMPUTATION NUMBER..: 010                        FUNC..: PRT   ACT DT:
   LAST UPDATED: DATE.: 05-20-2005                  FACL..: BSY    CALC: AUTOMATIC
   UNIT................: C1/2                        QUARTERS...........: C04-225U
   DATE COMP BEGINS....: 02-02-2005                 COMP STATUS........: COMPLETE
   TOTAL JAIL CREDIT...: 357                        TOTAL INOP TIME....: 0
   CURRENT REL DT......: 12-17-2048 THU             EXPIRES FULL TERM DT: 02-09-2049
   PROJ SATISFACT DT...: 04-25-2043 SAT             PROJ SATISF METHOD..: GCT REL
   ACTUAL SATISFACT DT.:                            ACTUAL SATISF METHOD:
   DAYS REMAINING......:                            FINAL PUBLC LAW DAYS:

               ---------------GOOD CONDUCT TIME AMOUNTS-----------------------

     START      STOP        MAX POSSIBLE TO      ACTUAL TOTALS    VESTED    VESTED
     DATE       DATE        DIS   FFT          DIS    FFT         AMOUNT    DATE
   02-10-2004  02-09-2005    54    54
   02-10-2005  02-09-2006    54
   02-10-2006  02-09-2007    54
   02-10-2007  02-09-2008    54
   02-10-2008  02-09-2009    54
   02-10-2009  02-09-2010    54
   02-10-2010  02-09-2011    54
   02-10-2011  02-09-2012    54
   02-10-2012  02-09-2013    54
   02-10-2013  02-09-2014    54
   02-10-2014  02-09-2015    54
   02-10-2015  02-09-2016    54
   02-10-2016  02-09-2017    54
   02-10-2017  02-09-2018    54
   02-10-2018  02-09-2019    54
   02-10-2019  02-09-2020    54
   02-10-2020  02-09-2021    54
   02-10-2021  02-09-2022    54
   02-10-2022  02-09-2023    54
   02-10-2023  02-09-2024    54
   02-10-2024  02-09-2025    54
   02-10-2025  02-09-2026    54
   02-10-2026  02-09-2027    54
   02-10-2027  02-09-2028    54
   02-10-2028  02-09-2029    54
   02-10-2029  02-09-2030    54
   02-10-2030  02-09-2031    54
   02-10-2031  02-09-2032    54
   02-10-2032  02-09-2033    54
   02-10-2033  02-09-2034    54
   02-10-2034  02-09-2035    54
   02-10-2035  02-09-2036    54
   02-10-2036  02-09-2037    54

   G0002       MORE PAGES TO FOLLOW . .
```



```
 BSY2G  542*22 *              SENTENCE MONITORING              05-20-2005
 PAGE 002 OF 002 *              GOOD TIME DATA                  10:34:15
                              AS OF   05-20-2005

 REGNO...: 38200-037    NAME: RAMOS, RAUL CASTILLO
 ARS 1...: BSY A-DES                                       PLRA
 COMPUTATION NUMBER..: 010                    FUNC..: PRT   ACT DT:
 LAST UPDATED:  DATE.: 05-20-2005             FACL..: BSY   CALC: AUTOMATIC

                    ----GOOD CONDUCT TIME AMOUNTS-------

    START       STOP        MAX POSSIBLE TO      ACTUAL TOTALS    VESTED    VESTED
    DATE        DATE        DIS   FFT          DIS   FFT         AMOUNT     DATE
 02-10-2037  02-09-2038      54
 02-10-2038  02-09-2039      54
 02-10-2039  02-09-2040      54
 02-10-2040  02-09-2041      54
 02-10-2041  02-09-2042      54
 02-10-2042  02-09-2043      54
 02-10-2043  04-25-2043      11

     TOTAL EARNED AMOUNT........................................:       54
     TOTAL EARNED AND PROJECTED AMOUNT..........................:     2117
```

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

```
   BSY2E  540*23  *              SENTENCE MONITORING            06-25-2005
PAGE 004 OF 004  *              COMPUTATION DATA               11:43:20
                               AS OF 06-25-2005

  REGNO      38200-037 NAME: RAMOS, PAUL CASTILLO


                            CURRENT DETAINERS

  DETAINER NO..: 001
  DATE LODGED..: 05-26-2005
  AGENCY.......: IMMIGRATION & NATURALIZATION
  AUTHORITY....: IMMIGRATION SERVICE OAKDALE, OAKDALE, LA 71463
  CHARGES......: POSSIBLE DEPORTATION (045868171)
```

```
   G0000       TRANSACTION SUCCESSFULLY COMPLETED
```



**ATTACHMENT F**

# PARTIAL RELEASE

```
 BSY2R  540*23 *              SENTENCE MONITORING              06-25-2005
PAGE 00            *          COMPUTATION DATA                 11:43:20
                             AS OF 06-25-2005

REGNO   38200-037 NAME: RAMOS  RAUL CASTILLO

FBI NO...         254399MB5              DATE OF BIRTH: 09-27-1978
ARS1.....         BSY/A-DES
UNIT.....         C1/2                   QUARTERS.....: C04-225U
DETAINERS         YES                    NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE  10-25-2042

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT
THE INMATE IS PROJECTED FOR RELEASE:  04-25-2043 VIA GCT REL

                  CURRENT JUDGMENT/WARRANT NO: 010 -------

COURT OF JURISDICTION..........: MARYLAND
DOCKET NUMBER..................: AW-04-0293
JUDGE..........................: WILLIAMS, JR
DATE SENTENCED/PROBATION IMPOSED: 02-02-2005
DATE COMMITTED.................: 04-21-2005
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

                 FELONY ASSESS   MISDMNR ASSESS  FINES          COSTS
ION-COMMITTED    $800.00         $00.00          $00.00         $00.00

RESTITUTION      PROPERTY   NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 ----------
OFFENSE CODE....: [ (b)(7)f ]
OFF/CHG:
                                (b)(7)f

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  180 MONTHS
 TERM OF SUPERVISION............:   5 YEARS
 DATE OF OFFENSE................: 04-07-2003
```

```
G0002     MORE PAGES TO FOLLOW
```

```
 BSYSE  540*23 *           SENTENCE MONITORING            06-25-2005
PAGE 002         *         COMPUTATION DATA               11:43:20
                           AS OF 05-25-2005

REGNO    38200-037 NAME  RAMOS, RAUL CASTILLO

- - - - - - - - - - - - -   - - - - - - - CURRENT OBLIGATION NO  020
OFFENSE CODE.        (b)(7)f
OFF/CHG:
                                    (b)(7)f

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   30 YEARS
  TERM OF SUPERVISION............:    3 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS TO OBLG 010
  DATE OF OFFENSE................: 04-07-2003

                    --CURRENT COMPUTATION NO: 010

COMPUTATION 010 WAS LAST UPDATED ON 05-20-2005 AT BSY AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 02-02-2005
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   45 YEARS
TOTAL TERM IN EFFECT CONVERTED..:   45 YEARS
AGGREGATED TERM OF SUPERVISION..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 04-07-2003

JAIL CREDIT                         FROM DATE    THRU DATE
                                    02-11-2004   02-01-2005
```

```
G0002      MORE PAGES TO FOLLOW
```

# United States District Court
## District of Maryland

UNITED STATES OF AMERICA

Raul Castillo Ramos

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)
Case Number: AW-04-0293
USM Numbers: 38200-037
Defendant's Attorney: Anthony D. Martin
Assistant U.S. Attorney: Michael R. Pauze

### THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.

☒ was found guilty on counts _1, 2, 3, 4, 5, 6, 7, and 8 of the Indictment_ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| | | April 7, 2003; | |
| | | April 7, 2003; | 2 |
| | | April 10, 2003; | 3 |
| | | May 5, 2003; | 4 |
| | (b)(7)f | August 2, 2003; | 5 |
| | | August 2, 2003; | |
| | | August 26, 2003; | 7 |
| | | February 11, 2004 | 8 |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

I hereby attest and certify on _____
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody.
        FELICIA C. CANNON

February 2, 2005
Date of Imposition of Judgment

S/WEB    C  S MARSHAL-GREENBELT              TEL:301 344 0418  C6              P.001

*** LIMITED OFFICIAL USE ***

DATE: 02/22/2005 TIME: 15:04  PAGE    1

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF MARYLAND
DISTRICT: 27  OFFICE: GRN

INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129

NAME:  RAMOS, RAUL CASTILLO
USMS NUMBER: 24200037

40 YEARS

IDENTIFICATION DATA:

USMS NBR: 31200037  NAME: RAMOS, RAUL CASTILLO

ADDRESS: 3572 DEAN DRIVE  HYATTSVILLE, MD 20782                                      PHONE:

DOB: 09/27/1978  AGE: 26  POB: DOMINICAN REP., XX    SEX: M  RACE: W  HAIR: BRO  EYE: BRO  HEIGHT: 508  WEIGHT: 180

SSN: 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  FBI NBR: 354385MB6   ALIEN NBR:

DETAINER/DATE  ACTIVE  AGENCY                          REMARK
12/21/2004    Y    IMMIGRATION & NATURALIZATION             (b)(7)c

PRISONERS ALIASES              ALIAS REMARKS:
NONE

GENERAL REMARKS:
NONE

II. CASE INFORMATION:

    CTR   STATUS            COURT CASE NUMBER       FEDERAL COURT CITY
          NT-TRIAL          28200037-1              GREENBELT

    CTR   ARREST DATE  ARRESTING AGENCY                LOCATION OF ARREST    WARRANT NUMBER
          02/11/2004   ALCOHOL, TOBACCO AND FIREARMS

    CTR   OFFENSE                            OFFENSE REMARK                   DISPOSITION
          (1630) COCAINE - SELL                                              NOT YET DISPOSED

    CTR   SENTENCE DATE  SENTENCE                                   APPEAL DATE
    1     **/**/****                                                **/**/****

III. STATUS HISTORY:

    CTR   STATUS        STATUS DATE   CUSTODY DATE   RELEASE DATE   REMARK
          NT-TRIAL      02/12/2004    02/12/2004     **/**/****

IV. CHRONOLOGICAL PRISONER HISTORY:

    INST                      ADMIT    RELEASE   DAYS  ACTION OR
    CODE  INSTITUTION NAME     DATE     DATE      BOARDED DISPOSITION
    CBL   CELLBLOCK          02/12/2004  02/12/2004    0
    3WL   CHARLES CO JAIL    02/12/2004  **/**/****  356

```
 :BRVF   60C.C0  *                SECURITY/DESIGNATION
         DF 001  *                       DATA
      REGNO: 38200-037   NAME: RAMOS, PAUL CASTILLO
RC/SEX/AGE: W/M/26  FORM D/T: 02-22-2005/1312   RES: HYATTSVILLE,
OFFN/CHG..:                             (b)(7)f

CUSTODY...: IN          BIL:            CR EX PT: 4      CAR: SCRN2
CITIZENSHP: DOMINICAN REPUBLIC         PUB SAFETY: SENT LGTH
CIM CONSID:                                         USM: MD-GREENBEL
JUDGE.....: WILLIAMS     REC FACL: FT DIX, OR MASS  REC PROG: ED/VOCAT
DETAINER..: MODERATE     SEVERITY: MODERATE       MOS REL.: 406
PRIOR.....: MINOR        ESCAPES.: NONE           VIOLENCE: NONE
PRECOMMT..: N/A          V/S DATE:                V/S LOC.:
OMDT REF..: NO           SEC TOT.: 7           SCORED LEV: HIGH
CCM RMKS..:
                              (b)(7)f, (b)(5)


DESIG: BIG SANDY USP           MXR JMM 02-23-2005 RSN: LEVEL  MSL:
MGTV/MVED.:
DESIG RMKS: JUDICIAL NONCOMPLY, LETTER SENT.


G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DES R
```

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RAUL C. RAMOS ,     )
           )
    Plaintiff,    )
           )
   v.       )
           ) Civil Action No. 07-0895
FEDERAL BUREAU OF PRISONS, *et al.*, )
           )
    Defendants.   )
_____ )

## DECLARATION OF LEILA I. WASSOM

1.  I am a Drug Enforcement Administration (DEA) Paralegal Specialist, currently assigned to

the Office of Chief Counsel, Administrative Law Section (CCA), DEA Headquarters,

Washington, D.C.  From August 1991 to June 2005,  I was assigned to the Freedom of

Information and Records Management Section,  DEA Headquarters.

2.  Since 1991, my duties have involved the review, for litigation purposes, both the initially

processed and appealed Freedom of Information Act (FOIA) and Privacy Act (PA) requests

received by DEA.

3.  My duties require that I am familiar with the policies and practices of DEA regarding the

processing and release of information requested under the FOIA/PA, and the application of the

FOIA/PA and exemptions for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, in the above

entitled action, and the records maintained by the DEA Freedom of Information Operations

Unit (SARO).


5. SARO is the DEA office responsible for responding to, the search for, and the processing and

release of information requested under FOIA and PA. I am familiar with the policies, practices

and procedures employed by SARO that relate to the search for, and the processing and release of

information responsive to FOI/PA requests received by the DEA.


## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

### DEA FOIA Request No. 07-0222-P

6. By letter dated September 19, 2006, addressed to DEA, the plaintiff requested copies of "any

and all documents, records and information that your agency has or had in its possession that is

any way connected to... my name." The plaintiff promised to pay reasonable search and

reproduction fees. A copy of the plaintiff's letter dated September 19, 2006, is attached as

Exhibit A.


7. By letter dated December 6, 2006, DEA acknowledged the plaintiff's request, and informed

him that it would be handled in approximate order of receipt. DEA assigned the request DEA

FOIA Request Number 07-0222-P. A copy of the DEA letter dated December 6, 2006, is

attached as Exhibit B.

2

8. By letter dated February 21, 2007, DEA informed the plaintiff that based on his request, a query of the DEA Narcotics and Dangerous Drug Information System (NADDIS) was conducted. No records responsive to his request were identified as being maintained in the DEA Investigative Reporting and Filing System. DEA advised the plaintiff that he could assist it in a further search for responsive records by providing any additional search criteria, such as a specific DEA investigative file number and/or a specific event that DEA participated in with him. A copy of the DEA letter dated February 21, 2007, is attached as Exhibit C.

9. As of this date, DEA has received no further communication from the plaintiff regarding the request.

10. As of November 2, 2007, the Department of Justice, Office of Information and Privacy, has no record of an appeal from the plaintiff related to the DEA determination.

<u>DEA FOIA Request No. 07-0559-P</u>

11. By letter dated January 29, 2007, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) forwarded 10 pages to DEA for review and a direct response to the plaintiff. A copy of the ATF letter dated January 29, 2007, is attached as Exhibit D.

12. By letter dated February 8, 2007, DEA informed the plaintiff that it had received the referral from ATF and assigned it DEA FOIA Request No. 07-0559-P. A copy of the DEA letter dated February 8, 2007, is attached as Exhibit E.

13. By letter dated February 22, 2007, DEA informed the plaintiff that it had been asked to review materials referred from ATF in response to his request to that agency, and assigned DEA FOIA Request Number 07-0559-P to the request. A copy of the DEA letter dated February 22, 2007, is attached as Exhibit F.

14. By letter dated March 16, 2007, DEA informed the plaintiff that it was returning the documents to ATF. Since the case file number listed on the documents was not a DEA investigative file number, the material was more appropriately reviewed as a consultation, not a referral. A copy of the DEA letter dated March 16, 2007, is attached as Exhibit G.

15. By letter dated April 17, 2007, DEA returned the referred documents to ATF, stating that, since the actual content of the information was derived from ATF efforts, they were returned for a disclosure determination and direct response to the requester. DEA informed ATF that it had reviewed and processed the documents excising all DEA related material. On the returned documents, DEA indicated that it was withholding the names, signatures, and titles of DEA laboratory personnel pursuant to FOIA exemptions (b)(7)(C) and (b)(7)(F). A copy of the DEA letter dated April 17, 2007, is attached as Exhibit H.

16. By letter dated April 30, 2007, ATF released portions of 10 pages to the plaintiff. A copy of the ATF letter dated April 30, 2007, is attached as Exhibit I.

17.  Pursuant to a litigation review, it was determined that the titles of DEA laboratory personnel could be released to the plaintiff.  ATF was contacted and informed that DEA no longer was withholding the titles of laboratory personnel.

18.  By letter dated November 1, 2007, DEA released portions of seven (7) pages to the plaintiff. The seven (7) pages consisted of the pages upon which the titles of laboratory personnel were previously withheld.  Information was withheld pursuant to FOIA exemptions (b)(7)(C), and (b)(7)(F), and PA exemption (j)(2).   A copy of the DEA letter dated November 1, 2007, is attached as Exhibit J.

DEA FOIA Request No. 07-0773-P

19.  By letter dated March 30, 2007, the Executive Office for United States Attorneys (EOUSA) forwarded 12 pages to DEA for processing and direct response to the plaintiff.  Attached to the referral were copies of the plaintiff's request to EOUSA dated September 19, 2006, and the EOUSA response to the plaintiff.  A copy of the EOUSA letter dated March 30, 2007, is attached as Exhibit K.

20.  By letter dated May 14, 2007, DEA informed the plaintiff that it had received a referral from EOUSA, and that its response to him would be delayed due to an office backlog.  A copy of the DEA letter dated May 14, 2007, is attached as Exhibit L.

21.  By letter dated June 20, 2007, DEA informed the plaintiff that the EOUSA referral had been assigned DEA FOIA Request Number 07-0773-P, and would be handled in chronological order based on the date of the letter.  A copy of the DEA letter dated June 20, 2007, is attached as Exhibit M.

22.  Pursuant to a litigation review, DEA determined that the referred pages originated with ATF. By letter dated September 17, 2007, DEA referred the 12  pages to ATF for consultation and return to DEA. The letter referred to DEA FOIA Request Number 07-0559-P in error.  A copy of the DEA letter dated September 17, 2007, is attached as Exhibit N.

23.  By letter dated October 23, 2007, ATF returned the copies of the referred pages to DEA. ATF indicated that it was withholding information on pages 11, 13, 15, 17, and 19.  On  page 11, ATF withheld the last four digits of a telephone number.  Pursuant to a consultation with DEA, ATF is now withholding the digits of the telephone number pursuant to FOIA exemption .  A copy of the ATF letter dated October 23, 2007, is attached as Exhibit O.

24.  By letter dated November 1, 2007, DEA released portions of 12  pages to the plaintiff. Information was withheld pursuant to FOIA exemptions (b)(7)(C), and (b)(7)(F).  A copy of the DEA letter dated November 1, 2007, is attached as Exhibit P.

## ADEQUACY OF SEARCH

25. The plaintiff's letter to DEA, dated September 19, 2006, was constued as a request for criminal investigative records that related to the plaintiff. Any criminal investigative information about the plaintiff was reasonably likely to be found in the DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008. IRFS is a Privacy Act System of Records that contains all administrative, general and investigative files compiled by DEA for law enforcement purposes.

26. No other record system maintained by DEA was reasonably likely to contain information responsive to the plaintiff's request.

27. NADDIS is the index to and the practical means by which DEA retrieves investigative reports and information from IRFS. Individuals are indexed and identified in NADDIS by their name, Social Security Number, and/or date of birth. As an index, NADDIS points to investigative files and particular DEA Reports of Investigation (ROI), DEA Form-6, or other documents by date, that contain information regarding a particular individual or subject of an investigation.

28. On December 28, 2006, February 7, 2007, and April 30, 2007, NADDIS queries were conducted by SARO, in response to the plaintiff's request. The queries were conducted by a Freedom of Information specialist assigned to SARO, who used the plaintiff's name, Social

Security Number, and the date of birth the plaintiff provided in his request. The results of the

NADDIS queries were that no investigative records that pertained to the plaintiff were identified.

## DESCRIPTION OF REFERRED MATERIAL

29. The referred material consists of:

(a). four (4) DEA Reports of Drug Property Collected, Purchased or Seized;

(b). four (4) DEA Certified Reports of Controlled Substance Analysis;

(c). five (5) DEA Forensic Chemist Worksheets; and

(d). five (5) DEA Forensic Chemist Worksheets (reverse side).

30. The DEA Form 7, Report of Drug Property Collected, Purchased or Seized, is a form

utilized by DEA when drug evidence is seized. The form is also used to when a substance is

forwarded by DEA or any other entity to a DEA laboratory. The form consists of 39 blocks of

which Block 3 contains the G-DEP identifier; Block 5, the file title; Block 16, the "Remarks,"

contains descriptive information that may include names of law enforcement officers and third

parties, and other information regarding the seizure; Blocks 17, 18, 20, 21, 23, 24, 34 and 37

contain the names and/or signatures of special agents, other law enforcement personnel or DEA

employees.

31. The Certified Report of Controlled Substance Controlled Analysis form is utilized by the

DEA Mid-Atlantic Laboratory. The form includes a summary of the analysis of a seized drug

exhibit and a Certification of Compliance of the DEA Forensic Chemist.

32. The Forensic Chemist Worksheet, DEA Form 86, is used to record the description of the evidence item and its packaging, including numerical identification, and recording the information as the items are initially removed from the evidence container. Additionally, this document is used to record actions taken during the analysis of the evidence item. These worksheets are used to record all rew data, observations and calculations and should be written to permit adequate reconstruction of the analysis of examination performed.

33. The DEA information referred by ATF and EOUSA is found in DEA's Functional File System File No. 901, Laboratory Case Files. Laboratory case files include documents related to the analysis of drug and non-drug evidence, including evidence accountability and disposition records, chemist worksheets, ballistics reports, and related analytical documents.

34. In response to referrals from ATF and EOUSA, portions of 22 pages of material were released to the plaintiff. Information was withheld by DEA pursuant to FOIA exemptions (b)(7)(C), and (b)(7)(F). A *Vaughn* index detailing DEA's withholdings pursuant to the asserted FOIA exemptions has been prepared, and it is attached as Exhibit Q.

## RECORDS OR INFORMATION COMPILED FOR LAW ENFORCEMENT PURPOSES

### Exemption (b)(7) Threshold

35. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq*. (hereinafter, the Act) which authorizes DEA to

9

enforce the Act through, for example, the investigation of incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate and international levels; seize and forfeit assets derived from, traceable to, or intended to be used for illicit drug trafficking, cooperate with counterpart agencies abroad and to exchange information in support of drug traffic prevention and control. The referred records are criminal investigative records. The records were compiled during criminal law enforcement investigations of the plaintiff and/or third parties.

## INVASION OF PRIVACY - Exemption (b)(7)(C)

36. 5 U.S.C. § 552 (b)(7)(C) sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The identities of DEA laboratory personnel were withheld. In making the determination to release or withhold this information, the individuals' privacy interests were balanced against any discernible public interest in disclosure of the individuals' identities. In this instance, the plaintiff provided no facts to show any public interest for which any potential public interest would outweigh the privacy interests of the individuals. Thus, disclosure of the identities would be an unwarranted invasion of their personal privacy.

37. In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of any individual whose name and/or identifying data appeared in the documents at issue. The public interest in disclosure of the information was determined by

whether the information in question would inform the plaintiff or the general public about DEA's

performance of its mission to enforce Federal criminal statutes and the Controlled Substance Act,

and/or how DEA conducts its internal operations and investigations.  In this case, it was

determined that there was no legitimate public interest in the information withheld under

exemption (b)(7)C), and release of any information about a third party would constitute an

unwarranted invasion of that third party's personal privacy.


38.  Releasing their identities and information pertaining to these individuals would  place the

laboratory personnel in a position that they may suffer undue invasions of privacy, harassment

and humiliation from disclosure of their identities in the context of a criminal law enforcement

investigatory file.  They were, and possibly still are, in positions of access to information

regarding official law enforcement investigations.  If their identities are released, they could

become targets of harassing inquiries for unauthorized access to information pertaining to

ongoing and closed investigations.  Also, release of their identities would constitute an

unwarranted invasion of their personal privacy.  There is no public interest to be served by

releasing the identities of government employees.


## SAFETY OF LAW ENFORCEMENT PERSONNEL AND OTHER INDIVIDUALS FOIA

### Exemption (b)(7)(F)


39.  The names of  DEA laboratory personnel were withheld in accordance with 5 U.S.C. § 552

(b)(7)(F).  Exemption (b)(7)(F) sets forth an exemption for records or information compiled for

law enforcement purposes the disclosure of which could reasonably be expected to endanger the

life or physical safety of an individual.

40. Many violators are armed and many have known violent tendencies. It has been the

experience of DEA that the release of the identities of DEA law enforcement personnel has, in

the past, resulted in several instances of physical attacks, threats, harassment and attempted

murder. It may, therefore, be reasonably anticipated that DEA law enforcement personnel would

become targets of similar abuse if they were identified as participants in DEA's enforcement

operations.

41. In addition, if the names of DEA law enforcement personnel were released pursuant to the

Freedom of Information Act, DEA would be releasing this data to the public realm. Public

disclosure of the identities of law enforcement personnel would have a detrimental effect on the

successful operation of DEA, as well as risk harassment and danger to its law enforcement

personnel. This information was also withheld pursuant to Exemption (b)(7)(C).

42. The subject of this declaration and the statements set forth herein are true and correct either

on the basis of my personal knowledge or on the basis of information acquired by me through the

performance of my official duties

I declare under the penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 2-14-08 | Leila I. Wassom |
| DATE | Leila I. Wassom |
| | Paralegal Specialist |
| | Office of Chief Counsel |
| | Drug Enforcement Administration |
| | Washington, D.C.  20537 |

# EXHIBIT A

**FOIA REQUEST**

To: Director                                    Date: September 19, 2006

Drug Enforcement Administration

Department of Justice

Washington, D. C.  20537

Dear Sir:

This is a request under the Freedom of Information Act.
I request a copy of any and all documents, records and informati[on]
that any part of your agency has or had in its possession that is in
any way connected to, related to, or even remotely in reference to
my name or the subject matter briefly described below:

All Records.

I will pay reasonable search and reproduction fees.
My Biographical data is as follows:

FULL NAME:  RAUL CASTILLO RAMOS

DATE OF BIRTH  September 27, 1978

PLACE OF BIRTH  Dominican Republic

SOCIAL SECURITY NUMBER  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

I declare (or certify, verify, or state) under the penalty of
perjury that the foregoing is true and correct.

Executed on this 19th day of  September ,  2006.

By X _Raul Castillo Ramos_
                        Affiant/Declarant Herein

(28 USC Section 1746)

Name:  RAUL RAMOS

Peg. No.  38200-037

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

cc : file

2006 OCT 20 PM 8 44
SARO
OPERATIONS UNIT

# EXHIBIT B

**U.S. Department of Justice**

Drug Enforcement Administration

---

Case Number: 07-0222-P

DEC 0 6 ...

Subject of Request: RAMOS, RAUL CASTILLO

Raul Castillo Ramos
Reg. No. 38200-037
USP Big Sandy
P.O. Box 2068
Inez, Kentucky 41224

Dear Mr. Ramos:

The Drug Enforcement Administration (DEA) has received your Freedom of Information/Privacy Act (FOI/PA) request and placed it on a list of requests waiting processing. In order to expedite all requests that require retrieval, processing and duplication of documents, your request will be handled in chronological order based on the date of this letter.

Your request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

This letter confirms your obligation that by filing your request, you have implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00, unless you seek a waiver of fees (28 C.F.R. 16.3(c)).

Please be assured that your request is being handled as equitably as possible. Upon completion of the processing, you will be notified of all applicable fees, and payment will be required prior to release of any records. If there are no fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

Sincerely,

Katherine L. Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

# EXHIBIT C



**U.S. Departent of Justice**
Drug Enforcement Administration

FEB 2 1 2007

*Case Number: 07-0222-P*

*Subject of Request: RAMOS, RAUL CASTILLO*

Raul Castillo Ramos
Reg. No. 38200-037
USP Big Sandy
P.O. Box 2068
Inez, Kentucky  41224

Dear Mr. Ramos:

  This is in further response to your Freedom of Information/Privacy Act (FOI/PA) request letter dated September 19, 2006, addressed to the Drug Enforcement Administration (DEA), FOI/Records Management Section, Operations Unit (SARO), seeking access to DEA records regarding the above captioned subject.  Again, your request was opened and assigned the above request number.  Please include this number in any future correspondence addressed to this office.

  After reviewing your request as constituted we conducted a preliminary search for responsive records pertaining to Raul Castillo Ramos.  To search for responsive records, we queried the DEA Investigative Reporting, and Filing System (IRFS).  IRFS is the system of records that contains all administrative, general and investigative files compiled by DEA for law enforcement purposes.  DEA retrieves investigative information about an individual, an operation or company from the IRFS using the DEA Narcotics and Dangerous Drug Information System.  Individuals are indexed, identified, and retrieved through NADDIS using their name, Social Security Number, and/or date of birth.  As a result of our search, we could not locate any responsive records pertaining to Raul Castillo Ramos.  You could assist us in a further search for responsive records by providing any additional search criteria you feel could assist our office in conducting a more in-depth search.  This could include a specific DEA investigative file number and/or a specific event that the DEA participated in connected with Raul Castillo Ramos.  You may forward your response to the following address:

    Drug Enforcement Administration
    Freedom of Information Section
    Washington, D.C.  20537

2

To this end, no further action will be initiated on this request unless and until we are in receipt of additional search criteria. Again, based on our initial search, we were unable to locate any records matching the subject of your request.

If you wish to appeal this determination, you may do so within 60 days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIPA Appeal":

> Co-Director
> Office of Information and Privacy
> United States Department of Justice
> NYAV Bldg., 11th Floor
> Washington, D.C. 20530

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

64

# EXHIBIT D



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

Washington, DC 20226
www.atf.gov

JAN **2 9** 2007

REFER TO: 07-375 AG

Ms. Katharine Myrick
Drug Enforcement Administration
Chief Operations Unit, Room #W-6274 LP-2
Washington, D.C. 20537

Dear Ms. Myrick:

While processing a Freedom of Information act (FOIA) request submitted by
Mr. Raul C. Ramos, we located ten (10) pages that were generated through the efforts of
your agency. Consequently we are referring those pages to your office for disclosure
determination and direct response to the requester.

For your convenience we have enclosed a copy of the initial FOIA request from
Mr. Ramos, our response, and the ten (10) pages we are referring.

Should you have any questions do not hesitate to call this office at (202) 927-8480.

Sincerely yours,

Averill P. Graham
Chief, Disclosure Division

Enclosure

# EXHIBIT E



**U.S. Department of Justice**
Drug Enforcement Administration

 FEB - 8 2007

---

**Subject of Request:  RAMOS, Raul**

**Referred to DEA by:  Bureau of Alcohol, Tobacco, Firearms and Explosives**

Raul Ramos #38200-037
USP – Big Sandy
P.O. Box 2068
Inez, KY 41224

Dear Raul Ramos:

     The Drug Enforcement Administration (DEA) has received your Freedom of Information/Privacy Act (FOI/PA) request referral from the above mentioned agency.

     Your request has not yet been assigned a FOIA/PA number.  Our office is currently experiencing a resource transition and has been extremely backlogged.  Thank you in advance for your patience and understanding.

     Please be assured that your request will be handled as equitably as possible.  A request number will be assigned and forwarded to you at a later date; however your request will be handled in chronological order based on the date of this letter.

     You will receive correspondence from this office regarding your request within 30 - 45 days. If you have any questions regarding this letter, you may contact Mrs. Phyllis Drewery, Supervisor of our Initial Review Team (IRT) on 202-307-7618.

               Sincerely,

               Katherine L. Myrick

               Katherine L. Myrick
               Chief, Operations Unit
               FOI/Records Management Section



64

# EXHIBIT F

 

**U.S. Department of Justice**
Drug Enforcement Administration

---

Case Number: 07-0559-P

Subject of Request: RAMOS, Raul Castillo

Referred to DEA by: DOJ/Bureau of Alcohol, Tobacco, Firearms and Explosives
(AGENCY FOIA/PA #07-375 AG)

Raul Castillo Ramos
Reg. No. 38200-037
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

Dear Raul Castillo Ramos:

This letter is in response to your request letter dated September 19, 2006 for documents from the above agency. The Drug Enforcement Administration (DEA) has been asked to review certain materials which originated within DEA. In order to expedite all requests, your request will be handled in chronological order based on the date of this letter.

Your request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

This letter confirms your obligation that by filing your referral request, you have implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00.

Please be assured that your referral request is being handled as equitably as possible. Upon completion of the processing, you will be notified of all applicable fees, and payment will be required prior to release of any records. If there are no fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

# EXHIBIT G





**U.S. Department of Justice**

Drug Enforcement Administration

---

*Case Number: 07-0559-P*                          MAR 1 3 2007

*Subject of Request: RAMOS, RAUL CASTILLO*

*Referred to DEA by: Bureau of Alcohol, Tobacco, Firearms and Explosives*
*(ATF&E FOI/PA #07-375 AG)*

Raul Castillo Ramos
Reg. No. 38200-037
USP – Big Sandy
P.O. Box 2068
Inez, KY  41224

Dear Raul Castillo Ramos:

    This is in further response to your Freedom of Information/Privacy Act (FOI/PA) referral request letter dated September 9, 2006, forwarded to the Drug Enforcement Administration (DEA) for processing. Under cover letters dated February 8, 2007 and February 22, 2007, we forwarded an Interim and a Referral Acknowledgement Letter to you informing you of the receipt of the above request. However, after reviewing the referred documents, it was determined that the case file number listed on the referred documents was not a DEA investigative file number. Therefore, since DEA did not initiate your criminal investigation, we would not be able to process the majority of information contained in the referred documents. Further, under the FOIA, DEA is required to process only our information, and in this case, return the documents to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF&E), for whatever action they deemed appropriate. Accordingly, the above request is considered a "***Consultation***" not a "Referral."

    We apologize for any confusion this matter may have caused you.

                                        Sincerely,

                                        *Katherine L. Myrick*

                                        Katherine L. Myrick
                                        Chief, Operations Unit
                                        FOI/Records Management Section

64

# EXHIBIT H

**U. S. Department of Justice**

Drug Enforcement Administration

APR 1 7 2007

Freedom of Information Section
Washington, D.C. 20537

*www.dea.gov*

---

**Request No.:**        **07-0559-P**

**Subject of Request:**   *RAMOS, RAUL CASTILLO*
                          *(BATFE FOI/PA #07-375 AG)*

Averill P. Graham
Chief, Disclosure Division
Bureau of Alcohol, Tobacco, Firearms
  and Explosives
Department of Justice
Washington, D.C. 20226

Dear Averill Graham:

   In processing the above referenced request, which was forwarded from your office to the Drug Enforcement Administration (DEA) for review and a disclosure determination, we noted that the information originated within your agency; thus, under BATFE's jurisdiction.

   Specifically, although the information appears on DEA forms, the actual content of the information was derived through BATFE efforts. Accordingly, we have reviewed, and processed those documents excising all DEA related material. Those documents are now being returned to you for a disclosure determination and direct response to the requester.

   If you have any questions or concerns regarding this consultation, please do not hesitate to contact FOI Specialist Angela D. Hilliard directly at 202.307.7626.

                              Sincerely,

                              Katherine J.

                              Katherine L. Myrick
                              Chief, Operations Unit
                              FOI/Records Management Section

Enclosures

# EXHIBIT I

U. S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Correspondence Approval and Clearance**

4 DAYS
10 PAGES

April 30, 2007

REFER TO:  PJC/07-865

Raul C. Ramos
Reg. No. 38200-037
USP-P.O. Box 2068
Inez, KY  41224

Dear Mr. Ramos:

This is in further response to your Freedom of Information Act (FOIA) request to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

Your request is granted in part.  The enclosed documents are being released after a consultation with the Drug Enforcement Administration (DEA).  These documents contain both DEA and ATF information, and both agencies were involved in determining the information to be withheld under the FOIA.

Insofar as your request has been partially denied, and deletions have been made, you have the right to request an administrative appeal by following the instructions outlined on Part III of the attached form.

Sincerely,

(Signed) Peter J. Chisholm

Peter J. Chisholm
Senior Disclosure Specialist

Enclosure

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|------|-----------|----------|----------|----------|----------|----------|----------|
| Surname | | | | | | | |
| Date | | | | | | | |

ATF Form 9310. 3A
Revised May 2004

*U.S. Government Printing Office: 2005—310-396/92303

# EXHIBIT J



**U. S. Department of Justice**
Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

---

*www.dea.gov*

NOV  1 2007

Mr. Raul Castillo Ramos
#38200-037
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

Re: *Raul C. Ramos v. Bureau of Prisons, et al.,*  C.A. 07-0895 JDB
ATF FOIA Request No. 07-375 AG; DEA FOIA Request No. 07-0559-P

Dear Mr. Ramos:

Enclosed please find seven (7) pages of materials response to your Freedom of
Information/Privacy Act (FOIA/PA) request to the Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF) dated September 19, 2006.  Portions of these pages were previously released
to you by letter dated April 30, 2007, from ATF after review by the Drug Enforcement
Administration (DEA).

Pursuant to a litigation review, DEA determined that additional information from the
pages could be released to you on the pages previously numbered  2, 4 and 6 through 10.  DEA
continues to withhold the names and signatures of law enforcement personnel, pursuant to the
Privacy Act (PA), 5 U.S.C. § 552a, Exemption (j)(2), and the Freedom of Information Act, 5
U.S.C. § 552, Exemptions (b)(7)(C) and (b)(7)(F).

Sincerely,

William C. Little, Jr.
Senior Attorney
Administrative Law Section

Enclosures

# EXHIBIT K



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

To:   Drug Enforcement Administration                                    MAR 3 0 2007

Requester:  Raul Ramos                          Requester Number:  06-3374

Subject of Request:  Self

Dear FOIA/PA Contact Person:

     The enclosed Freedom of Information Act/Privacy Act request was received by this office. The paragraphs checked below apply:

1.    [ ]   As your office may have records responsive to this request, we are referring it to you for a direct response to the requester.

2.    [ X ]  While processing this request, we located the enclosed records which originated in your office. These records were found in the U.S. Attorney's Office files and may or may not be responsive to the request. We are referring _____12_____ page(s) of material and a copy of the request to you for a direct response to the requester.

3.    [ ]   This office is also providing _____ page(s) of documents under a cover page titled "Background Information". The attached records are provided to your agency to assist in processing your records. These are not part of the referred records and should be kept as administrative records in this referral.

     A copy of our final determination letter is also enclosed for your reference. Please note we have charged the requester $__0.00____ for search/duplication costs incurred in the processing of this request.

     We have notified the requester of this referral.

     If you have any questions about this matter, please contact the FOIA/PA processor named below.

Sincerely,

William G. Stewart II
Assistant Director

Name:   Tina Joyner

E-mail:  Tina.Joyner@usdoj.gov
Enclosure(s)

Form No. 007 - 3/07

OPERATIONS UNIT
SAC/S

# EXHIBIT L

**U.S. Department of Justice**

Drug Enforcement Administration

MAY 1 4 2007

---

**Subject of Request:  RAMOS, RAUL CASTILLO**

**Referred to DEA by:  EXECUTIVE OFFICE FOR U.S. ATTORNEYS**
**(EOUSA FOI/PA # 06-3374)**

Raul Castillo Ramos
Reg. No. 38200-037
United States Penitentiary
P.O. Box 2068
Inez, Kentucky 41224

Dear Mr. Ramos:

The Drug Enforcement Administration (DEA) has received your Freedom of Information/Privacy Act (FOI/PA) referral request letter dated September 19, 2006, from the above mentioned agency.  DEA received your referral request on March 30, 2007, for processing.

Your referral request has not yet been assigned a FOIA/PA number.  Our office is currently experiencing a resource transition and has been extremely backlogged.  Thank you in advance for your patience and understanding.

Please be assured that your referral request will be handled as equitably as possible.  A request number will be assigned and forwarded to you at a later date; however your request will be handled in chronological order based on the date of this letter.

You will receive correspondence from this office regarding your request within 30 - 45 days. If you have any questions regarding this letter, you may contact Mrs. Phyllis Drewery, Supervisor of our Initial Review Team (IRT) on 202-307-7618.

Sincerely,

*Katherine L Myrick*

6¢

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

# EXHIBIT M



**U.S. Department of Justice**
Drug Enforcement Administration

JUN 2 0 2007

*Case Number: 07-0773-P*

*Subject of Request: RAMOS, RAUL CASTILLO (EOUSA FOI/PA #06-3374)*

*Referred to DEA by: EXECUTIVE OFFICE FOR U.S. ATTORNEYS (EOUSA)*

Raul Castillo Ramos
Reg. No. 38200-037
USP Inez
P.O. Box 2068
Inez, Kentucky 41224

Dear Mr. Ramos:

This letter is in response to your Freedom of Information/Privacy Act (FOI/PA) request letter dated September 19, 2006, for documents from the above agency. The Drug Enforcement Administration (DEA) has been asked to review certain materials which originated within DEA. In order to expedite all requests, your referral request will be handled in chronological order based on the date of this letter.

Your referral request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

This letter confirms your obligation as indicated in your initial request, that by filing your request, you have agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00.

Please be assured that your referral request is being handled as equitably as possible. Upon completion of the processing, you will be notified of all applicable fees, and payment will be required prior to release of any records. If there are no fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

64

# EXHIBIT N



**U. S. Department of Ju.  .**
Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

*www.dea.gov*

SEP 1 7 2007

Ms. Averill Graham
Chief, Disclosure Division
Bureau of Alcohol, Tobacco, Firearms, and Explosives
99 New York Avenue, N.E., Room East 1 360
Washington, D.C. 20226

Re: *Raul C. Ramos v. Bureau of Prisons, et al.*, C.A. 07-0895 JDB; DEA FOIA Request
No.07- 0559-P, EOUSA FOIA Request No. 06-3374

Dear Ms.Graham:

Enclosed are 12 pages of material and a copy of the related Freedom of Information Act
(FOIA) request, dated September 19, 2006, to the Executive Office for United States Attorneys
(EOUSA). The enclosed pages, numbered 11 through 22, consist of one (1) DEA Report of
Drug Property Collected, Purchased, or Seized (DEA Form 7), five (5) DEA Forensic Chemist
Worksheets (DEA Form 86), and one (1) DEA Report of Controlled Substance (DEA Mid-
Atlantic Laboratory form). Please acknowledge receipt by contacting Ms. Leila Wassom at
(202) 307-7605 or leila.i.wassom@usdoj.gov.

The 12 pages were previously referred to the Drug Enforcement Administration (DEA)
from EOUSA for a direct response and are the subject of the above titled litigation. However,
after reviewing the attached documents, it was determined that your agency has an interest in the
information. The pages are forwarded to you as a consultation. Please review the pages, denote
any information that should be withheld, and the basis under the FOI/PA, and return to this
office As the pages are the subject of litigation, your prompt attention to this matter is greatly
appreciated.

If you have any questions concerning this matter or require further assistance, please contact
me at (202) 353-9680 or william.c.little@usdoj.gov.

Sincerely,

William C. Little, Jr.
Senior Attorney
Administrative Law Section

Enclosures
CCA Chron
CCA File 9/17/01
Document name:H:MyDocuments:lwassom/correspondence/ATFrefltr.wpd/9/17/2007

# EXHIBIT O



**U.S. Department of Just'**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

OCT **2 3** 2007

Washington, DC 20226

www.atf.gov

REFER TO: 07-1488

U.S. Department of Justice
Drug Enforcement Administration
Administrative Law Section
Attn: William Little, Jr.
600 Army Navy Drive
Arlington, Virginia 22202

Dear Mr. Little:

Enclosed herewith are the 12 pages you had forwarded to the Bureau of Alcohol,
Tobacco, Firearm and Explosives (ATF) for consultation.

We have applied FOIA exemption (b)(7)(C) only.

Should you have any questions do not hesitate to call me at 202 648 7386.

Sincerely yours,

Averill P. Graham
Chief, Disclosure Division

Enclosure

# EXHIBIT P



**U. S. Department of Justice**

Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

*www.dea.gov*

NOV  1 2007

Mr. Raul Castillo Ramos
#38200-037
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

   Re: *Raul C. Ramos v. Bureau of Prisons, et al.,* C.A. 07-0895 JDB
       EOUSA FOIA Request No. 06-3374; DEA FOIA Request No. 07-0773-P

Dear Mr. Ramos:

   Enclosed please find portions of 12 pages of materials response to your Freedom of
Information/Privacy Act (FOIA/PA) request, dated September 19, 2006, to the Executive Office for
United States Attorneys, Request No. 06-3374, that were referred to the Drug Enforcement
Administration (DEA) for a direct response to you.   Information on the pages was withheld
pursuant to FOIA Exemptions (b)(2), (b)(7)(C) and (b)(7)(F).

                              Sincerely,


                              William C. Little, Jr.
                              Senior Attorney
                              Administrative Law Section

Enclosures

PAGE ITEMIZATION

PAGE NUMBER:   1
DOCUMENT TYPE: REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED (DEA 7)

DATE:  APRIL 7, 2003

                                        ( X )  RELEASED
                                        (   )  WITHHELD

     TO:   CRIMINAL INVESTIGATIVE FILE

   FROM:   ATF SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCKS 23 & 24 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME AND SIGNATURE OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:  2
DOCUMENT TYPE:  CERTIFIED REPORT OF CONTROLLED SUBSTANCE ANALYSIS

DATE:  JUNE 20, 2003

( X ) RELEASED
(   ) WITHHELD

TO:   CRIMINAL INVESTIGATIVE FILE

FROM:   DEA FORENSIC CHEMIST

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| SIGNATURE BLOCKS | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES AND SIGNATURES OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:    3
DOCUMENT TYPE:  REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED (DEA 7)

DATE:  APRIL 10, 2003

( X ) RELEASED
(   ) WITHHELD

TO:    CRIMINAL INVESTIGATIVE FILE

FROM:   ATF SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCKS 23 & 24 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME AND SIGNATURE OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION


PAGE NUMBER:  4
DOCUMENT TYPE:  CERTIFIED REPORT OF CONTROLLED SUBSTANCE ANALYSIS

DATE:  JUNE 20, 2003

( X ) RELEASED
(   ) WITHHELD

TO:  CRIMINAL INVESTIGATIVE FILE

FROM:  DEA FORENSIC CHEMIST

PURPOSE:  FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| SIGNATURE BLOCKS | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES AND SIGNATURES OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:   5
DOCUMENT TYPE:  REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED (DEA 7)

DATE:  MAY 5, 2003

                                      ( X ) RELEASED
                                      (   ) WITHHELD

     TO:   CRIMINAL INVESTIGATIVE FILE

   FROM:   ATF SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCKS 23 & 24 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME AND SIGNATURE OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER: 6
DOCUMENT TYPE: CERTIFIED REPORT OF CONTROLLED SUBSTANCE ANALYSIS

DATE:  JUNE 26, 2003

( X ) RELEASED
(   ) WITHHELD

TO:   CRIMINAL INVESTIGATIVE FILE

FROM:   DEA FORENSIC CHEMIST

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| SIGNATURE BLOCKS | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME AND SIGNATURE OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION


PAGE NUMBER:  7 - 10
DOCUMENT TYPE: REPORT OF CONTROLLED SUBSTANCE ANALYSIS CONTINUATION PAGE

DATE:    VARIOUS

                                          ( X )  RELEASED
                                          (   )  WITHHELD

        TO:   CRIMINAL INVESTIGATIVE FILE

     FROM:   DEA FORENSIC CHEMIST

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| SIGNATURE BLOCKS | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES AND SIGNATURES OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:  11
DOCUMENT TYPE:  REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED
                (DEA  7)
DATE:  AUGUST 26, 2003

                                    ( X ) RELEASED
                                    (   ) WITHHELD

      TO:   CRIMINAL INVESTIGATIVE FILE

    FROM:   ATF SPECIAL AGENT

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCKS 21 & 24 | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAME AND SIGNATURE OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER: 12
DOCUMENT TYPE:   REPORT OF CONTROLLED SUBSTANCE ANALYSIS

DATE:  SEPTEMBER 23, 2003

( X ) RELEASED
(    ) WITHHELD

TO:    CRIMINAL INVESTIGATIVE FILE

FROM:   DEA FORENSIC CHEMIST

PURPOSE:    FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| SIGNATURE BLOCKS | NAMES & SIGNATURES OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES AND SIGNATURES OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:  13
DOCUMENT TYPE:  FORENSIC CHEMIST WORKSHEET

DATE:    JUNE 6, 2003

                                          ( X ) RELEASED
                                          (   ) WITHHELD

        TO:    CRIMINAL INVESTIGATIVE FILE

    FROM:    DEA FORENSIC CHEMIST

PURPOSE:    FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCKS 14,17 | NAMES, SIGNATURES AND INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION


PAGE NUMBER:    14
DOCUMENT TYPE:  FORENSIC CHEMIST WORKSHEET (REVERSE SIDE)

DATE:      JUNE 10, 2003

                                   ( X )  RELEASED
                                   (   )  WITHHELD

      TO:    CRIMINAL INVESTIGATIVE FILE

    FROM:    DEA FORENSIC CHEMIST

PURPOSE:    FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| INITIALS SECTION | NAMES AND INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | INITIALS OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:   15
DOCUMENT TYPE:   FORENSIC CHEMIST WORKSHEET

DATE:   JUNE 6, 2003

( X ) RELEASED
(   ) WITHHELD

TO:   CRIMINAL INVESTIGATIVE FILE

FROM:   DEA FORENSIC CHEMIST

PURPOSE:   FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCKS 14, 16, 17 | NAMES, SIGNATURES AND INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION


PAGE **NUMBER**:  16
DOCUMENT TYPE:  FORENSIC CHEMIST WORKSHEET (REVERSE SIDE)

DATE:    JUNE 10, 2003

                                        ( X ) RELEASED
                                        (   ) WITHHELD
          TO:    CRIMINAL INVESTIGATIVE FILE

     FROM:    DEA FORENSIC CHEMIST

PURPOSE:    FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| INITIALS<br>SECTION | NAMES AND INITIALS OF LAW<br>ENF. PERSONNEL | (b)(7)(C)<br>(b)(7)(F) | INITIALS OF DEA<br>LABORATORY PERSONNEL |

PAGE ITEMIZATION


PAGE NUMBER:  17
DOCUMENT TYPE:  FORENSIC CHEMIST WORKSHEET

DATE:    JUNE 6, 2003

                                    ( X ) RELEASED
                                    (   ) WITHHELD

        TO:    CRIMINAL INVESTIGATIVE FILE

      FROM:    DEA FORENSIC CHEMIST

PURPOSE:    FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCKS 14, 16,17 | NAMES, SIGNATURES AND INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER: 18
DOCUMENT TYPE: FORENSIC CHEMIST WORKSHEET (REVERSE SIDE)

DATE:    JUNE 18, 2003

                                    ( X ) RELEASED
                                    (   ) WITHHELD
        TO:    CRIMINAL INVESTIGATIVE FILE

    FROM:    DEA FORENSIC CHEMIST

PURPOSE:    FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| INITIALS SECTION | NAMES AND INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | INITIALS OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:  19
DOCUMENT TYPE:  FORENSIC CHEMIST WORKSHEET

DATE:    SEPTEMBER 22, 2003

( X ) RELEASED
(   ) WITHHELD

TO:    CRIMINAL INVESTIGATIVE FILE

FROM:    DEA FORENSIC CHEMIST

PURPOSE:    FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| BLOCKS 14, 16, 17 | NAMES, SIGNATURES AND INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:  20
DOCUMENT TYPE:  FORENSIC CHEMIST WORKSHEET (REVERSE SIDE)

DATE:    SEPTEMBER 23, 2003

( X ) RELEASED
(   ) WITHHELD

TO:    CRIMINAL INVESTIGATIVE FILE

FROM:    DEA FORENSIC CHEMIST

PURPOSE:    FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| INITIALS SECTION | NAMES AND INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | INITIALS OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:   21
DOCUMENT TYPE:   FORENSIC CHEMIST WORKSHEET

DATE:     SEPTEMBER 22, 2003

( X ) RELEASED
(   ) WITHHELD

TO:     CRIMINAL INVESTIGATIVE FILE

FROM:     DEA FORENSIC CHEMIST

PURPOSE:     FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| BLOCKS 1, 14, 16, 17 | NAMES, SIGNATURES AND INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES & INITIALS OF DEA LABORATORY PERSONNEL |

PAGE ITEMIZATION

PAGE NUMBER:  22
DOCUMENT TYPE:  FORENSIC CHEMIST WORKSHEET (REVERSE SIDE)

DATE:    SEPTEMBER 23, 2003

                                    ( X ) RELEASED
                                    (   ) WITHHELD
        TO:    CRIMINAL INVESTIGATIVE FILE

      FROM:    DEA FORENSIC CHEMIST

PURPOSE:    FURTHERANCE OF A CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| INITIALS SECTION | NAMES AND INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | INITIALS OF DEA LABORATORY PERSONNEL |