## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**RAUL CASTILLO RAMOS,**

    **Plaintiff,**

      **v.**

**FEDERAL BUREAU OF PRISONS**, *et al.*,

    **Defendants.**

**Civil Action No.  07-0895 (JDB)**

## ORDER

Pending before the Court is a motion for summary judgment with respect to plaintiff's

Freedom of Information Act requests to the Drug Enforcement Administration, the Executive

Office for United States Attorneys and the Federal Bureau of Prisons.  Because defendants'

motion could potentially dispose of this case, the Court will advise the *pro se* plaintiff of his

obligations under the Federal Rules of Civil Procedure and the rules of this Court.  *See Fox v.

Strickland*, 837 F.2d 507 (D.C. Cir. 1988); *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

Rule 56 of the Federal Rules of Civil Procedure regarding summary judgment states in

pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and
> disclosure materials on file, and any affidavits show that there is no genuine
> issue as to any material fact and that the movant is entitled to judgment as a
> matter of law.

Fed. R. Civ. P. 56(c).

> (1) In General. A supporting or opposing affidavit must be made on personal
> knowledge, set out facts that would be admissible in evidence, and show that the
> affiant is competent to testify on the matters stated. If a paper or part of a paper
> is referred to in an affidavit, a sworn or certified copy must be attached to or

served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

(2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which

provides as follows:

Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . .  In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Civil Rule 7(h).  In other words, the Court will accept as true any factual assertions

contained in affidavits or attachments submitted by the defendant in support of a motion for

summary judgment unless the plaintiff submits his own affidavits or documentary evidence

showing that the defendants' assertions are untrue.  *See Neal v. Kelly*, 963 F.2d at 456.

Additionally, the plaintiff is directed to Rule 6(d) of the Federal Rules of Civil Procedure

which provides:

When a party may or must act within a specified time after service and service is
made [by mail or by other means consented to in writing by the person served], 3 days are added after the
Fed. R. Civ. P. 6(d).

The Court may treat as conceded any motion not opposed within the time limits outlined in this Order.  Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined in this Order.  Thus, failure to respond to the defendants' motion in this case carries with it the risk that this case will be dismissed or that judgment will be entered for the defendant.  It is hereby

ORDERED that plaintiff shall file his response to defendants' motion for summary judgment no later than **March 17, 2008**.  If plaintiff does not respond by that date, the Court will treat the motion as conceded and may grant summary judgment for defendants.

SO ORDERED.


_____/s/_____
JOHN D. BATES
United States District Judge

Date:   February 21, 2008