**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RAUL C. RAMOS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-0895 (JDB)** |
| ) | |
| **FEDERAL BUREAU OF PRISONS, et. al** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANTS' ALCOHOL, TOBACCO, FIREARMS, AND
EXPLOSIVES AND CUSTOMS MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Alcohol, Tobacco, Firearms, and Explosives (ATF) and United States Customs Service (Customs), through undersigned counsel, respectfully move this Court to dismiss this civil action, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.

In support, Defendants respectfully submit the attached memorandum of points and authorities, statement of material facts not in genuine dispute, declarations from officials of the various agencies involved in processing Plaintiff's requests under the Freedom of Information Act with exhibits attached thereto and a proposed order. Plaintiff should take notice that any factual assertions contained in the accompanying declarations and other attachments in support of Defendants' motion may be accepted by the Court as true unless Plaintiff controverts them with his own affidavit or other documentary evidence. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992);

LCvR 7.1; and Fed. R. Civ. P. 56(e).

Respectfully submitted,


/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RAUL C. RAMOS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 07-0895 (JDB)** |
| | ) |
| **FEDERAL BUREAU OF PRISONS, et. al** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE ISSUE**

Pursuant to LCvR 7.1(h), Statements of Material Facts Not In Genuine Dispute are being submitted for Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and U. S. Customs (Customs).  Declarations from Averill Graham, Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (referred to as "Graham Decl"), ATF; and Jonathan A. Mardo, Operations Officer/Border Patrol Agent (referred to as "Mardo Decl.") and Scott Welch, Management and Program Analyst in the Executive Communication Unit (referred to as "Welch Decl."), Customs; are attached in support of the Statements of Material Facts Not in Genuine Dispute.

**ATF**

    1.    On October 5, 2006, ATF's Disclosure Division received a FOIA request dated September 19, 2006 from Plaintiff in which he requested all ATF records maintained by ATF pertaining to himself (ATF Exhibit A).

    2.    By letter dated October 6, 2006, ATF's Disclosure Division acknowledged receipt of Plaintiff's FOIA request and stated that a reply would be forthcoming within 20 days (ATF

Exhibit B).

_____3.    By letter dated October 17, 2006, ATF responded to Plaintiff's FOIA request and informed Plaintiff that his request would be processed under the provisions of FOIA and the cost to process his request. (ATF Exhibit C).

4.    On January 10, 2007, ATF's Disclosure Division received a letter dated January 5, 2007 from Plaintiff in which he had agreed to pay reasonable fees in his original FOIA request (ATF Exhibit D).

5.    By letter dated January 11, 2007,[1] ATF's Disclosure Division acknowledged receipt of Plaintiff's letter affirming his agreement to pay the $25 FOIA filing fee and informed Plaintiff that a response would be mailed to him within 20 business days (ATF Exhibit E).

6.    By letter dated January 29, 2007, ATF's Disclosure Division explained that it is ATF's policy to receive an agreement setting forth a specific price for filing FOIA requests ($25) rather than an agreement to pay "a reasonable fee," which may be subject to interpretation and disagreement.  ATF informed Plaintiff that his FOIA request was granted in part.  The letter advised Plaintiff that ATF was releasing disclosable portions of documents that contained exempt information and withholding portions of the documents pursuant to FOIA Exemptions listed on the Document Cover Sheet: (b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(E)[2].  Plaintiff was also informed that some documents were referred to the agency of origin for disclosure

---

[1]    Attached Exhibit E is a letter which is date-stamped January 11, 2006, but it is clear that the mistaken year was due to an error in date-stamping.  The letter states that it is in response to a request on January 10, 2007.  Therefore, we are calling Exhibit E a letter dated January 11, 2007 to avoid confusion.

[2]    It appears that (b)(7)(E) was marked inadvertently on a few pages, where (b)(7)(C) was the correct exemption to be used for these redactions.  No alterations in these redactions have been made, except that they have been correctly labeled as (b)(7)(C) in the attached Vaughn Index.  ATF is no longer claiming exemption (b)(7)(E) for these documents.

2

determination and direct response to plaintiff.  In addition, Plaintiff was provided with instructions on how to file an administrative appeal (ATF Exhibit F).

7.      By letter dated January 29, 2007, ATF's Disclosure Division referred ten pages of documents to the Drug Enforcement Agency (DEA) for disclosure determination and direct response to Plaintiff (ATF Exhibit G).

8.       On March 2, 2007, the Office of Information and Privacy (OIP) received an administrative appeal dated January 5, 2007, filed by Plaintiff in response to ATF's request for an affirmative agreement to pay the $25 FOIA filing fee (ATF Exhibit H).

9.      By letter dated March 19, 2007, OIP acknowledged receipt of Plaintiff's administrative appeal of ATF's request that Plaintiff explicitly agree to pay the $25 FOIA filing fee (ATF Exhibit I).

10.     On April 5, 2007, ATF received 174 pages of material, originating from ATF and pertaining to Plaintiff  from the Executive Office for United States Attorneys (EOUSA) pursuant to a FOIA request that Plaintiff submitted to EOUSA on September 19, 2006 for all records in the District of Maryland (ATF Exhibit J).

11.     On April 5, 2007, OIP received a letter, dated March 19, 2007, from Plaintiff in which he appealed ATF's partial release of information in response to his January 5, 2007 request (ATF Exhibit K).

12.     By letter dated April 9, 2007, OIP informed Plaintiff that his appeal filed with OIP dated January 5, 2007 in response to ATF's request for certification of the payment of $25 in fees was closed due to OIP's finding that the appeal was moot because ATF responded to his request on January 29, 2007 (ATF Exhibit L).

13.     By letter dated April 12, 2007, ATF's Disclosure Division informed Plaintiff that EOUSA had forwarded 174 pages of material to ATF in response to Plaintiff's FOIA request to EOUSA dated September 19, 2006.  The letter advised Plaintiff that ATF was releasing disclosable portions of documents that contained exempt information and withholding portions of the documents pursuant to the FOIA Exemptions.  As indicated on the cover sheet, the redactions were made pursuant to Exemptions (b)(7)(C) and (b)(5).  The letter informed Plaintiff that some of the pages were duplicates of pages that were already processed as part of Plaintiff's direct FOIA request to ATF and thus those were not being re-released (ATF Exhibit M[3]).

14.     By letter dated April 17, 2007, OIP acknowledged receipt of Plaintiff's administrative appeal in response to ATF's partial release of information in response to Plaintiff's FOIA request (ATF Exhibit N).

15.     On April 24, 2007, ATF's Disclosure Division received a letter dated April 17, 2007, and documents from DEA that had been forwarded previously by ATF to DEA for review and disclosure determination in response to Plaintiff's FOIA request.  DEA stated that, although the forms were DEA forms, the information on the forms originated from ATF, therefore, it was determined that it was within ATF's jurisdiction to provide a direct response to plaintiff (ATF Exhibit O).

16.     By letter dated April 30, 2007, ATF's Disclosure Division released to Plaintiff an additional 10 pages of documents following a consultation with DEA.  ATF redacted and

---

[3]     Plaintiff  never appealed this release to OIP and it was not included in his complaint; therefore, we are including this exhibit solely in response to the allegations in his complaint that EOUSA never responded to Plaintiff's FOIA requests and to provide a complete record of the correspondence between Plaintiff and the Disclosure Division.  As these releases are not included in the litigation, we are not providing a Vaughn Index for these documents at this time.

withheld some records pursuant to FOIA Exemption (b)(7)(C).  In addition, Plaintiff was again provided with instructions on how to file an administrative appeal (ATF Exhibit P) [4]

17.    By letter dated June 25, 2007, OIP informed Plaintiff that ATF was releasing additional portions of 5 pages of documents in response to the appeal filed with OIP by Plaintiff on March 19, 2007.  OIP also affirmed, in part, ATF's decision to withhold certain documents pursuant to FOIA exemptions (b)(2), (b)(7)(C), and (b)(7)(D).  OIP also informed Plaintiff that 10 pages of responsive records were forwarded by ATF to DEA for processing and direct response to plaintiff (ATF Exhibit Q).

18.    ATF asserted exemption (b)(2) to withhold information concerning the internal administrative codes used in criminal law enforcement databases, the Treasury Enforcement Communications System (TECS), a law enforcement database used by ATF to conduct criminal history checks and internal personnel guidelines for Special Agents and other ATF law enforcement personnel in relation to the collection of evidence, surveillance methods and the operational plan for this particular operation, which are predominantly internal law enforcement materials.  The exemption (b)(2) was used to prevent disclosure of material "related solely to the internal personnel rules and practices of an agency," and internal matters which would risk circumvention of agency regulations or statutes (Graham Decl. ¶¶ 21-26).

19.    ATF asserted exemption (b)(7)(C) to withhold the names of federal and state law enforcement support staff employees as well as information by which those individuals could be identified; the names of federal and state law enforcement agents as well as information by which those individuals could be identified; the names of third party individuals referenced in

---

[4]    Once again, OIP has not received an appeal of these redactions; however, as DEA was included in this litigation, we are including the letters for a complete record of the events.

connection with the investigation either as witnesses or leads, as well as information by which

those individuals could be identified; and the names of individuals investigated by ATF and any

information by which these individuals could be identified.  The exemption (b) (7)(C) was used

because the records were complied for law enforcement purposes the disclosure of which could

reasonably be expected to constitute an unwarranted invasion of privacy (Graham ¶¶27-37).

20.     ATF asserted exemption (b)(7)(D) to withhold portions of ATF reports of

investigation and an affidavit which would reveal the identity of a confidential informant.  The

exemption (b)(7)(D) was used to protect the individual who cooperated under the assumption of

confidentiality by ATF to maintain his or her anonymity (Graham Decl. ¶¶ 38-44).

21.     ATF's Disclosure Division searched for responsive records in Treasury

Enforcement Communications System (TECS), [5] a text-based database, owned by the Bureau of

Customs and Border Protection, Department of Homeland Security, which contains information

of interest to law enforcement agencies. TECS is a computerized information system designed to

identify individuals and businesses suspected of or involved in violation of federal law.  TECS

provides access to the FBI's National Crime Information Center (NCIC) and the National Law

Enforcement Telecommunication Systems (NLETS) with the capability of communicating

directly with state and local enforcement agencies.  ATF searched under Plaintiff's full name and

all records were determined to be in the Baltimore Field Division and retrievable under Criminal

Investigation Number 761030-04-0032.  ATF's Baltimore Division searched and located all

criminal files within their office retrievable by Plaintiff's name and criminal investigation

---

[5]     TECS database is utilized by ATF to locate records within its Criminal Investigation
Report System of Records.  See 68 Fed. Reg. 3553.

number (Graham Decl. ¶¶ 45-49)

22.     ATF staff reviewed each page of the material identified as responsive to determine whether all non-exempt, reasonably segregable information was released to Plaintiff and confirmed that all non-exempt, reasonably segregable information has now been provided to Plaintiff.  The Vaughn Index attached hereto describes in detail each document and all meaningful information contained therein (Graham Decl. ¶ 50).

**Customs**

23.     Plaintiff filed a complaint alleging that the Immigration and Naturalization Service (INS)[6]  failed to respond to his FOIA request, dated September 19, 2006, for "all information in any way connected to his name."  Plaintiff alleges that the INS advised him, by letter dated October 24, 2006, that his request was forwarded to the "National Records Center" for consideration, but that "[n]either the INS nor the National Records Center have ever responded."(Mardo Decl. ¶¶ 1-4, Complaint).

24.     On or about September 29, 2006, the Enforcement Case Tracking System (ENFORCE), a database of record and an integrated information system that supports all INS enforcement processing and case management, and includes a record of all law enforcement encounters between the public, and both Border Patrol Agents and Customs and Border Patrol

---

[6]     Customs and Border Protection is the nation's unified border agency within the Department of Homeland Security (DHS).  As part of the government reorganization that created DHS on March 1, 2003, CBP was created by consolidating all governmental inspection and patrol personnel and functions with responsibilities for securing our nation's borders. CBP is comprised of personnel formerly with the U.S. Customs Service, the U.S. Immigration and Naturalization Service (INS), and the U.S. Department of Agriculture's Animal and Plant Health Inspection Service.  As a result of the reorganization, the U.S. Border Patrol, formerly part of the INS, is now part of U.S. Customs and Border Protection.

CBP, was searched using Plaintiff's name, date of birth and place of birth (Mardo Decl. ¶ 6).

26.    The search yielded no records for Plaintiff (Customs Exhibit A) (Mardo Decl. ¶ 7).

27.    On June 11, 2007, the Customs and Border Patrol, the successor agency to the United States Customs Service received notice of Plaintiff's FOIA lawsuit.  A review of the Office of Field Operations case tracking system was done to locate a FOIA request filed by Plaintiff.  There was no record in this system concerning any FOIA request, either made directly to CBP or referred to CBP by another agency: 1) that sought all records concerning Raul Castillo-Ramos, Raul Castillo, and/or Raul Ramos; 2) an individual by the name of Castillo-Ramos that was 28 years old (not knowing the actual age of Mr. Castillo-Ramos, and knowing Plaintiff was in custody, using the age of a Castillo Ramos listed on the Bureau of Prisons public website); or 3) an individual of any of the above names, using the perimeters of that age [September 6, 1978 to September 6, 1979] (Welch Decl. ¶ 6).

28.    Other attempts at researching the receipt of a FOIA request from the Plaintiff were done again on September 6, 2007, using the same or similar methods as described paragraph 27, and the search again produced negative results (Welch Decl. ¶ 7).

Respectfully submitted,


/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **RAUL C. RAMOS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-0895 (JDB)** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS, et. al** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR  SUMMARY JUDGMENT**

Defendants Bureau of Alcohol, Firearms and Explosives (ATF) and United States Customs

Service (Customs)  move this Court to dismiss this civil action, pursuant to Fed. R. Civ. P. 12(b)(6),

or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56 (c).

**I.      Background**

Defendants adopt their respective Statements of Material Facts Not in Genuine Dispute.

**II.     Standard of Review**

Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one that

would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be

discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence

to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting Company, Inc.,

833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its burden, the non-movant

may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue

exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "[T]he

Court must view all facts in the light most favorable to the non-moving party." People For the American Way Foundation v. National Park Service, 503 F.Supp. 2d 284, 291 ( D.D.C. 2007).

FOIA cases are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).   To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure.  Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'"  Public Citizen, Inc. v. Dept. of State, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983). "Summary judgment is available to the defendant in a FOIA case, when the agency proves that it has fully discharged its obligations under FOIA."  Miller v. U.S. Dept. of State, 779 F.2d 1378, 1382 (8th Cir. 1985).

## III.    Discussion

### A.    **Adequacy of Search**

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records.  See Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Judicial Watch, Inc. v. U.S. Dept. of Commerce, 337 F. Supp.2d 146, 158 (D.D.C. 2004).  "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the

effort in light of the specific request." Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986). An agency is not required to search every record system, but rather only those systems in which it believes responsive records are likely to be located. See Oglesby, 920 F.2d at 68.

The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Id.; The mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. See Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68. "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1987), cert. denied, 445 U.S. 927 (1980). Once the agency has proffered such evidence, i.e., a legally-sufficient affidavit, the burden then shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. Miller, 779 F.2d at 1383.

Both ATF and Customs have set forth in detailed and non-conclusory fashion its good faith efforts "to conduct a search for the requested records, using methods which [were] reasonably expected to produce the information requested." Oglesby, 920 F. 2d at 68.

### ATF

Using Plaintiff's full name and other identifying information, ATF searched its Treasury Enforcement Communications System (TECS), a text-based database, which contains information of interest to law enforcement agencies and located Plaintiff's records in the Baltimore Field Division and retrievable under Criminal Investigation Number 761030-04-0032. The Baltimore Division located all criminal case files within their office that were retrievable by the plaintiff's full name and Criminal Investigation Number 761030-04-0032 (Graham Decl. ¶¶ 45-49).

### Customs

Customs searched both the Enforcement Case Tracking System (ENFORCE), an integrated information system that supports all INS enforcement processing and case management, and therefore holds a record of all law enforcement encounters between the public, and both Border Patrol Agents and CBP Officers, and its Office of Field Operations case tracking system using Plaintiff's name, date of birth and place of birth. No records of Plaintiff were located in either of the two law enforcement case tracking systems (Mardo Decl. ¶¶ 5-7; Welch Decl.¶¶ 6-7)

### No Responsive Records

### Customs

A plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" United States Dep't of Justice v. Tax Analysts, 492 U.S. 1136, 142 (1989) (quoting Kissinger v. Reporters Comm. For Freedom of Press, 445 U.S. 150 (1980)); 5 U.S.C. ¶ 552(a)(4)(B). In this case, Plaintiff has failed to show that Customs improperly withheld agency records because an adequate search was completed and no records were located for Plaintiff. Mardo Decl. ¶¶ 6-7; Welch Decl. ¶¶ 6-7). Because no responsive records have been improperly withheld

from Plaintiff, this case should be dismissed or, in the alternative, summary judgment should be entered in favor of Customs.

**Claimed Exemptions**

**Agency's Responsibility under FOIA**

An agency has an obligation to produce requested information unless it falls under one of the FOIA's nine exemptions. <u>Pub. Citizen Health Research Group v. Nat'l Insts. of Health</u>, 209 F.Supp.2d 37, 42 (D.D.C. 2002)(citing <u>Dept. of Justice v. Tax Analysts</u>, 492 U.S. 136, 150-51(1989). Courts have jurisdiction to "order the production of any records improperly withheld form the complainant." 5 U.S.C. ¶ 552(a)(4)(B). The agency bears the burden of demonstrating that the documents is has withheld fall within one of the enumerated exemptions. 5 U.S.C. ¶ 552(a)(4)(B). If an agency fails to meet its burden through the submission of affidavits or a <u>Vaughn</u> index, the Court may order an <u>in camera</u> review of the withheld materials to determine whether the agency complied with its obligations under FOIA. <u>See</u> <u>Taylor v. Dep't of Justice</u>, 257 F.Supp.2d 101,114 (D.D.C. 2003).

**Exemption (b)(2)**

The Court of Appeals for the District of Columbia Circuit in <u>Sussman v. U.S. Marshals Service</u>, 494 F.3d 1106, 1112 (D.C. Cir. 2007) noted that "[e]xemption 2 covers matters 'related solely to the internal personnel rules and practices of an agency.' 5 U.S.C. § 552(b)(2). The agency must show that the materials are 'predominant[ly] internal [ ].' <u>Schwaner v. Dep't of the Air Force</u>, 898 F.2d 793, 795 (D.C.Cir.1990). An agency need not disclose if (1) disclosure may risk circumvention of agency regulation, or (2) the material relates to trivial administrative matters of no genuine public interest." <u>Id</u>. at 794; <u>see also</u> <u>Crooker v. Bureau of Alcohol, Tobacco & Firearms</u>, 670

F.2d 1051, 1074 (D.C.Cir.1981) (en banc).

ATF asserted exemption 2 to withhold guidelines for Special Agents and other ATF law enforcement personnel in relation to the collection of evidence, surveillance methods and the operational plans predominantly internal law enforcement materials. The information withheld meets the test of predominantly internal information because the release of law information guidelines would risk circumvention of the law. Crooker, 670 F.2d 1073-1074. Exemption 2 was also used to withhold internal administrative codes used in ATF's Treasury Enforcement Communications Systems (TECS), a law enforcement database used to conduct criminal history checks. ATF withheld these codes because "[t]hese sensitive codes are information that, in the hands of computer literate individuals with mainframe knowledge, could provide information on the structure of the mainframe system used and expose the system to circumvention. Further, disclosure could facilitate unauthorized access to TECS and interfere with investigations and law enforcement activities at all levels" (Graham Dec. ¶ 25). Id. Accordingly, exemption 2 was properly applied to withheld information.

**Exemption 7(C)**

**Personal Information in Law Enforcement Records**

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); see also National Archives and Records Administration v. Favish, 541 U.S. 157, 165 (2004); Nation Magazine, 71 F.3d at 893; SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991).

Applying Exemption 7(C) involves a multi-step analysis. The first step is determining

whether the information has been compiled for a "law enforcement purpose."[1/]  The term "law enforcement purpose" includes enforcement of civil and criminal statutes, as well as those statutes authorizing administrative (i.e., regulatory) proceedings.  See Center for Nat'l Policy Review v. Weinberger, 502 F.2d 370, 373 (D.C. Cir. 1974).   Here, the information at issue was compiled as part of a criminal prosecution; thus, this criterion is readily satisfied.  See Quinon v. FBI, 86 F.3d 1222, 1228 (D.C. Cir.1996) (holding that "less exacting proof" of a legitimate law enforcement purpose is required of law enforcement agencies such as the FBI); Pratt v. Webster, 673 F.2d 408, 420-21 (D.C. Cir.1982).

The next step is to determine if there is a privacy interest.  A privacy interest sufficient to justify application of Exemption 7(C) has been found to exist in a wide variety of circumstances. See Favish, 541 U.S. at 170-71 (family members have a privacy interest in photographs of deceased relative); United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 763 (1989) (subjects of "rap sheets" have privacy interest); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996)(suspects and witnesses who are identified in agency records in connection with law enforcement investigations); Nation Magazine 71 F.3d at 894 (same); Davis v. U.S. Dept. of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992) (privacy interest in confidential informant's testimony); Lesar v. U.S. Dept. of Justice, 636 F.2d 472, 487-88 (D.C. Cir. 1980) (law enforcement officers who work on criminal investigations have valid privacy claim).

---

[1/]      There should be no doubt that the ATF records compiled were for a "law enforcement purpose" because ATF is responsible for enforcing the federal firearms laws and the records reviewed for disclosure were created by ATF in accordance with ATF's law enforcement functions (Graham Decl. ¶ 27).

Finally, since exemption 7(C) proscribes releases that would constitute an unwarranted invasion of personal privacy, see 5 U.S.C. § 552(b)(7)(c), the privacy interest must be balanced against the public interest, if any, that would be served by disclosure.  Reporters Committee, 489 U.S. at 776; Schrecker v. Department of Justice, 254 F.3d 162, 166 (D.C. Cir. 2001); Mays v. Drug Enforcement Administration, 234 F.3d 1324, 1327 (D.C. Cir. 2000).  As with the privacy interest encompassed by FOIA Exemption 6, the public interest in disclosure is limited to the FOIA's core purpose of "shed[ing] light on an agency's performance of its statutory duties."  Reporters Committee, 489 U.S. at 773; see also id. (the public interest is "not fostered by disclosure of information about private citizens that is accumulated in various government files but that reveals little or nothing about an agency's own conduct.").

When a request seeks personal information but no official information about a government agency, the invasion of privacy is per se unwarranted.  See Favish 541 U.S. at 171-72; Reporter's Committee, 489 U.S. at 780.  Information that does not directly reveal the operations or activities of the government falls outside the ambit of the public interest that FOIA was enacted to serve.  See Reporter's Committee, 489 U.S. at 775.  Therefore, where a privacy interest is at stake, requested records may be withheld if the information sought does not reveal anything about the government's operations.  See Favish, 541 U.S. at 174.  Rarely does a public interest outweigh an individual's privacy interest when law enforcement information pertaining to individuals is sought.  See Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990); Senate of Puerto Rico v. United States Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

8

**ATF**

ATF asserted Exemption 7(C) to withhold the names of federal and state law enforcement support staff employees as well as information by which those individuals could be identified; the names of federal and state law enforcement agents as well as information by which those individuals could be identified; the names of third party individuals referenced in connection with the investigation either as witnesses or leads, as well as information by which those individuals could be identified; and the names of individuals investigated by ATF and any information by which these individuals could be identified because disclosure could reasonably be expected to constitute an unwarranted invasion of privacy (Graham Decl. ¶¶ 28-37). ATF had several reasons for not disclosing this information 1) third parties could be embarrassed, harassed, and harmed; 2) disclosure of being associated with a criminal investigation into unlawful actions carries a stigmatizing and negative connotation; and 3) law enforcement personnel might seriously have their effectiveness hindered in conducting investigations to which they are assigned or subject them to unwarranted harassment (Graham Dec. ¶¶ 34-37).

Furthermore, Plaintiff has provided no facts to show any public interest for which any potential public interest would outweigh the privacy interests of the ATF staff employees, law enforcement agents and the names of third party individuals. Exemption 7 (C) recognizes the stigma of being associated with any law enforcement investigation affords broad privacy rights to those who are connected in any way with such an investigation unless a significant public interest exists for disclosure. See also Reporters Committee, 489 U.S. at 773-75; Nation Magazine, 71 F.3d at 894; Davis, 968 F.2d at 1281 (acknowledging that co-defendants have cognizable privacy interests) (quoting King v. United States Department of Justice, 830 F.2d 210, 233 (D.C. Cir 1987)); Blanton

v. United States Dep't of Justice, 63 F. Supp.2d 35, 45 (D.D.C. 1999) (persons of investigative interest to the FBI have valid privacy interests).

Neither Plaintiff's FOIA request nor his complaint identify any public interest to be served by the release of the names of ATF personnel or any third parties associated with any of the criminal files. The public interest in disclosure "does not include helping an individual obtain information for his personal use." Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002) (quoting Mays v. DEA, 234 F.3d 1324, 1327 (D.C. Cir. 2000)), vacated by Oguaju v. United States Marshals Service, 541 U.S. 970 (2004), judgment reinstated by Oguaju v. United States, 378 F.3d 1115 (D.C. Cir. 2004). In this regard, courts have consistently refused to recognize any public interest in the disclosure of information solely to assist a prisoner in challenging his conviction. See, e.g., Neely v. Federal Bureau of Investigation, 208 F.3d 461, 464 (4th Cir. 2000); Hale v. United States Dep't of Justice, 973 F.2d 894, 901 (10th Cir.1992), vacated on other grounds, 509 U.S. 918 (1993); Landano v. Department of Justice, 956 F.2d 422, 430 (3d Cir. 1991), rev'd on other grounds, 508 U.S. 165 (1993).

**Exemption 7(D)**

Exemption 7(D) exempts from disclosure material that could reasonably be expected to disclose the identity of a confidential source, including a state, local, or foreign agency or authority, or any private institution which furnished information on a confidential basis. 5 U.S.C. ¶ 552(b)(7)(D). There is no assumption that a source is confidential for exemption 7(D) whenever a source provides information to a law enforcement agency in the course of a criminal investigation. U.S. Dep't of Justice v. Landano, 508 U.S. 165 (1993). A source's confidentiality is determined on a case-by-case basis, and the Court must determine "whether the particular source spoke with an

understanding that the communication would remain confidential." Id. at 172 (emphasis in original). "A source is confidential within the meaning of exemption 7(D) if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." Williams v. FBI, 69 F.3d 1155, 1159 (D.C. Cir. 1995)(citing Landano, 508 U.S. at 170-174). The nature of the crime investigated and the informant's relations to it are the most important factors in determining whether implied confidentiality exists. Landano, 508 U.S. at 179-80.

Here, ATF withheld portions of reports of investigation and an affidavit which would reveal the identity of a confidential source based upon implied assurances of confidentiality due to one, the nature of the crime; and two, the source's relation to the crime. (Graham Decl.¶ 38). ATF's experience is that violations of federal firearms and narcotics violations are accompanied by acts of violence. In addition, ATF determined that because of Plaintiff's association with a violent gang disclosure of the source's identity would place the source in danger (Graham Dec.¶ 45). See Mays v. DEA, 234 F.3d 1324, 1329 (D.C. Cir. 2000)(withheld source supplying information about conspiracy to distribute crack and powder cocaine). Thus, the withholding of the source's identity was proper.

### E.     Segregability

The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA requires that, if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information

11

unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. §

552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir.

1977).

In order to demonstrate that all reasonably segregable material has been released, the agency

must provide a "detailed justification" rather than "conclusory statements." Mead Data, 566 F.2d

at 261. The agency is not, however, required "to provide such a detailed justification" that the

exempt material would effectively be disclosed. Id. All that is required is that the government show

"with 'reasonable specificity'" why a document cannot be further segregated. Armstrong v.

Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is

not required to "commit significant time and resources to the separation of disjointed words, phrases,

or even sentences which taken separately or together have minimal or no information content."

*Mead Data*, 566 F.2d at 261, n.55. In this matter, all responsive information has been provided to

Plaintiff and reasonably segregable  information was disclosed after deletion of the exempt

information (Graham Decl. ¶ 50).

12

### E.  <u>CONCLUSION</u>

Defendants ATF and Customs have demonstrated that they responded properly to Plaintiff's FOIA request.  Defendant Customs found no responsive records and Defendant ATF released to Plaintiff all records and portions thereof not exempted from disclosure.  Accordingly, Defendants respectfully request that their motion for summary judgment be granted.

Respectfully submitted,


/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of March  2008, I caused the foregoing to be served by first class mail, postage prepaid, to plaintiff *pro se*:


RAUL C. RAMOS
r38200-037
Big Sandy
U.S. Peniteniary
Inmate Mail/Parcels
P.O. Box 2068
Inez, Ky 41224


/s/_____
BLANCHE L. BRUCE
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078 (telephone)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RAUL C. RAMOS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 07-0895 (JDB)** |
| | ) |
| **FEDERAL BUREAU OF PRISONS, et. al** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**ORDER**

UPON CONSIDERATION of Defendants Alcohol, Tobacco, Firearms, and Explosives and

Customs, Motion to Dismiss or in the alternative, Motion for Summary Judgment, memorandum,

and accompanying documents, any opposition by Plaintiff, and the entire record herein, it is on this

___ day of _____, 2008.

ORDERED that Defendants' Motion to Dismiss and Motion for Summary Judgment is

Granted.

Date _____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Raul Castillo Ramos, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07- 0895 |
| | ) | |
| U.S. Department of Justice, | ) | |
| Bureau of Alcohol, Tobacco, Firearms | ) | |
| and Explosives, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF AVERILL GRAHAM,
CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Averill Graham, do hereby depose and say:

1. I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF), Department of Justice (DOJ).  In this capacity, I receive all requests
made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the
Privacy Act of 1974 (PA), 5 U.S.C. § 552a.   In this capacity, I also review all requests
referred to ATF from other agencies that have located ATF-originated documents in their
records while processing their FOIA and PA requests.  I am responsible for processing all
FOIA and PA requests, initiating searches relevant to such requests, supervising the
determination of what records should be disclosed, processing all documents referred to
ATF by other agencies, and recording all administrative appeals filed with ATF.

2. I declare that the statements made in this declaration are on the basis of knowledge
acquired by me in the performance of my official duties.

3.  I am familiar with the procedures followed by this office in responding to the FOIA request made by Mr. Ramos.   ATF believes it properly withheld information in response to Mr. Ramos's request pursuant to Exemptions (b)(2), (b)(7)(C) and (b)(7)(D).

## **Chronology**

4.  On October 5, 2006, ATF's Disclosure Division received a FOIA request dated September 19, 2006 from Mr. Ramos, in which he requested all records maintained by ATF pertaining to himself.   A copy of the letter dated September 19, 2006 letter is attached as Exhibit A.

5.  By letter dated October 6, 2006, ATF's Disclosure Division acknowledged receipt of Mr. Ramos's FOIA request and stated that a reply was anticipated to be forthcoming within 20 days.  A copy of the letter dated October 6, 2006 letter is attached as Exhibit B.

6.  By letter dated October 17, 2006, ATF responded to Mr. Ramos's FOIA request and informed Mr. Ramos that the request would be processed under the provisions of FOIA, which entitled plaintiff to two free hours of search time and 100 pages at no cost.  ATF requested an explicit written agreement from plaintiff stating that he would pay $25 if the search exceeded the FOIA provisions and informed plaintiff that no further action would be taken until such written agreement was received by ATF.  A copy of the letter dated October 17, 2006 letter is attached as Exhibit C.

7.  On January 10, 2007, ATF's Disclosure Division received a letter dated January 5, 2007 from Mr. Ramos in which he responded to ATF's request for a written agreement to pay $25 in costs.  Mr. Ramos indicated that he had agreed to pay reasonable fees in his original FOIA request.  A copy of this letter dated January 5, 2007 is attached as Exhibit D.

8.  By letter dated January 11, 2007,[1] ATF's Disclosure Division acknowledged receipt of plaintiff's letter affirming his agreement to pay the $25 FOIA filing fee and informed plaintiff that a response would be mailed to him within 20 business days. A copy of the letter dated January 11, 2007 letter is attached as Exhibit E.

9.  By letter dated January 29, 2007, ATF's Disclosure Division clarified its earlier request for an explicit agreement to pay the $25 FOIA filing fee from Mr. Ramos. ATF explained that it is ATF's policy to receive an agreement setting forth a specific price for filing FOIA requests ($25) rather than an agreement to pay "a reasonable fee," which may be subject to interpretation and disagreement. ATF informed Mr. Ramos that his FOIA request was granted in part. The letter advised Mr. Ramos that ATF was releasing disclosable portions of documents that contained exempt information and withholding portions of the documents pursuant to FOIA Exemptions listed on the Document Cover Sheet: (b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(E)[2]. Mr. Ramos was also informed that some documents were referred to the agency of origin for disclosure determination and direct response to plaintiff. In addition, the requestor was provided with instructions on how to file an administrative appeal. A copy of the letter dated January 29, 2007 letter and Cover Sheet is attached as Exhibit F.

10. By letter dated January 29, 2007, ATF's Disclosure Division referred ten pages of documents to the Drug Enforcement Agency (DEA) for disclosure determination and

---

[1] Attached Exhibit E is a letter which is date-stamped January 11, 2006, but it is clear that the mistaken year was due to an error in date-stamping. The letter states that it is in response to a request on January 10, 2007. Therefore, we are referring to Exhibit E as a letter dated January 11, 2007 to avoid confusion.
[2] It appears that (b)(7)(E) was marked inadvertently on a few pages, where (b)(7)(C) was the correct exemption for these redactions. No alterations in these redactions have been made, except that they have been correctly labeled as (b)(7)(C) in the attached Vaughn Index. ATF is no longer claiming exemption (b)(7)(E) for these documents.

direct response to plaintiff. A copy of the letter dated January 29, 2007 is attached as Exhibit G.

11. On March 2, 2007, the Office of Information and Privacy (OIP) received an administrative appeal, dated January 5, 2007, filed by the plaintiff in response to ATF's request for an affirmative agreement to pay the $25 FOIA filing fee. A copy of the appeal dated January 5, 2007 is attached as Exhibit H.

12. By letter dated March 19, 2007, OIP acknowledged receipt of plaintiff's administrative appeal of ATF's request that plaintiff explicitly agree to pay the $25 FOIA filing fee. A copy of this letter dated March 19, 2007 is attached as Exhibit I.

13. On April 5, 2007, ATF received 174 pages of material, originating from ATF and pertaining to Mr. Ramos, from the Executive Office for United States Attorneys (EOUSA) pursuant to a FOIA request that Mr. Ramos submitted to EOUSA on September 19, 2006 for all records related to him in the District of Maryland. A copy of this letter dated March 30, 2007 is attached as Exhibit J.

14. On April 5, 2007, OIP received a letter, dated March 19, 2007, from Mr. Ramos, in which he appealed ATF's partial release of information in response to his January 5, 2007 request. A copy of the appeal dated March 19, 2007 is attached as Exhibit K.

15. By letter dated April 9, 2007, OIP informed Mr. Ramos that his appeal filed with OIP dated January 5, 2007 in response to ATF's request for certification of the payment of $25 in fees was closed due to OIP's finding that the appeal was moot because ATF responded to his request on January 29, 2007. A copy of this letter dated April 9, 2007 is attached as Exhibit L.

16.  By letter dated April 12, 2007, ATF's Disclosure Division informed Mr. Ramos that

EOUSA had forwarded 174 pages of material to ATF in response to Mr. Ramos's FOIA

request to EOUSA dated September 19, 2006.  The letter advised Mr. Ramos that ATF

was releasing disclosable portions of documents that contained exempt information and

withholding portions of the documents pursuant to the FOIA Exemptions.  As indicated

on the cover sheet, the redactions were made pursuant to Exemptions (b)(7)(C) and

(b)(5).  The letter informed Mr. Ramos that some of the pages were duplicates of pages

that were already processed as part of Mr. Ramos's direct FOIA request to ATF and thus

those were not being re-released.  A copy of this letter dated April 12, 2007 and the

accompanying cover sheet is attached as Exhibit M.[3]

17.  By letter dated April 17, 2007, OIP acknowledged receipt of Mr. Ramos's administrative

appeal in response to ATF's partial release of information in response to Mr. Ramos's

FOIA request.  A copy of this letter dated April 17, 2007 is attached as Exhibit N.

18.  On April 24, 2007, ATF's Disclosure Division received a letter dated April 17, 2007,

and documents from DEA that had been forwarded previously by ATF to DEA for

review and disclosure determination in response to Mr. Ramos's FOIA request.  DEA

stated that, although the forms were DEA forms, the information on the forms originated

from ATF, therefore, it was determined that it was within ATF's jurisdiction to provide a

direct response to plaintiff.  A copy of this letter is attached as Exhibit O.

19.  By letter dated April 30, 2007, ATF's Disclosure Division released to Mr. Ramos an

additional 10 pages of documents following a consultation with DEA.  ATF redacted and

---

[3] Mr. Ramos never appealed this release to OIP and it was not included in his complaint; therefore, we are including this exhibit solely in response to the allegations in his complaint that EOUSA never responded to Mr. Ramos's FOIA requests and to provide a complete record of the correspondence between Mr. Ramos and the Disclosure Division.  As these releases are not included in the litigation, we are not providing a Vaughn Index for these documents at this time.

withheld some records pursuant to FOIA Exemption (b)(7)(C).  In addition, the requestor

was again provided with instructions on how to file an administrative appeal.   A copy of

this letter dated April 30, 2007 and the accompanying Cover Sheet is attached as Exhibit

P.[4]

20.  By letter dated June 25, 2007, OIP informed Mr. Ramos that ATF was releasing

additional portions of 5 pages of documents in response to the appeal filed with OIP by

plaintiff on March 19, 2007.  OIP also affirmed, in part, ATF's decision to withhold

certain documents pursuant to FOIA exemptions (b)(2), (b)(7)(C), and (b)(7)(D).  OIP

also informed plaintiff that 10 pages of responsive records were forwarded by ATF to

DEA for processing and direct response to plaintiff.  A copy of this letter dated June 25,

2007 is attached as Exhibit Q.

## Exemptions

### FOIA EXEMPTION (b)(2)
### INTERNAL ADMINISTRATIVE MATTERS

21. Pursuant to Exemption (b)(2), the Disclosure Division withheld:

> ➢ Internal administrative codes used in criminal law enforcement databases

> ➢ Internal personnel guidelines, the disclosure of which would risk circumvention
>    of the law

22. Exemption (b)(2) of FOIA protects from disclosure material "related solely to the internal

personnel rules and practices of an agency," including predominantly internal matters the

disclosure of which would risk circumvention of agency regulations or statutes.

23. The redacted information in the records that were provided to plaintiff consists of internal

administrative codes.  This information is for either administrative and/or law

---

[4] Once again, OIP has not received an appeal of these redactions; however, as DEA was included in this litigation, we are including the letters for a complete record of the events.  As these releases are not included in the litigation, we are not providing a Vaughn Index for these documents at this time.

enforcement purposes only and is of no legitimate interest to the public. Disclosure of this material is either trivial and of no public interest or, if disclosed, would risk circumvention of the law.

24. ATF withheld information concerning guidelines for Special Agents and other ATF law enforcement personnel in relation to the collection of evidence, surveillance methods and the operational plan for this particular operation, which are predominantly internal law enforcement materials. Disclosure of this material would risk circumvention of the law.

25. Exemption (b)(2) is being invoked for information contained in the Treasury Enforcement Communications System (TECS), a law enforcement database used by ATF to conduct criminal history checks. The data displayed on screen prints of TECS records is redacted for the following reasons. Information displayed identifies the terminal from which a query was accomplished by a terminal ID and a logical unit ID to show its mainframe connection. The remaining data relates to the software applications that identify how the displayed record was retrieved: specifically, the software program mapping code, the routing codes within the program that allows the query to move from screen to screen, and the codes that allow movement to other programs from the displayed screen. These sensitive codes are information that, in the hands of computer literate individuals with mainframe knowledge, could provide information on the structure of the mainframe system used and expose the system to circumvention. Further, disclosure could facilitate unauthorized access to TECS and interfere with investigations and law enforcement activities at all levels.

26. The documents released to Mr. Ramos also include computer and administrative codes from other computer databases and law enforcement files. The principles described in above paragraph regarding ATF's TECS Database apply equally to these databases.

## FOIA EXEMPTION 7 THRESHOLD

27. ATF is a criminal and regulatory enforcement agency within the Department of Justice and is responsible for, among other things, enforcing Federal firearms laws including the Gun Control Act of 1968, 18 U.S.C. §§ 921-930, the Federal explosives laws, 18 U.S.C. Chapter 40, and the National Firearms Act, 26 U.S.C. Chapter 53. See. 68 Fed. Reg. 4923 (2003). The records reviewed for disclosure were created by ATF in accordance with ATF's law enforcement functions.

## FOIA EXEMPTION (b)(7)(C)
## UNWARRANTED INVASION OF PERSONAL PRIVACY

28. Pursuant to Exemption (b)(7)(C) the Disclosure Division withheld:

   ➢ the names of Federal and state law enforcement support staff employees as well as information by which those individuals could be identified

   ➢ the names of Federal and state law enforcement agents as well as information by which those individuals could be identified

   ➢ the names of third party individuals referenced in connection with the investigation either as witnesses or leads, as well as information by which those individuals could be identified

   ➢ the names of individuals investigated by ATF and any information by which these individuals could be identified

29. FOIA Exemption (b)(7)(C) protects from disclosure records or information compiled for law enforcement purposes, the production of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

30. Exemption (b)(7)(C) requires a balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties. The requester's identity, purpose in making the request, and proposed use of the requested information have no bearing on this balancing test.

31. The individuals' names and identifying information referenced in paragraph 28 above were compiled in connection with an investigation into a drug related crime involving a firearm and as such, meet Exemption 7's threshold requirement of "records or information compiled for law enforcement purposes."

32. Revealing this information is unlikely to add to the public's understanding of how an agency works or how well it performs its duties. On balance, the Disclosure Division determined that the substantial privacy interest, which is protected by withholding this information, outweighs any minimal public interest that would be served by its release. Such a release would be "unwarranted" as required by 5 U.S.C. § 552(b)(7)(C).

33. ATF withheld the names, addresses, phone numbers, titles and other identifying information related to third party individuals and witnesses interviewed by ATF during the course of the investigation, law enforcement officers, and other private individuals merely mentioned in ATF's files.

34. The third parties referenced in the responsive files are described in sufficient detail to allow for the identification of those third parties by persons familiar with the circumstances and facts of ATF's investigation. ATF determined that third parties could reasonably be expected to be embarrassed and humiliated by being associated with this investigation. Further, ATF determined that the references to witnesses in the responsive files have the very real potential to endanger such witnesses or cause harassment and harm to the witness' lives and reputations. In this case, plaintiff was indicted for possession of a large amount of narcotics and a firearm and was associated with a gang investigation; therefore, the release of an identifying information concerning witnesses or third parties could be reasonably expected to put the lives of such people in danger. In

addition, disclosure may well discourage future witnesses from cooperating with ATF. After balancing the interests at stake, ATF determined that the types of personal information contained within its files must be withheld because disclosure of the information could reasonably be expected to cause the third parties referenced in its files and third party witnesses embarrassment, harassment, and harm, and would do little, if anything at all, to aid the public's understanding of the ATF.

35. ATF also invoked Exemption (b)(7)(C) to protect the names and identifying information of third parties who were investigated by ATF. ATF determined that the disclosure of this information could reasonably be expected to constitute an unwarranted invasion of these third parties' privacy, because being associated with ATF's criminal investigation into unlawful actions carries a stigmatizing and negative connotation. Thus, ATF determined that the third parties possess a substantial privacy interest in not having this information disclosed. After ATF identified the substantial privacy interests at stake, ATF balanced those interests against any public interest in the disclosure. ATF determined that because the disclosure of the names and identities of these third parties would not shed any light on ATF's activities, it could not identify any discernible public interest in the disclosure.

36. ATF asserted Exemption (b)(7)(C) to protect the identities of ATF Special Agents and other law enforcement personnel, such as supervisory and technical personnel who were involved in law enforcement operations. The identities of ATF special agents and other law enforcement personnel that appear in law enforcement records are protected since disclosure might seriously prejudice their effectiveness in conducting investigations to which they are assigned or subject them to unwarranted harassment.

37. In determining whether to identify ATF Special Agents and other law enforcement personnel, ATF balanced the interest in disclosure against the individuals' privacy interest. Mr. Ramos did not assert any discernible public interest in this particular type of information. ATF determined that the privacy interests of law enforcement personnel substantially outweigh any public interest, and that the names of law enforcement personnel would not be disclosed. The fact that Mr. Ramos may know, or be able to independently determine the identities of some agents or other law enforcement personnel whose names have been withheld does not diminish the exemption's protection of these individuals. Consequently, the deleted information is exempt under Exemption (b)(7)(C).

FOIA EXEMPTION (b)(7)(D)<br>
<u>CONFIDENTIAL SOURCE</u>

38. Pursuant to Exemption (b)(7)(D), the Disclosure Division withheld:

> ➤ Select portions of ATF Reports of Investigation and affidavit which would reveal the identity of a confidential source

39. Exemption (b)(7)(D) protects from disclosure information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to reveal the identity of a confidential source and/or information furnished by a confidential source.

40. The ATF reports contain interviews and accounts of interviews and undercover operations involving named sources who provided information regarding specifics about plaintiff's criminal activity.

41. When a source has not expressly been granted a promise of confidentiality, certain circumstances characteristically support an inference of implied confidentiality. The

character of the crime being investigated and the source's relation to the nature of the crime are the primary factors in determining whether implied confidentiality exists.

42. It is the experience of ATF that violations of the Federal firearms and narcotics laws often consist of, or are accompanied by acts of violence, and that individuals who provide information concerning these crimes face a very real possibility of violent reprisal.  In this instance, because plaintiff was associated with a violent gang and charged with numerous crimes, ATF determined that the disclosure of this information could place the person that provided information to ATF in danger.  It is clear that if this information provided by this source were to be released the source's identity would be identified to plaintiff.

43. It is reasonable to infer that at the time the individual's cooperation was secured, the individual expected that his/her identity and the information he/she provided was on a confidential basis and that it would remain so.  I have also been informed by ATF Special Agents that the release of the names of cooperating individuals such as the one in the underlying criminal case at issue here could jeopardize future ATF operations by deterring similarly situated individuals from providing needed information.

44. The individual who cooperated under the assumption of confidentiality relied on ATF for maintaining his or her anonymity and should be afforded the protection of Exemption (b)(7)(D).

## **Adequacy of Search**

45. ATF's Disclosure Division executed an independent and thorough search for all responsive materials responsive to plaintiff's FOIA request.  All indices and file systems,

including TECS, that would contain information pertaining to Mr. Ramos were reasonably searched.

46. Upon receipt of plaintiff's FOIA request the Disclosure Division executed an independent and thorough search for all responsive materials. The first step that was taken in conducting the search was to query the Treasury Enforcement Communications System (TECS).[5]   TECS is a text-based database, owned by the Bureau of Customs and Border Protection, Department of Homeland Security, which contains information that may be of interest to law enforcement agencies. TECS is a computerized information system designed to identify individuals and businesses suspected of or involved in violation of federal law. TECS is also a communications system permitting message transmittal between Federal law enforcement offices and other international, state, and local law enforcement agencies. TECS provides access to the FBI's National Crime Information Center (NCIC) and the National Law Enforcement Telecommunication Systems (NLETS) with the capability of communicating directly with state and local enforcement agencies. ATF uses TECS to locate records within the Department of Justice's Privacy Act system of records entitled "Criminal Investigation Report System."

47.   ATF records located within TECS include: wanted persons and fugitives; known and suspected violators of laws falling within the jurisdiction of ATF; felons and dishonorably discharged veterans who have requested relief to own firearms and/or explosives under the Gun Control Act of 1968; violent felons; and gangs and terrorists. The TECS system contains seven record subsections: People, Businesses, Aircraft, Firearms, Vehicles, Vessels, and Things. Bureau-wide, ATF performs an average of

---

[5] TECS database is utilized by ATF to locate records within our Criminal Investigation Report System of Records. <u>See</u> 68 Fed. Reg. 3553.

130,000 queries per month against records in the following subsections: People, Businesses, Firearms, and Vehicles. These queries reveal ATF Investigation numbers that correspond to a specific field division where any files would be located. Accordingly, because the TECS database contains the names of the individuals ATF has investigated, it was the place most likely to locate responsive records.

48. By searching under plaintiff's full name, all records related to Mr. Ramos were determined to be located in the Baltimore Field Division and retrievable under Criminal Investigation Number 761030-04-0032. Pursuant to a request from the Disclosure Division, ATF's Baltimore Field Division undertook a search that located all criminal case files within their office that were retrievable by the plaintiff's full name and Criminal Investigation Number 761030-04-0032.

49. I have been informed by the Baltimore Field Division that, to the best of my knowledge, I have been provided with all records responsive to Mr. Ramos's request. As such, and for the reasons described above, ATF has conducted a search of all locations likely to contain responsive documents using methods reasonably expected to uncover all relevant documents.

### Segregability

50. My staff reviewed each page of the material identified as responsive to determine whether all non-exempt, reasonably segregable information was released to Mr. Ramos. As a result of this review, it has been determined that all non-exempt, reasonably segregable information has now been provided to Mr. Ramos. The Vaughn Index attached hereto describes in detail each document and all meaningful information contained therein.

51.    I declare under penalty of perjury that the foregoing is true and correct.  Executed this __4__ day of February 2008.


Averill Graham
Chief, Disclosure Division

VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO RAUL CASTILLO RAMOS
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

| Page Number(s) | Description | Exemption Claimed | Justification |
|---|---|---|---|
| 1-6 | Management Log | (b)(7)(C) Released in Part | Names of Federal law enforcement officers; Name and identifying information of third party in a law enforcement file. |
| 7 | Recommendation for Prosecution Coversheet | (b)(7)(C) Released in Part | Name and identifying information of Federal law enforcement officer. |
| 8-12 | Recommendation for Prosecution | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Names of Federal law enforcement officers; Name and identifying information of third party. |
| 13-14 | Report of Investigation No. 3 | (b)(7)(C) Released in Part | Names and identifying information of Federal law enforcement officers; name and identifying information of third party in a law enforcement file. |
| 15-16 | Report of Investigation No. 2 | (b)(7)(C) Released in Part | Names of Federal law enforcement officers; names and identifying information of third parties in a law enforcement file. |
| 17-39 | TECS II Printout | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Names of Federal law enforcement officers. |
| 40-41 | Personal History/TECS Input | (b)(7)(C) Released in Part | Name and identifying information of Federal law enforcement officer. |
| 42-43 | TECS II Printout | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Name of a Federal law enforcement officer. |
| 44 | Document No. 44 TECS II Printout | (b)(7)(C)/ not in scope Withheld in Full | Requester is not mentioned in the record; not within the scope of the request as is not requester's record; Name and identifying information of a third party in a law enforcement file. |
| 45 | Document No. 45 | (b)(7)(C)/ not in scope Withheld in Full | Requester is not mentioned in the record; not within the scope of the request as is not requester's record; Name and identifying information of a third party in a law enforcement file. |
| 46-49 | Report of Investigation No. 1[*] | (b)(7)(C) | Names and identifying information of Federal law |

VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO RAUL CASTILLO RAMOS
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

| | | | |
|---|---|---|---|
| | | (b)(7)(D)<br>Released in Part | enforcement officers; names and identifying information of third parties; Information that could reasonably be expected to disclose the identity of a confidential source. |
| 50-51 | Report of Investigation No. 40 | (b)(7)(C)<br>Released in Part | Names of Federal law enforcement officers; Name of State law enforcement officer; Name and identifying information of a third party in a law enforcement file; |
| 52-53 | Report of Investigation No. 37 | (b)(7)(C)<br>Released in Part | Names of Federal law enforcement officers; Name and identifying information of a third party in a law enforcement file |
| 54 | Coversheet for CD with Recorded Conversation | (b)(2)<br>(b)(7)(C)<br>Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 55 | Coversheet for Crack Cocaine | (b)(2)<br>(b)(7)(C)<br>Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 56 * | Coversheet for Pistol | (b)(2)<br>(b)(7)(C)<br>Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 57 * | Report of Investigation No. 179 | (b)(2)*<br>(b)(7)(C)<br>Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Name of a Federal law enforcement officer |
| 58 | Coversheet for Test Fire of Pistol | (b)(7)(C)<br>Released in Part | Identifying information of a third party in a law enforcement file |
| 59 | Lab Report | (b)(7)(C)<br>Released in Part | Identifying information of a third party in a law enforcement file |
| 60-61 | Report of Investigation No. 42 | (b)(7)(C)<br>Released in Part | Names and Identifying information of Federal law enforcement officers; Name of State law enforcement officer; Identifying information of a third party in a law enforcement file; Identifying information of a third party in a law enforcement file. |

2

VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO RAUL CASTILLO RAMOS
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

| 62-63 | Report of Investigation No. 39 | (b)(7)(C) Released in Part | Names and Identifying information of Federal law enforcement officers; Identifying information of a third party in a law enforcement file. |
|---|---|---|---|
| 64 * | Coversheet for 1 CD with Recorded Meeting | (b)(2) (b)(7)(C) Released in part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 65 * | Coversheet for Crack Cocaine | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 66 | Report of Investigation No. 48 | (b)(7)(C) Released in Part | Names and Identifying information of Federal law enforcement officers;  Identifying information of a third party in a law enforcement file |
| 67-68 | Report of Investigation No. 44 | (b)(7)(C) Released in Part | Names and Identifying information of Federal law enforcement officers; Identifying information of a third party in a law enforcement file. |
| 69 | Coversheet for 1 Cassette with Recorded Conversations | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 70-71 | ATF Report of Investigation No. 46 | (b)(7)(C) Released in Part | Names and Identifying information of Federal law enforcement officers; Identifying information of a third party in a law enforcement file. |
| 72 | Coversheet  for 1 CD with Recorded Meeting | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 73 | Coversheet for Crack Cocaine | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 74-75 | Report of Investigation No. 83 | (b)(7)(C) Released in Part | Names and Identifying information of Federal law enforcement officers; Name of State law enforcement |

3

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO RAUL CASTILLO RAMOS**
**FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

|  |  |  | officer; Identifying information of a third party in a law enforcement file; Name and identifying information of a third party in a law enforcement file. |
|---|---|---|---|
| 76 | Coversheet for 1 Audiotape | (b)(2)<br>(b)(7)(C)<br>Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 77-78 | Report of Investigation No. 80 | (b)(7)(C)<br>Released in Part | Names and Identifying information of Federal law enforcement officers; Identifying information of a third party in a law enforcement file |
| 79 | Coversheet for 1 CD with Recorded Conversation | (b)(2)<br>(b)(7)(C)<br>Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 80 | Coversheet for Crack Cocaine | (b)(2)<br>(b)(7)(C)<br>Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 81 | Coversheet for Revolver | (b)(2)<br>(b)(7)(C)<br>Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 82-83 | Report of Investigation No. 183 | (b)(7)(C)<br>Released in Part | Names and Identifying information of Federal law enforcement officers; identifying information of a third party in a law enforcement file |
| 84-85 | Report of Investigation No. 208 | (b)(7)(C)<br>Released in Part | Names and Identifying information of Federal law enforcement officers; Name of State law enforcement officer; identifying information of a third party in a law enforcement file |
| 86-87 | Report of Investigation No. 99 | (b)(7)(C)<br>Released in Part | Names and Identifying information of Federal law enforcement officers; Name of State law enforcement officer; Identifying information of a third party in a law enforcement file; |
| 88-89 | Report of Investigation No. 95 | (b)(7)(C) | Names and Identifying information of Federal law |

4

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO RAUL CASTILLO RAMOS**
**FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | |
|---|---|---|---|
| | | Released in Part | enforcement officers; Identifying information of a third party in a law enforcement file; |
| 90 | Coversheet for 1 CD-ROM Recording | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Name and Identifying information of a Federal law enforcement officer; identifying information of a third party in a law enforcement file |
| 91 | Coversheet for Crack Cocaine | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; identifying information of a third party in a law enforcement file |
| 92-93 | Report of Investigation No. 128 | (b)(7)(C) Released in Part | Names and Identifying information of Federal law enforcement officers; Name of State law enforcement officer; Identifying information of a third party in a law enforcement file |
| 94 | Coversheet for Video Cassette Recording | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a Federal law enforcement officer; Identifying information of a third party in a law enforcement file |
| 95 | Document No. 95 | (b)(7)(C)/ not in scope Withheld in Full | Requester is not mentioned in the record; not within the scope of the request as is not requester's record; Name and identifying information of a third party in a law enforcement file. |
| 96 | Document No. 96 | (b)(7)(C)/ not in scope Withheld in Full | Requester is not mentioned in the record; not within the scope of the request as is not requester's record; Name and identifying information of a third party in a law enforcement file. |
| 97 | Document No. 97 | (b)(7)(C)/ not in scope Withheld in Full | Requester is not mentioned in the record; not within the scope of the request as is not requester's record; Name and identifying information of a third party in a law enforcement file. |
| 98 | Document No. 98 | (b)(7)(C)/ not in scope | Requester is not mentioned in the record; not within the scope of the request as is not requester's record; |

VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO RAUL CASTILLO RAMOS
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

| | | Withheld in Full | Name and identifying information of a third party in a law enforcement file. |
|---|---|---|---|
| 99 | Document No. 99 | (b)(7)(C)/ not in scope<br>Released in Part | Requester is not mentioned in the record; not within the scope of the request as is not requester's record; Names and identifying information of Federal law enforcement officers; Names and identifying information of third parties in a law enforcement file. |
| 100 | Document No. 100 | (b)(7)(C)/ not in scope<br>Withheld in Full | Requester is not mentioned in the record; not within the scope of the request as is not requester's record; Name and identifying information of a third party in a law enforcement file. |
| 101 | ATF Report of Investigation No. 126 | (b)(7)(C)/ not in scope<br>Released in Part | Requester is not mentioned in the record; not within the scope of the request as is not requester's record; Names and identifying information of Federal law enforcement officers; Name and identifying information of a third party in a law enforcement file. |
| 102 | Document No. 102 | (b)(7)(C)/ not in scope<br>Withheld in Full | Requester is not mentioned in the record; not within the scope of the request as is not requester's record; Name and identifying information of a third party in a law enforcement file. |
| 103 | Coversheet for one CD-ROM Recording | (b)(2)<br>(b)(7)(C)<br>Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Name and Identifying information of a Federal law enforcement officer; Name and Identifying information of a third party in a law enforcement file; |
| 104 | Coversheet for Crack Cocaine | (b)(2)<br>(b)(7)(C)<br>Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Identifying information of a third party in a law enforcement file |
| 105-110[*] | Criminal Complaint and Affidavit | (b)(7)(C)<br>(b)(7)(D)<br>Released in Part | Names and Identifying information of Federal law enforcement officers; Names and identifying information of a third party in a law enforcement file; Information that could reasonably be expected to disclose the identity of a confidential source |

VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO RAUL CASTILLO RAMOS
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

| 111 | Document No. 111 | (b)(7)(C)/ not within scope Withheld in Full | Requester is not mentioned in the record; not within the scope of the request as is not requester's record; Name and identifying information of a third party in a law enforcement file. |
|---|---|---|---|
| 112-114 | ATF Significant Activity Report | (b)(7)(C) Released in Part | Name and Identifying information of a Federal law enforcement officer. |
| 115-116 | ATF Request for Advance of Funds | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Name and Identifying information of a Federal law enforcement officer and support staff |
| 117* | USPS Customer Receipts and Money Orders | Released in Full | OIP released this document in full on administrative appeal. See * endnote for more information. |
| 118-119 | Invoice for Translation Services | (b)(2) (b)(7)(C) Released in Part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Name and Identifying information of a Federal law enforcement officer; Name and Identifying information of a third party in a law enforcement file. |
| 120-121 | ATF Electronic Surveillance Request | (b)(2) (b)(7)(C) Released in Part | Internal personnel guidelines that could be used to circumvent a criminal law enforcement database; Name and Identifying information of a Federal law enforcement officer; Name and Identifying information of third parties in a law enforcement file. |
| 122-129 | Indictment, United States District Court for the District of Maryland | (b)(7)(C) Released in Part | Identifying information of a third party in a law enforcement file. |
| 130-135* | Criminal Complaint, United States District Court, District of Maryland | (b)(7)(C) Released in Part | Name and Identifying information of Federal and state law enforcement officers; Name and Identifying information of third parties in a law enforcement file; |
| 136*-140 | ATF Operational Plan | (b)(2) (b)(7)(C) Released in Part | Internal administrative information and personnel guidelines that could be used to circumvent a criminal law enforcement database; Names and Identifying information of Federal law enforcement officers; names and identifying information of third parties in a law enforcement file |
| 141-142 | ATF Fax Coversheet | (b)(2) | Internal administrative information that could be used |

7

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO RAUL CASTILLO RAMOS
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | (b)(7)(C) Released in Part | to circumvent a criminal law enforcement database; Names and Identifying information of Federal law enforcement officers. |
| --- | --- | --- | --- |
| 1** | | | |

\* OIP made additional releases on pages 47, 106, 117, 131 and 136 on June 25, 2007, as a result of Mr. Ramos' administrative appeal.

---

[1] This was inadvertently not claimed as (b)(2) at the bottom of these pages in the original release; however, we are including it now.

AG

## FOIA REQUEST

**To:** Director _____    **Date:** September 19, 2006

Bureau of Alcohol, Tobacco, Firearms & Explosives

Department of Justice _____

Washington, D. C.  20226 _____

_____

Dear Sir:

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name or the subject matter briefly described below:

All Records _____

_____

_____

I will pay reasonable search and reproduction fees.

My Biographical data is as follows:

FULL NAME:  RAUL CASTILLO RAMOS

DATE OF BIRTH  ████████████████

PLACE OF BIRTH Dominican Republic

SOCIAL SECURITY NUMBER  ████████████

I declare (or certify, verify, or state) under the penalty of perjury that the foregoing is true and correct.

Executed on this  19th day of  September,  , 2006.

By X _Raul Castillo Ramos_ _____
Affiant/Declarant Herein

(28 USC Section 1746)

Name:  RAUL RAMOS _____

Reg. No.  38200-037 _____

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

cc : file

**EXHIBIT A**

**U. S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

OCT 0 6 2006

100060-AG

Mr. Raul Ramos
Reg. No. 38200-037
United States Penitentiary
Post Office Box 2068
Inez, Kentucky 41224

Dear Mr. Ramos:

This is to acknowledge your Freedom of Information Act (FOIA) request to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

Your request was received on October 5, 2006, and has been assigned number 07-35; a response will be mailed to you within 20 (twenty) business days from the date of receipt.

Sincerely yours,

/s/

April Sands
Disclosure Assistant

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|------|-----------|----------|----------|----------|----------|----------|----------|
| Surname | | | | | | | |
| Date | | | | | | | |

**EXHIBIT B**

U.S. Government Printing Office: 2005-2-323-328/20289

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|------|-----------|----------|----------|----------|----------|----------|----------|----------|
| Surname | | | | | | | | |
| Date | | | | | | | | |

OCT **1 7** 2006

REFER TO: 07-35 **AG**

Mr. Raul Castillo Ramos
Register #38200-037
USP - Post Office Box 2068
Inez, Kentucky 41224

Dear Mr. Castillo-Ramos:

This is in response to your Freedom of Information Act (FOIA) to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) for access to information you believe is maintained about you.

Your request will be processed under the provisions of the FOIA, wherein you are entitled to two free hours search time, and 100 pages at no cost. Do be advised that by virtue of your filing a FOIA you have agreed to pay up $25.00 in excess of the FOIA provisions should the need arise.

We will take no further action until we have your written agreement to pay $25.00, should the need arise, <u>do not send any money</u> we will invoice you. If you have any questions do not hesitate to call at (202) 927-8480.

Sincerely yours,

**(Signed) Averill P. Graham**

Averill P. Graham
Chief, Disclosure Division

**Correspondence Approval and Clearance**

ATF Form 9310. 3A
Revised May 2004

Bureau of Alcohol, Tobacco, Firearms and Explosives

**EXHIBIT** C

8-Feb-07
07-375

AG

Averill P. Graham, Chief                                                    January 5, 2007
Disclosure Division
Bureau of Alcohol, Tobacco, Firearms & Explosives
Department of Justice
Washington, D. C. 20226

RE: FOIA No. ▓▓▓▓AG▓▓

Dear Sir:

I am responding to your letter of October 17, 2006 because you flabbergasted me when you said you wanted me to tell you if I would pay the $25 costs if need be.

Read my request thoroughly please !

On the request itself I explained I would pay the fees.

Process my request at once !

Sincerely,

Raúl Ramos
38200-037
USP Big Sandy
Box 2068
Inez, KY  41224

cc : file

**EXHIBIT D**

# FOIA REQUEST

**To:** Director                                                    **Date:** September 19, 2006

Bureau of Alcohol, Tobacco, Firearms & Explosives

Department of Justice

Washington, D. C.  20226

Dear Sir:

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name or the subject matter briefly described below:

All Records

I will pay reasonable search and reproduction fees.
My Biographical data is as follows:

FULL NAME:   RAUL CASTILLO RAMOS

DATE OF BIRTH ████████████████

PLACE OF BIRTH Dominican Republic

SOCIAL SECURITY NUMBER  █████████

I declare (or certify, verify, or state) under the penalty of perjury that the foregoing is true and correct.

Executed on this _19th_ day of ____September____, 2006.

By X _Raul Castillo Ramos_
Affiant/Declarant Herein

(28 USC Section 1746)

Name:   RAUL RAMOS

Reg. No.   38200-037

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

cc : file

S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

JAN 1 1 2006

100060-AG

Mr. Raul Ramos
Reg. No. 38200-037
United States Penitentiary Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Dear Mr. Ramos:

This is to acknowledge your Freedom of Information Act (FOIA) request to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

Your request was received on January 10, 2007, and has been assigned number 07-375; a response will be mailed to you within 20 (twenty) business days from the date of receipt.

Sincerely yours,

/s/

April Sands
Disclosure Assistant

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|------|-----------|----------|----------|----------|----------|----------|----------|
| Surname | | | | | | | |
| Date | | | | | | | |

**EXHIBIT E**

. Department of Justice
.ureau of Alcohol, Tobacco, Firearms and Explosives

**Correspondence Approval and Clearance**

JAN **2 9** 2007

REFER TO: 07-375 **AG**

Mr. Raul C. Ramos
Register #38200-037
USP – Big Sandy
Post Office Box 2068
Inez, Kentucky 41224

Dear Mr. Ramos:

This is in response to your Freedom of Information Act (FOIA) request for access to information maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). You requested records relative to yourself. Just to clarify when you say "I agree to pay reasonable fee" it was not clear as to what you may consider reasonable; therefore we had to clarify the fee issue.

Your request is granted in part; we are releasing the segregable portions of the record, and are withholding portions for the reasons indicated on the "Document Cover Sheet". Some documents have been referred to the agency of origination for their disclosure determination and direct response to you.

The cost associated with this portion of your request did not meet the minimum; there is no charge at this time.

Insofar as portions of your request have been denied by deletions, you have the right to file an administrative appeal by following the procedures outlined on Part III (on the reverse) of the Document Cover Sheet.

Sincerely yours,

**(Signed) Averill P. Graham**

Averill P. Graham
Chief, Disclosure Division

Enclosure

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|------|-----------|----------|----------|----------|----------|----------|----------|
| Surname | | | | | | | |
| Date | | | | | | | |

*U.S. Government Printing Office: 2005—310-398/92303

**EXHIBIT F**

JAN 2 9 2007

# DOCUMENT COVER SHEET: EXEMPTIONS LIST AND APPEAL RIGHTS

**Part I – Document cover sheet**

| 1. Requesters' name<br><br>*Ramos, C. Raul* | 2. File no.<br><br>*07-375* | 3. Requested documents were referred by the following agency: |
|---|---|---|
| 4. Documents are being released:<br><br>[ ] at cost   [✓] without cost | 5. Package ends with documents no.:<br><br>*- 142 -* | 6. Total no. of documents denied:<br><br>*- 0 -* |

**7. Exemptions cited for information withheld on pages released:** (See Part II of explanations of exemptions)

[ ] (b) (1)   [✓] (b) (2)   [ ] (b) (3) _____   [ ] (b) (4)   [ ] (b) (5)   [ ] (b) (6)

[ ] (b) (7) (A)   [ ] (b) (7) (B)   [✓] (b) (7) (C)   [✓] (b) (7) (D)   [✓] (b) (7) (E)   [ ] (b) (7) ( F)

**8. Documents completely withheld:**

Document no. -----Exemption          Document no. -----Exemption          Document no. -----Exemption

_____   _____          _____   _____          _____   _____

_____   _____          _____   _____          _____   _____

_____   _____          _____   _____          _____   _____

_____   _____          _____   _____          _____   _____

_____   _____          _____   _____          _____   _____

**9.** The records identified above have been determined to be most directly responsive to your request. Other records, described below are available upon payment of ten (10) cents per page (or at no cost if a fee waiver is granted). These records generally consist of similar or repetitive information that restates information contained in the package being released. A sample of index of these records is included in this released. The following records are available upon written request:

No. of pages

(a) Exhibits to Report (See index on page_____)                    _____
(b) Surveillance Reports (See sample page_____)                    _____
(c) Interagency Telegrams and Messages (See sample page_____)      _____
(d) Property Disposition records (See sample page_____)        _____
(e) Newspaper or magazine article (See sample page_____)           _____
(f) Miscellaneous (See sample page)                                _____

Note: To obtain copies of these records, identify which records you want count the pages and multiply by ten (10) cents. Send a check or money order payable to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and mail to Chief, Disclosure Division, ATF; 650 Mass. Ave., Rm 8400, Washington, DC 20226. Request promptly for best service, as files are returned to field offices fifteen (15) days after this notice is mailed to you.

(Parts II and III on reverse side)

**U. S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

JAN **2 9** 2007

REFER TO: 07-375 AG

Ms. Katharine Myrick
Drug Enforcement Administration
Chief Operations Unit, Room #W-6274 LP-2
Washington, D.C.  20537

Dear Ms. Myrick:

While processing a Freedom of Information act (FOIA) request submitted by
Mr. Raul C. Ramos, we located ten (10) pages that were generated through the efforts of
your agency.  Consequently we are referring those pages to your office for disclosure
determination and direct response to the requester.

For your convenience we have enclosed a copy of the initial FOIA request from
Mr. Ramos, our response, and the ten (10) pages we are referring.

Should you have any questions do not hesitate to call this office at (202) 927-8480.

Sincerely yours,

**(Signed) Averill P. Graham**

Averill P. Graham
Chief, Disclosure Division

Enclosure

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| Surname | | | | | | | |
| Date | | | | | | | |

**EXHIBIT  G**

*3/2/07*

PA
(A)
ATF

07-0840

# FOIA APPEAL

To: OFFICE OF INFORMATION & PRIVACY

DEPARTMENT OF JUSTICE

FLAG BUILDING, SUITE 570

WASHINGTON DC 20530

DATE 1/5/07

FOIA To: BATF&E

Request No. 07-35 AG

Date of Request 9/19/07

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency: __BATF&E__
in conjunction to my request for records. (check appropriate box(es) below:

_____ The agency has not responded and the time limits within which to do so has expired.

_____ The agency has claimed that no records could be found and I want to appeal that "no records response.

__/__ The agency has blanket denied release of records.

_____ The agency has released certain records and withheld some by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.

_____ The agency has stated records were destroyed but has not stated where, how, when and for what reason they were destroyed and under what provision of the law.

__/__ I believe the agency action or inaction otherwise unjust for the following reason: _____

I have TolD ATF in MY Request THAT I WoulD
PAY Fees THeY closeD The File FoR NoT Telling Them WhAT
I AlReADY TolD Them

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.

The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The appellant asks that the agency itemize and index the withheld material and including detailed affidavits & explanations to support any justifications for refusal to disclose.

Sincerely,

X _Raul O Ramos_
(signature)

RAUL RAMOS   38200—037
(name)              (number)
USP Big Sandy; 1197 Airport Road
Box 2068; Inez, KY 41224

**OFFICE OF INFORMATION
AND PRIVACY**

**MAR 0 2 2007**

**RECEIVED**

cc: file

**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**

**EXHIBIT H**

**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: *(202) 514-3642*                    *Washington, D.C. 20530*

MAR 1 9 2007

Mr. Raul Ramos
Register No. 38200-037
United States Penitentiary
P.O. Box 2068
Inez, KY 41224

      Re: Request No. 07-35

Dear Mr. Ramos:

      This is to advise you that your administrative appeal from the action of the Bureau of Alcohol, Tobacco, Firearms, and Explosives was received by this Office on March 2, 2007.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **07-0840**. Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                    Sincerely,

                    Priscilla Jones
                    Supervisory Administrative Specialist

ATF

**EXHIBIT I**

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)

*AG*

07-775

To:  Bureau of Alcohol, Tobacco and Firearms

Requester:  Raul Ramos                              Requester Number:  06-3374

MAR 3 0 2007

Subject of Request:  Self

Dear FOIA/PA Contact Person:

        The enclosed Freedom of Information Act/Privacy Act request was received by this office. The paragraphs checked below apply:

1.    [  ]    As your office may have records responsive to this request, we are referring it to you for a direct response to the requester.

2.    [ X ]    While processing this request, we located the enclosed records which originated in your office. These records were found in the U.S. Attorney's Office files and may or may not be responsive to the request. We are referring ___174___ page(s) of material and a copy of the request to you for a direct response to the requester.

3.    [  ]    This office is also providing _____ page(s) of documents under a cover page titled "Background Information". The attached records are provided to your agency to assist in processing your records. These are <u>not</u> part of the referred records and should be kept as administrative records in this referral.

        A copy of our final determination letter is also enclosed for your reference. Please note we have charged the requester $___0.00___ for search/duplication costs incurred in the processing of this request.

        We have notified the requester of this referral.

        If you have any questions about this matter, please contact the FOIA/PA processor named below.

                                        Sincerely,


                                        William G. Stewart II
                                        Assistant Director

Name:  Tina Joyner

E-mail:  Tina.Joyner@usdoj.gov
Enclosure(s)                                                Form No. 007 - 3/07


**EXHIBIT J**

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478   (www.usdoj.gov/usao)*

Requester:  Raul Ramos                                    Request Number:  06-3374

Subject of Request:   Self

Dear Requester:

     Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

     To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

     The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [    ] full denial.

     Enclosed please find:

     21   page(s) are being released in full (RIF);
     7   page(s) are being released in part (RIP);
     92   page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

     The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

|  Section 552  |  |  | Section 552a |
|---|---|---|---|
| [    ] (b)(1) | [    ] (b)(4) | [    ] (b)(7)(B) | [ X ] (j)(2) |
| [    ] (b)(2) | [ X ] (b)(5) | [ X ] (b)(7)(C) | [    ] (k)(2) |
| [    ] (b)(3) | [    ] (b)(6) | [    ] (b)(7)(D) | [    ] (k)(5) |
| | [    ] (b)(7)(A) | [    ] (b)(7)(E) | [    ] |
| | | [    ] (b)(7)(F) | |

     [    ] In addition, this office is withholding grand jury material which is retained in the District.

[   ]   A review of the material revealed:

[ X ] _____ page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:  Drug Enforcement Administration (12 pgs) and Bureau of Alcohol, Tobacco and Firearms (174 pgs)

[   ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request.  These records will be provided to you subject to copying fees.

[   ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought.  Each file was given a separate Request Number (listed below), for which you will receive a separate response:

_____

[   ]   See additional information attached.

This is the final action on this above-numbered request.  You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.  20530-0001.**  Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. § 16.9.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

To: Director  **FOIA REQUEST**  Date: September 19, 2006

Executive Office for United States Attorneys

Department of Justice

600 E Street, NW

Washington, D.C. 20530

RECEIVED

2006 OCT -6 PM 2: 33

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Dear Sir:

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name or the subject matter briefly described below:

All records in the district of Maryland

I will pay reasonable search and reproduction fees.

My Biographical data is as follows:

FULL NAME:  RAUL CASTILLO RAMOS

DATE OF BIRTH  ███████████████

PLACE OF BIRTH Dominican Republic

SOCIAL SECURITY NUMBER  ███████████

I declare (or certify, verify, or state) under the penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of September , 2006.

By X _Raul Castillo Ramos_
Affiant/Declarant Herein

(28 USC Section 1746)

Name:  RAUL RAMOS

Reg. No.  38200-037

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

cc : file

*FOIA*
*(A)*
*ATF*

*07-1092*

*t/5/07*

# FOIA APPEAL

*DIRECTOR*

To: Office OF Information + Privacy    DATE  3/19/07

Dept. Of Justice    FOIA To:  ATF

FLAG Building, Suite 570    Request No.  07-375 AG-

Washington, D.C. 20530    Date of Request  1/5/07

This is an appeal under the Freedom of Information Act.

Please review the action or inaction of the following agency:  AFT

in conjunction to my request for records. (check appropriate box(es) below:

_____ The agency has not responded and the time limits within which to do so has expired.

_____ The agency has claimed that no records could be found and I want to appeal that "no records response.

The agency has blanket denied release of records.

__✓__ The agency has released certain records and withheld some by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.

_____ The agency has stated records were destroyed but has not stated where, how, when and for what reason they were destroyed and under what provision of the law.

_____ I believe the agency action or inaction otherwise unjust for the following reason: _____

_____

_____

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.

The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The appellant asks that the agency itemize and index the withheld material and including detailed affidavits & explanations to support any justifications for refusal to disclose.

Sincerely,

OFFICE OF INFORMATION
AND PRIVACY

APR 0 5 2007

RECEIVED

x RAUL RAMOS APP 38200 -037
(signature)

Rob Castillo
(name)                    (number)

USP Big Sandy; 1197 Airport Road
Box 2068; Inez, KY 41224

cc: file

**(Failure to timely respond to this administrative appeal will result in complaint for judicial review)**

**EXHIBIT K**

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                     _Washington, D.C. 20530_

APR - 9 2007                    ✓

Mr. Raul Ramos
Register No. 38200-037                     Re:    Appeal No. 07-0840
United States Penitentiary                            Request Nos. 07-35 and 07-375
Post Office Box 2068                                    JTR:SRO
Inez, KY 41224

Dear Mr. Ramos:

       This responds to your letter of January 5, 2007, in which you attempted to appeal from
the failure of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to further respond
to your request for access to records pertaining to yourself until you agreed to pay up to $25 in
fees.

       A member of my staff has looked into this and found that ATF responded to your request
by letter of January 29, 2007 under Request No. 07-375 (copy enclosed).  As a result of this
response, your appeal from ATF's failure to respond to your request is now moot.  Accordingly, I
am closing your appeal file in this Office.

                                              Sincerely,

                                              _Janice Galli McLeod_
                                              Janice Galli McLeod
                                              Associate Director

Enclosure

**EXHIBIT L**

ATF

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

APR 1 2 2007

5
20
b7C

REFER TO: 07-775 **AG**

Mr. Raul C. Ramos
Register #38200-037
USP - Post Office Box 2068
Inez, Kentucky  41224

Dear Mr. Ramos:

This is in response to your Freedom of Information Act (FOIA) request, to the Executive Office of United States Attorneys (EOUSA), dated September 19, 2006.    While processing your FOIA request, 174 (one hundred seventy four) pages were referred to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), for disclosure determination and direct response to you, as they originated with ATF.

We have reviewed the referred 174 pages; of these referred pages, 29 are being released in part; necessary deletions were made, for the reasons indicated on the enclosed "Document Cover Sheet", 6 (six) pages have been withheld (b)(5) "draft", the remaining pages are duplicates of already processed pages to your direct FOIA to ATF.

Insofar as your request is denied in part by deletions, you have the right to file an Administrative Appeal (for this referral) by following the procedures outlined in Part III of the enclosed Document Cover Sheet.  State that your appeal concerns ATF records, and use the "REFER TO" number that appears at the upper right of this letter.  Should you have any questions do not hesitate to call at (202) 927-8480.

Sincerely yours,

(Signed) Averill P. Graham

Averill P. Graham
Chief, Disclosure Division

Enclosure

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|------|-----------|----------|----------|----------|----------|----------|----------|
| Surname |  |  |  |  |  |  |  |
| Date |  |  |  |  |  |  |  |

EXHIBIT M

APR 1 2 2007

# DOCUMENT COVER SHEET: EXEMPTIONS LIST AND APPEAL RIGHTS

**Part I – Document cover sheet**

| 1. Requesters' name<br><br>*Raul C. Ramos* | 2. File no.<br><br>*07- 775* | 3. Requested documents were referred by the following agency:<br>*U.S. DOJ / EOUSA* |
|---|---|---|
| 4. Documents are being released:<br><br>[ ] at cost   [✓] without cost | 5. Package ends with documents no.:<br><br>*-29-* | 6. Total no. of documents denied:<br><br>*MARKED AT PAGE* |

7. Exemptions cited for information withheld on pages released: (See Part II of explanations of exemptions)

[ ] (b) (1)   [ ] (b) (2)   [ ] (b) (3) _____   [ ] (b) (4)   [✓] (b) (5)   [ ] (b) (6)

[ ] (b) (7) (A)   [ ] (b) (7) (B)   [✓] (b) (7) (C)   [ ] (b) (7) (D)   [ ] (b) (7) (E)   [ ] (b) (7) ( F)

8. Documents completely withheld:

Document no. -----Exemption          Document no. -----Exemption          Document no. -----Exemption

_____  _____                      _____  _____                      _____  _____

_____  _____                      _____  _____                      _____  _____

_____  _____                      _____  _____                      _____  _____

_____  _____                      _____  _____                      _____  _____

_____  _____                      _____  _____                      _____  _____

9. The records identified above have been determined to be most directly responsive to your request. Other records, described below are available upon payment of ten (10) cents per page (or at no cost if a fee waiver is granted). These records generally consist of similar or repetitive information that restates information contained in the package being released. A sample of index of these records is included in this released. The following records are available upon written request:

No. of pages

(a) Exhibits to Report (See index on page_____ )          _____
(b) Surveillance Reports (See sample page_____)          _____
(c) Interagency Telegrams and Messages (See sample page_____ )          _____
(d) Property Disposition records (See sample page_____ )          _____
(e) Newspaper or magazine article (See sample page_____ )          _____
(f) Miscellaneous (See sample page)

Note:  To obtain copies of these records, identify which records you want count the pages and multiply by ten (10) cents. Send a check or money order payable to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and mail to Chief, Disclosure Division, ATF; 650 Mass. Ave., Rm 8400, Washington, DC 20226. Request promptly for best service, as files are returned to field offices fifteen (15) days after this notice is mailed to you.

(Parts II and III on reverse side)



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                     _Washington, D.C. 20530_

APR 1 7 2007

Mr. Raul Ramos
Register No. 38200-037
United States Penitentiary
P.O. Box 2068
Inez, KY 41224

     Re:  Request No. 07-375

Dear Mr. Ramos:

     This is to advise you that your administrative appeal from the action of the Bureau of
Alcohol, Tobacco, Firearms, and Explosives was received by this Office on April 5, 2007.

     The Office of Information and Privacy, which has the responsibility of adjudicating such
appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to
afford each appellant equal and impartial treatment, we have adopted a general practice of
assigning appeals in the approximate order of receipt.  Your appeal has been assigned number
**07-1092**.  Please mention this number in any future correspondence to this Office regarding this
matter.

     We will notify you of the decision on your appeal as soon as we can.  We regret the
necessity of this delay and appreciate your continued patience.

                  Sincerely,

                  Priscilla Jones
                  Supervisory Administrative Specialist

ATF

**EXHIBIT N**

U. S. Department of Justice

Drug Enforcement Administration

Freedom of Information Section
Washington, D.C. 20537

APR 1 7 2007

*pc*

*www.dea.gov*

04-2⸳⸳
07-865

**Request No.:**     **07-0559-P**

**Subject of Request:**     *RAMOS, RAUL CASTILLO*
*(BATFE FOI/PA #07-375 AG)*

Averill P. Graham
Chief, Disclosure Division
Bureau of Alcohol, Tobacco, Firearms
  and Explosives
Department of Justice
Washington, D.C. 20226

Dear Averill Graham:

In processing the above referenced request, which was forwarded from your office to the Drug Enforcement Administration (DEA) for review and a disclosure determination, we noted that the information originated within your agency; thus, under BATFE's jurisdiction.

Specifically, although the information appears on DEA forms, the actual content of the information was derived through BATFE efforts. Accordingly, we have reviewed, and processed those documents excising all DEA related material. Those documents are now being returned to you for a disclosure determination and direct response to the requester.

If you have any questions or concerns regarding this consultation, please do not hesitate to contact FOI Specialist Angela D. Hilliard directly at 202.307.7626.

Sincerely,

*Katherine Myrick*

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosures

**EXHIBIT O**

**U. S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

4 DAys
10 PAGEs

April 30, 2007

REFER TO:  PJC/07-865

Raul C. Ramos
Reg. No. 38200-037
USP-P.O. Box 2068
Inez, KY  41224

Dear Mr. Ramos:

This is in further response to your Freedom of Information Act (FOIA) request to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

Your request is granted in part.  The enclosed documents are being released after a consultation with the Drug Enforcement Administration (DEA).  These documents contain both DEA and ATF information, and both agencies were involved in determining the information to be withheld under the FOIA.

Insofar as your request has been partially denied, and deletions have been made, you have the right to request an administrative appeal by following the instructions outlined on Part III of the attached form.

Sincerely,

(Signed) Peter J. Chisholm

Peter J. Chisholm
Senior Disclosure Specialist

Enclosure

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| Surname | | | | | | | |
| Date | | | | | | | |

EXHIBIT  P

## DOCUMENT COVER SHEET: EXEMPTIONS LIST AND APPEAL RIGHTS

**Part I – Document cover sheet**

| 1. Requesters' name<br><br>RAUL RAMOS | 2. File no.<br><br>07-865 | 3. Requested documents were referred by the following agency: |
|---|---|---|
| 4. Documents are being released:<br><br>[ ] at cost  [x] without cost | 5. Package ends with documents no.:<br><br>10 | 6. Total no. of documents denied:<br><br>- 0 - |

7. Exemptions cited for information withheld on pages released: (See Part II of explanations of exemptions)

[ ] (b) (1)      [ ] (b) (2)      [ ] (b) (3) _____      [ ] (b) (4)      [ ] (b) (5)      [ ] (b) (6)

[ ] (b) (7) (A)      [ ] (b) (7) (B)      [x] (b) (7) (C)      [ ] (b) (7) (D)      [ ] (b) (7) (E)      [ ] (b) (7) ( F)

**8.  Documents completely withheld:**

Document no. -----Exemption          Document no. -----Exemption          Document no. -----Exemption

_____  _____          _____  _____          _____  _____

_____  _____          _____  _____          _____  _____

_____  _____          _____  _____          _____  _____

_____  _____          _____  _____          _____  _____

_____  _____          _____  _____          _____  _____

9.   The records identified above have been determined to be most directly responsive to your request.  Other records, described below are available upon payment of ten (10) cents per page (or at no cost if a fee waiver is granted).  These records generally consist of similar or repetitive information that restates information contained in the package being released.  A sample of index of these records is included in this released.  The following records are available upon written request:

No. of pages

(a)  Exhibits to Report (See index on page_____ )          _____
(b)  Surveillance Reports (See sample page_____ )          _____
(c)  Interagency Telegrams and Messages (See sample page_____ )          _____
(d)  Property Disposition records (See sample page_____ )          _____
(e)  Newspaper or magazine article (See sample page_____ )          _____
(f)  Miscellaneous (See sample page)          _____

Note:  To obtain copies of these records, identify which records you want count the pages and multiply by ten (10) cents. Send a check or money order payable to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and mail to Chief, Disclosure Division, ATF; 650 Mass. Ave., Rm 8400, Washington, DC 20226. Request promptly for best service, as files are returned to field offices fifteen (15) days after this notice is mailed to you.

*(Parts II and III on reverse side)*

**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_


**JUN 2 5 2007**


Mr. Raul Ramos
Register No. 38200-037
United States Penitentiary                 Re:    Appeal No. 07-1092
Post Office Box 2068                               Request No. 07-375
Inez, KY  41224                                    KAH:SRO

Dear Mr. Ramos:

        You appealed from the action of the Bureau of Alcohol, Tobacco, Firearms, and
Explosives (ATF) on your request for access to records pertaining to yourself.

        After carefully considering your appeal, and as a result of discussions between ATF
personnel and a member of my staff, I am releasing to you additional portions of five pages,
copies of which are enclosed.  I am otherwise affirming, on partly modified grounds, ATF's
action on your request.

        The records responsive to your request are exempt from the access provision of the
Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.106 (2006).  Because
these records are not available to you under the Privacy Act, your request has been reviewed
under the Freedom of Information Act in order to afford you the greatest possible access to them.

        ATF properly withheld certain information that is protected from disclosure under the
FOIA pursuant to:

        5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal
        agency practices;

        5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law
        enforcement purposes the release of which could reasonably be expected to
        constitute an unwarranted invasion of the personal privacy of third parties; and

        5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law
        enforcement purposes the release of which could reasonably be expected to
        disclose the identities of confidential sources and information furnished by such
        sources.

**EXHIBIT  Q**

-2-

In addition, ATF referred ten pages of responsive records to the Drug Enforcement Administration (DEA) for processing and direct response to you. This referral was proper and in accordance with Department of Justice regulations. See 28 C.F.R. § 16.4(c). If you have any questions concerning the status of this referral, please contact DEA directly.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

Enclosures

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAUL CASTILLO RAMOS,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil No. 07-0895   (JDB)<br>)<br>)<br>)<br>)<br>) |

## <u>DECLARATION OF JONATHAN A. MARDO</u>

I, Jonathan A. Mardo, declare the following to be true and correct:

1.      At the time in question, I was an Operations Officer/Border Patrol Agent assigned to the Enforcement, Information and Technology Division of the U.S. Border Patrol, U.S. Customs and Border Protection, U.S. Department of Homeland Security, in Washington D.C. I held this position and title from May 2006 to June 2007.

2.      As an Operations Officer, I was responsible for oversight of the Statistics and Data Integrity Team which included searching the Enforcement Case Tracking System (ENFORCE) for information in the possession of the U.S. Border Patrol (OBP) that has been requested by individuals submitting requests for information under the Privacy Act, 5 U.S.C. 552a, and/or Freedom of Information Act, 5 U.S.C. 552. The following is based on my review of the official files and record systems of this office, my personal knowledge of the internal procedures followed by my office and the U.S. Border Patrol, and information provided to me or acquired by me in the course of my official duties.

3.     CBP is the nation's unified border agency within the Department of Homeland Security (DHS). As part of the government reorganization that created DHS on March 1,2003, CBP was created by consolidating all governmental inspection and patrol personnel and functions with responsibilities for securing our nation's borders. CBP is comprised of personnel formerly with the U.S. Customs Service, the U.S. Immigration and Naturalization Service (INS), and the U.S. Department of Agriculture's Animal and Plant Health Inspection Service. As a result of the reorganization, the U.S. Border Patrol, formerly part of the INS, is now part of U.S. Customs and Border Protection.

4.     I understand that Raul Castillo Ramos filed the above-referenced complaint alleging that the Immigration and Naturalization Service (INS) failed to respond to his FOIA request, dated September 19, 2006, for "all information in any way connected to his name." Plaintiff alleges that the INS advised him, by letter dated October 24, 2006, that his request was forwarded to the "National Records Center" for consideration, but that "[n]either the INS nor the National Records Center have ever responded." These allegations have been denied. See Defendants' Answer In Part To The Complaint, Count V.

5.     During the normal course of business in the Enforcement, Information and Technology Division of the U.S. Border Patrol, a FOIA request would come to my attention after it had been vetted through the unit supervisor at OBP Headquarters. Once I received the request, I would search the database of record, the Enforcement Case Tracking System (ENFORCE). ENFORCE is an integrated information system that supports all initial INS enforcement processing and case management, and

therefore holds a record of all initial law enforcement actions relating to Immigration, between the public and both Border Patrol Agents and CBP Officers.

6.     According to my documentation of this case, on or about September 29, 2006, I did a search of ENFORCE to determine if the U.S. Border Patrol possessed any records relating to the Plaintiff's name. In this case, the Plaintiff's name, date of birth and place of birth were included in the request. I searched ENFORCE with the information provided.

7.     According to my documentation of this case, I conducted a search which yielded negative results. No record existed in ENFORCE that matched the information that was provided by the requestor. I documented this fact for the office file. A copy of the documentation I created after conducting the search, along with the document I received representing the Plaintiff's FOIA request, is attached as Exhibit A.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that the exhibit attached hereto are true and correct copies.

Executed this the14th day of February 2008.

JONATHAN A. MARDO
ASSISTANT CHIEF PATROL AGENT
U.S. Border Patrol
U.S. Customs & Border Protection
Washington, D.C.

# FOIA REQUEST

**To:**  Director                                     **Date:** September 19, 2006

United States Customs & Border Patrol

Department of Homeland Security

Washington, D. C. 20536

_____

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name or the subject matter briefly described below:

   All Records

_____

_____

_____

    I will pay reasonable search and reproduction fees.

        My Biographical data is as follows:

FULL NAME:  RAUL CASTILLO RAMOS

DATE OF BIRTH  September 27, 1978

PLACE OF BIRTH  Dominican Republic

SOCIAL SECURITY NUMBER  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

    I declare (or certify, verify, or state) under the penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of September         , 2006.

By X _Raul Castillo Ramos_____
               Affiant/Declarant Herein

(28 USC Section 1746)

Name:  RAUL RAMOS

Reg. No.   38200-037

United States Penitentiary
Box 2068
INEZ, Kentucky  41224

cc : file

Freedom of Information/Privacy Act Request _____
Alien #: _____    Subject Name: <u>Raul Castillo Ramos DOB 27 Sep 78</u>

**To:**    **FOIA/PA Officer**

**From:** BORDER PATROL

**Date:** 9-29-06

☑ ——— No responsive documents were located relevant to this request.

☐ Attached are all responsive documents/information located in response to this request.

☐ Attached is additional information to be used to reply to the requester.

☐ Attached is our justification for withholding any responsive material.

☐ Hours of clerical search time expended to search for records.

☑ *1.0* Hours of nonclerical search time were expended to search for responsive material.

☐ The following records system number/title was search:

| System | Results | |
|--------|---------|---|
|        | Positive | Negative |
| *ENFORCE* | | ✓ |

I certify that I am responsible for the search of records conducted in my office encompassed by this request and the attached records were the only such documents located in response to this request.

Signature _____    Date 9-29-06

Printed/Typed Name    JONATHAN ULLADO

Title    Border Patrol Agent

Telephone# 202.344.2050

Attachment(s)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAUL CASTILLO RAMOS, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:07 CV 00895 |
| | ) |
| vs. | ) JUDGE: |
| | ) |
| FEDERAL BUREAU OF PRISONS, ET AL., | ) |
| | ) |
| Defendants. | ) |

DECLARATION

I, Scott Welch, upon my personal knowledge, and in accordance with the provisions of 28 U.S.C. § 1746, declare as follows:

1. My name is Scott Welch and I currently work as a Management and Program Analyst in the Executive Communication Unit, in the Office of Field Operations at U.S. Customs and Border Protection (CBP).   From April 25, 2007 until September 30, 2007 I was the Team Leader for the Freedom of Information Act/Privacy Act Branch, Office of Field Operations, U.S. Customs and Border Protection.  CBP is an agency within the Department of Homeland Security ("DHS").  During this period, I was the official responsible for the overall management of the processing of Privacy Act and/or Freedom of Information Act requests for information in CBP record systems, including CBP's database of information on the inspection of individuals at the border recorded in the Treasury Enforcement Communications System ("TECS").  I have been with CBP (and the former U.S. Customs Service) in Washington, D.C. since April 1, 2007.  Before coming to CBP, I worked at U.S. Citizenship and Immigration Services (USCIS) within DHS, where I worked as a Management and Program Analyst in the Office of Fraud

Detection and National Security (FDNS).  At USCIS, I managed the FDNS-Data System and worked in this capacity for six (6) months.  Prior to USCIS, I worked for U.S. Immigration and Customs Enforcement (ICE), another agency within DHS, as a Management Information Specialist and Acting Chief of the Treasury Enforcement Communications System (TECS)-Law Enforcement Section under the Office of Investigation, Information Disclosure Unit.  In this position, I handled travelers' redress matters and managed the records in TECS. I worked for ICE in this capacity for two and a half years.

2. I am familiar with the procedures followed by CBP in responding to requests for information from its files pursuant to the provisions of 5 U.S.C. § 552 (the FOIA), and 5 U.S.C. § 552a (the Privacy Act).  The statements contained in this Declaration are made on the basis of my review of the official files and record systems of this office, my personal knowledge of the internal operations of this office and CBP, and information acquired by me in the course of the performance of my official duties.

3. I understand that Raul Castillo Ramos (Plaintiff) filed the above-referenced complaint alleging that CBP failed to respond to his FOIA request, dated September 19, 2006.1  Plaintiff has indicated in his complaint that he had requested "all records in any way connected to his name from the UNITED STATES CUSTOMS SERVICE," the agency predecessor to CBP.  CBP, as the agency successor to the U.S. Customs Service has denied this allegation.  See Defendants' Answer In Part To The Complaint, Count III.

---

1 A copy of the FOIA request was not attached to the complaint received by CBP.

4.  During the period that I served as Team Leader for the Freedom of Information Act/Privacy Act Branch, Office of Field Operations, when a FOIA request was received by CBP, my staff would log the request into the Office of Field Operations case tracking system, along with relevant information, including the identity of the requester.  The case tracking system maintained by my office at that time was the sole automated means by which CBP could locate FOIA requests sent to CBP by members of the public or other government agencies.

5.  Further, when a request is received, CBP attempts to process it within twenty (20) days (excepting Saturdays, Sundays, and legal public holidays).  In the event that this is not possible, CBP sends an acknowledgment letter to the requester, which indicates that the request was received.  It also specifies the date that a determination is expected to be dispatched, and the reason additional time is needed.  This process was followed during this period as well.

6.  After receiving notice of this lawsuit on or about June 11, 2007, I reviewed the Office of Field Operations case tracking system in order to locate a FOIA request filed by Plaintiff.  There was no record in this system concerning any FOIA request, either made directly to CBP or referred to CBP by another agency: 1) that sought all records concerning Raul Castillo-Ramos, Raul Castillo, and/or Raul Ramos; 2) an individual by the name of Castillo-Ramos that was 28 years old (not knowing the actual age of Mr. Castillo-Ramos, and knowing Plaintiff was in custody, using the age of a Castillo Ramos listed on the Bureau of Prisons public website); or 3) an individual of any of the above names, using the perimeters of that age [September 6, 1978 to September 6, 1979].

7.  Attempts at researching the receipt of a FOIA request from the Plaintiff were again conducted by my office on September 6, 2007, using the same or similar methods as described above, and again, they produced negative results.

CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is

true and correct.

Executed this __28__ day of February, 2008.

Scott Welch
Management and Program Analyst
Executive Communication Unit
Office of Field Operations
U.S. Customs and Border Protection
Washington, D.C.